# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ARTHUR USHERSON,** | |
| **Plaintiff,** | |
| **v.** | **Docket No. 1:19-cv-6368 (JMF)** |
| **BANDSHELL ARTIST MANAGEMENT** | |
| **Defendant.** | |

## DECLARATION OF BRAD R. NEWBERG IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS

I, Brad R. Newberg, declare:

1. I am an attorney licensed to practice in the United States District Court for the Southern District of New York.

2. I am a partner in the Intellectual Property department of McGuireWoods LLP, which represents Defendant Bandshell Artist Management ("Defendant" or "Bandshell"). I head the McGuireWoods copyright and trademark litigation practice and have 20 years of experience in those fields. I am handling this case pro bono.

3. I make this declaration in support of Defendant's Motion for Sanctions.

4. Bandshell was served on September 5, 2019.

5. The proof of service was filed by Plaintiff on September 21, 2019.

6. On September 19, 2019, I emailed Mr. Liebowitz given that the Court Ordered that the Plaintiff provide Defendant with copies of records sufficient to show royalties paid the last three times the photograph at issue was licensed and the number of times the work had been licensed in the past three years.

7. Having received no response, I followed up with Mr. Liebowitz on September 20. He responded to inform me that he had not found any prior licensing for this photograph. A true and correct copy of this email exchange is attached as Exhibit 1.

8. Plaintiff did not contact Defendant regarding the case management plan or mediation required by the Court until I sent an email on October 3, 2019 to remind him of the case management plan due that day. A true and correct copy of this email chain is attached as Exhibit 2.

9. As shown in Exhibit 2, Mr. Liebowitz did not respond at all to the case management plan request at first, but noted the mediation requirement and asked if we could schedule the mediation to occur two business days later.

10. As shown in Exhibit 2, I stated that I could get to New York that day for the in-person mediation, and wanted to make sure that Mr. Usherson could make it there (from Georgia) at that time. I also noted that the Court ordered that the mediator be someone with expertise in copyright law and the mediation office might not be able to accomplish all of this in a day or two.

11. As shown in Exhibit 2, Mr. Liebowitz stated that he was "going to reach out to a mediator I know to see if he is available early next week."

12. At this point, I started becoming uncomfortable. As shown in Exhibit 2, I responded that despite his desire "to have this done by Monday, I do want to make sure we handle this in the ways required by the Court and the Court's mediation rules." I again noted the need for a mediator with copyright expertise, the need to handle the mediation through the Court's mediation program, and the need for the parties' attendance.

13. As shown in Exhibit 2, Mr. Liebowitz responded that the mediator he suggested, ████████ "is a copyright lawyer who is part of the mediation program." Mr. Liebowitz also suggested that the mediation be done over the phone with just the lawyers.

14. As shown in Exhibit 2, I responded: "I'm very uncomfortable with some of your suggestions regarding the mediation." I raised concerns that an Internet search showed the person he suggested to mediate was a bankruptcy lawyer, not a copyright lawyer. I also stated: "the Court's rules are clear that all parties must attend mediations without exception, and even suggests that the mediation is pointless without the parties. Our clients cannot simply give us authority."

15. As shown in Exhibit 2, in an effort to move forward, I noted that if ████████ was indeed a copyright lawyer and part of the mediation program and if the mediation program's mediator believed that a telephonic mediation "would comply with the Court's mediation rules," then my client and I could be available for such a mediation. I made clear: "I am not willing to have a mediation, however, without the full participation of the parties."

16. After hearing from ████████ that he had some experience mediating copyright cases, as shown in Exhibit 2, I reiterated that a phone mediation could only be done if in compliance with the rules, and the attorneys and clients fully participated. I again stated: "I do not believe there is any reading of the rules that would say our clients do not have to participate." I finished my email by again reminding Mr. Liebowitz of the case management plan that was due.

3

17. Mr. Liebowitz then (on October 4) contacted the Mediation Office to request that a telephonic mediation be added to the docket. A true and correct copy of this email chain is attached within Exhibits 3 & 4.

18. As shown in Exhibits 3 & 4, the Mediation Office immediately responded by rejecting his request, stating: "The outreach to ▇▇▇▇▇▇ directly, and the request to convene telephonically, are not in accordance with the procedures that govern this program." The Mediation Office stated that it was reaching out to chambers, that the telephonic mediation *should not* go forward, and that any future mediation should be done "through our normal process."

19. As shown in Exhibit 3, the Mediation Office told the parties that the original Order regarding mediation stood and if it could not be complied with, a party could "seek appropriate relief directly from the Judge."

20. In an effort to seek relief from this Court, Mr. Liebowitz drafted a letter, and sent it to me, saying that he was going to file it that same day (October 4). A true and correct copy of the relevant portion of this email chain and his *draft* letter is attached as Exhibit 5.

21. I was upset to see that the letter he drafted was factually false in many respects and I made him aware of it. For instance, as shown in Exhibit 5, the draft stated that "Defendant has just recently engaged counsel of September 25, 2019." That was false. The draft stated that the "parties have been trying to find a mediator." That was false. The draft stated that he wanted to do the mediation "via telephone to avoid the cost of Defendant's counsel to come up from Virginia." That was false as I never made such a request and, in fact, stated that the mediation should be done in person.

4

22. As Exhibit 5 shows, I made Mr. Liebowitz aware of my displeasure and told him of the misstatements of fact that needed to be changed. He responded that he would "fix and file," which he did.

23. On October 7, the Court issued an Order, stating it was "to put it mildly, somewhat perturbed" by Plaintiff's request. The Court criticized Mr. Liebowitz for not following the Court's prior Order. The Court adjourned the initial pretrial conference to November 14 and Ordered that the parties conduct an **in-person** mediation by October 31.

24. As shown in Exhibit 4, the Mediation Office wrote the parties that same day, noting the Court's Order and stating that the parties must conduct "an in person session in accordance with the Judge's direction."

25. This Court gave the parties significant time to make sure they could conduct an in-person mediation with the parties and lead lawyers present, and conducted through the Mediation Office in accordance with the mediation procedures of this Court adopted by the Local Rules.

26. Both the Court and the Mediation Office stated in no uncertain terms that the mediation needed to be in person.

27. Furthermore, the Court's Local Rules adopt the Mediation Procedures of the Southern District of New York, which not only discuss the importance of in person mediations, but state that **the actual parties and their lead attorneys** must be present at the in person mediation.

28. I provided Mr. Liebowitz with several dates on which I and my client could be available in person in New York for mediation and asked him to pick a date where both he and

his client would also be available. A true and correct copy of this email chain is attached as Exhibit 6.

29. As shown in Exhibit 6, Mr. Liebowitz did not raise any issues of availability, and responded within five minutes, picking the last possible date, October 31.

30. The parties scheduled the mediation for October 31 at noon at the Mediation Offices at 40 Foley Square. ▮▮▮▮▮▮ informed the parties that they should send him the required mediation statements by October 29.

31. I received an email from ▮▮▮▮▮ on October 23, 2019 seeking a call on October 24, 2019 ▮▮▮▮▮▮▮▮▮▮▮▮▮. A true and correct copy of this email chain is attached as Exhibit 7.

32. I had a call with ▮▮▮▮▮ on October 24, and it was agreed that ▮▮▮▮▮▮ ▮▮▮▮▮▮ in-person mediation would move forward.

33. Defendant then sent its detailed Confidential Mediation Statement to the mediator.

34. On October 30, 2019, I received an email from ▮▮▮▮ with a potential offer from Plaintiff. The offer was unacceptable to my client.

35. However, in a good-faith effort to reach a resolution in the case, I drafted a full proposed agreement, and sent it to ▮▮▮▮ stating that Plaintiff could accept and sign the agreement or "we will see Mr. Liebowitz and Mr. Usherson tomorrow and we can continue discussing the possibility of settlement at the mediation. . . . " I believe this email was forwarded to Mr. Liebowitz as ▮▮▮▮ had sent on other emails and Mr. Liebowitz eventually responded to the draft proposal.

36. Later that evening on October 30, ▮▮▮▮ sent me an email stating he had talked to Mr. Liebowitz, who relayed that he "has been tied up. He will review [the draft I

sent] tonight and get back to us in the morning. Hopefully we can settle this before need to go to **in person** mediation" (emphasis added). I reiterated that I would be headed to the train station well before 6:00 AM the next day and noted my assumption that "Mr. Usherson either flew to NY tonight or is likewise on a very early plane." responded "I understand." A true and correct copy of this email chain is attached as Exhibit 8, redacted to eliminate settlement discussions.

37. On October 31 at *4:14 am,* I received an email from Mr. Liebowitz stating "Attached please find revisions to the agreement which can be discussed at mediation." A true and correct copy of this email (without attachment) is attached as Exhibit 9.

38. At this point, neither I nor my client had received any word that Mr. Liebowitz or his client would not attend the in-person mediation—or that their lack of attendance was even contemplated. I had made numerous references at this point to Mr. Liebowitz and to the mediator about the parties and Mr. Liebowitz and I meeting in person in New York.

39. As shown in Exhibit 9, Mr. Liebowitz's 4:14 am email courtesy copied a "James H. Freeman" but did not mention anything about Mr. Freeman attending the mediation, and I did not think twice about it.

40. Mr. Freeman had not made an appearance in this case and, to the best of my knowledge, Mr. Freeman had not been on any prior emails or calls in this case.

41. The revisions to the draft settlement agreement were unacceptable, and odd in that at least one did not seem to have any application to this matter.

42. Mr. Liebowitz never communicated that he would not or might not be at the mediation.

7

43. Mr. Liebowitz never communicated that his client would not or might not be at the mediation.

44. I woke up at 5:00 am on the morning of October 31 (at which point I saw Mr. Liebowitz's 4:14 am email), and then I headed to the train station.

45. I made sure to attend this mediation in person. I did not let the fact that I was, for instance, missing one daughter's playoff volleyball match, or had to arrange alternative Halloween plans for another, affect my ability to be at the mediation.

46. On October 31, I arrived in New York, met with my client to prepare for the mediation, and entered the mediation room with my client at 11:45 am for the noon mediation.

47. At this point, I was told for the first time by ████████ that he had gotten word that Mr. Liebowitz would not be attending the mediation, and that Mr. Liebowitz's associate would be attending instead, and he did not know whether, but doubted Mr. Usherson would be attending.

48. Mr. Freeman, an associate of Mr. Liebowitz, arrived with Mr. Liebowitz's sister to let us know that Mr. Usherson would not be attending either.

49. Mr. Freeman seemed to have little to no knowledge of the details of this case and has not made an appearance in the case. I do not know if Mr. Liebowitz's sister is an attorney or what her role is in this case, if any.

50. Mr. Freeman seemed surprised that I was upset that Mr. Usherson and Mr. Liebowitz were not attending the mediation.

51. Given that neither Mr. Usherson nor Mr. Liebowitz were there, the mediation could not move forward.

8

52. 

53.

54.

55.

56. My client and I left the mediation room, and I traveled home to Virginia by train.

57. While on the train, I attempted to look up Mr. Liebowitz's website.

58. One of the first search results was the Twitter page for Liebowitz Law Firm, PLLC. I was shocked to discover a post from Mr. Liebowitz that morning, thanking those who attended an event he hosted in Los Angeles the prior night. A true and correct copy of a screenshot of the posting from the Liebowitz Law Firm, PLLC's Twitter feed is attached as Exhibit 10.

59. Based on the posting, it seems highly unlikely that the Los Angeles event was an impromptu event, but rather something that had been planned even before Mr. Liebowitz scheduled the October 31 in-person mediation for him and his client.

60. On November 1, 2019, I sent Mr. Liebowitz an email requesting reimbursement of Defendant's costs and ten hours of my legal fees, as well as dismissal of this case due to his violation of Court Orders. A true and correct copy of this email chain is attached as Exhibit 11.

9

61. As shown in Exhibit 11, I offered to have a meet and confer on this motion via telephone although it did not appear required by this Court's rules. We had such a call on November 4, 2019. The call did not result in resolution of this motion.

62. I spent more than ten hours on the Mediation Statement, preparation for mediation, travel to New York, and attendance at the planned in-person mediation. My associate, Michael Shafer, worked on the Mediation Statement as well. However, I limited my request to ten hours of my time and none of Mr. Shafer's.

63. Although this case is being handled pro bono, my standard 2018 rate as charged by McGuireWoods LLP is $855 per hour. This rate is consistent with the rates McGuireWoods charges for attorneys of my experience.

64. The receipts for Defendant's costs for the New York trip came to $428.75. True and correct copies of these receipts are attached as Exhibit 12.

65. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: November 6, 2019

Brad R. Newberg (#BN1203)

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Declaration of Brad R. Newberg with the Clerk of the Court using the CM/ECF system on this 6th day of November, 2019, which constitutes service on Plaintiff, a registered user of the CM/ECF system pursuant to Fed. R. Civ. P. 5(b)(2)(E).

Dated: November 6, 2019

<div style="margin-left:40%">

*/s/ Brad R. Newberg*
Brad R. Newberg (#BN1203)
McGuireWoods LLP
1750 Tysons Blvd.
Tysons Corner, VA 22102
T: 703-712-5061
F: 703-712-5050
bnewberg@mcguirewoods.com

*Attorney for Defendant Bandshell Artist Management*

</div>

11

## Newberg, Brad R.

| | |
|---|---|
| **From:** | Richard Liebowitz <RL@liebowitzlawfirm.com> |
| **Sent:** | Friday, September 20, 2019 4:55 PM |
| **To:** | Newberg, Brad R. |
| **Subject:** | Re: Usherson v. Bandshell Artist Management 19-cv-6368-JMF |

Hi Brad,

Checking with process server. I am not sure if they were official severed. If not, can you do a waiver of service? My client is still looking but as of now doesn't look like any licensing for this photo. Are you around for a phone call on Monday at 3pm to see if we can get resolved? Thanks.

On Fri, Sep 20, 2019 at 4:49 PM Newberg, Brad R. <BNewberg@mcguirewoods.com> wrote:

Following up on this.  Thank you.


**Brad R. Newberg**
McGuireWoods LLP
T: +1 703 712 5061 | M: +1 703 772 6787


**From:** Newberg, Brad R.
**Sent:** Thursday, September 19, 2019 12:04 PM
**To:** 'RL@Liebowitzlawfirm.com' <RL@Liebowitzlawfirm.com>
**Subject:** Usherson v. Bandshell Artist Management 19-cv-6368-JMF


Richard,


I'm going to be representing Bandshell in this case.  I just left you a voicemail, but can you let me know when you might be available today or tomorrow to discuss the case?


Also, a couple of quick things:

1)  Can you let me know the exact date that Bandshell was served?  My client is not positive whether it was September 4, 5, or 6.

2)  I don't think these have been sent to my client yet, but can you please send to me the records sufficient to show the royalty paid the last three times the photograph at issue was licensed, and sufficient to show the number of times the work was licensed in the last five years?

1

Thank you.

**Brad R. Newberg**
Partner
McGuireWoods LLP
1750 Tysons Boulevard
Suite 1800
Tysons, VA 22102-4215
T:  +1 703 712 5061
M: +1 703 772 6787
F:  +1 703 712 5187
bnewberg@mcguirewoods.com
Bio | VCard | www.mcguirewoods.com

# McGuireWoods

*This e-mail from McGuireWoods may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.*

--
Best,

Richard Liebowitz, Esq.
Liebowitz Law Firm, PLLC
t.516-233-1660
RL@LiebowitzLawFirm.com
www.LiebowitzLawFirm.com

*******************************************************************
This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
*******************************************************************

## Newberg, Brad R.

| | |
|---|---|
| **From:** | Richard Liebowitz <RL@liebowitzlawfirm.com> |
| **Sent:** | Thursday, October 03, 2019 12:02 PM |
| **To:** | Newberg, Brad R. |
| **Cc:** | Shafer, Michael A. |
| **Subject:** | Re: Case Management Plan in Usherson v. Bandshell Artist Management |

Thank you. Will find out ████ availability on Tuesday morning. Will have any revisions to the plan and joint letter by 6pm today.

On Thu, Oct 3, 2019 at 11:55 AM Newberg, Brad R. <BNewberg@mcguirewoods.com> wrote:

Based on ████████ representation that he is familiar with copyright law (and as stated below, your statement that he will be doing this as part of the SDNY mediation program (so without compensation)), we can go ahead with him as the mediator. If he believes your suggestion of a telephone mediation is appropriate under the rules, and you and your client and he are available, my client and I can be available by phone Tuesday morning, October 8. As previously stated, I do not believe there is any reading of the rules that would say our clients do not have to participate.

Please do let me know as well regarding my inquiries related to the joint letter and case management plan. Thanks.

**Brad R. Newberg**
McGuireWoods LLP
T: +1 703 712 5061 | M: +1 703 772 6787

**From:** Newberg, Brad R.

**Sent:** Thursday, October 03, 2019 11:10 AM
**To:** 'Richard Liebowitz' <RL@liebowitzlawfirm.com>
**Cc:** Shafer, Michael A. <MShafer@mcguirewoods.com>
**Subject:** RE: Case Management Plan in Usherson v. Bandshell Artist Management

Richard,

I'm very uncomfortable with some of your suggestions regarding the mediation. I will take you at your word that the attorney you just recommended, ████████, is part of the SDNY mediation program—and therefore would also be conducting the mediation without compensation. However, a quick search on ████████ suggests that his career has been as a bankruptcy and antitrust litigator, not that he is a "copyright lawyer" as your email states, and the Court's Order is clear that it wants a mediator with copyright expertise. If there is information on ████████ of which I am not aware, please let me know.

1

Also, the Court's rules are clear that all parties must attend mediations without exception, and even suggests that the mediation is pointless without the parties. Our clients cannot simply give us authority. The rules also say that everyone must be there in person, although if a party has a particular hardship, they may apply to attend telephonically. I would be willing to consider an agreement to conduct the mediation over the phone, but it is unclear how that would work given the need for joint and solo sessions with the mediator.

My concern is simply making sure this is done correctly.

If ▮▮▮▮▮▮ is indeed a "copyright lawyer," (and part of the SDNY program doing this without compensation), and he believes that the mediation should occur over the phone and that doing such would comply with the Court's mediation rules, then we could be available by phone and I would suggest Tuesday morning (if by phone). I am not willing to have a mediation, however, without the full participation of the actual parties.

--

Meanwhile, we do need to get the joint letter and case management plan on file today. Please send me a draft that I can review/request changes to, and add Defendant's portions.

**Brad R. Newberg**
McGuireWoods LLP
T: +1 703 712 5061 | M: +1 703 772 6787

**From:** Richard Liebowitz <RL@liebowitzlawfirm.com>
**Sent:** Thursday, October 03, 2019 10:28 AM
**To:** Newberg, Brad R. <BNewberg@mcguirewoods.com>
**Cc:** Shafer, Michael A. <MShafer@mcguirewoods.com>
**Subject:** Re: Case Management Plan in Usherson v. Bandshell Artist Management

Hi Brad,

Yes, ▮▮▮▮ is a copyright lawyer who is part of the meditation program. We can do via phone if all the parties agree. I think because of the time sensitiveness we do over the phone. If you have authority from your client just the lawyers can be on the phone.

On Thu, Oct 3, 2019 at 10:22 AM Newberg, Brad R. <BNewberg@mcguirewoods.com> wrote:

Please do keep me posted. A few things though:

1)   Despite the desire to have this done Monday, I do want to make sure we handle this in the ways required by the Court and the Court's mediation rules.

2)   Obviously we will want any mediator to be part of the Court program as well as have the copyright expertise ordered by the Court. As we are handling this case pro bono, we are not willing to pay for an outside mediator.

3)   I still have to check with my client obviously as this is very late notice and I have no idea if he is available Monday afternoon.

4)   3:30 pm is the earliest I can do Monday due to another Court ordered settlement conference.

5)   As Tuesday-Wednesday is Yom Kippur, those days would be out.

Can you also let me know your availability on the case management conference/joint letter?

**Brad R. Newberg**
McGuireWoods LLP
T: +1 703 712 5061 | M: +1 703 772 6787

**From:** Richard Liebowitz <RL@liebowitzlawfirm.com>
**Sent:** Thursday, October 03, 2019 10:07 AM
**To:** Newberg, Brad R. <BNewberg@mcguirewoods.com>
**Cc:** Shafer, Michael A. <MShafer@mcguirewoods.com>
**Subject:** Re: Case Management Plan in Usherson v. Bandshell Artist Management

Thanks. I am going to reach out to a mediator I know to see if he is available early next week. Will keep you posted. Thank you.

On Thu, Oct 3, 2019 at 10:04 AM Newberg, Brad R. <BNewberg@mcguirewoods.com> wrote:

Thanks. My email was directed to the joint letter and case management plan due today. But as to the mediation, my understanding was that the mediation was to occur by a week ago (although there is also an entry in PACER that the mediation deadlines were terminated).

I actually will be in New York on Monday for a settlement meeting that will end around 3:00 pm. I could be at the courthouse (or could host at McGuireWoods' NY office) at 3:30 pm, but a) I would have to check with my client that he is available on such short notice (is Mr. Usherson also available then?), and b) the Court has ordered that the mediator be someone with expertise in copyright. I'm not sure the mediation office will be able to get someone like that with one business day's notice. Let me know if they can and I will check with my client.

**Brad R. Newberg**
McGuireWoods LLP
T: +1 703 712 5061 | M: +1 703 772 6787

**From:** Richard Liebowitz <RL@liebowitzlawfirm.com>
**Sent:** Thursday, October 03, 2019 9:46 AM
**To:** Newberg, Brad R. <BNewberg@mcguirewoods.com>
**Cc:** Shafer, Michael A. <MShafer@mcguirewoods.com>
**Subject:** Re: Case Management Plan in Usherson v. Bandshell Artist Management

Hi Brad,

I will contact the mediation office. We need to have a mediation before next week. Are you available on Monday to have the mediation? Thank you.

On Thu, Oct 3, 2019 at 8:59 AM Newberg, Brad R. <BNewberg@mcguirewoods.com> wrote:

Hi Richard. This is due today. I am available to discuss just about any time today. And if you have a draft that you'd like us to consider and add our defenses and other information to in advance of the call, we would be happy to do that.

**Brad R. Newberg**
Partner
McGuireWoods LLP
1750 Tysons Boulevard
Suite 1800
Tysons, VA 22102-4215
T:   +1 703 712 5061
M: +1 703 772 6787
F:   +1 703 712 5187
bnewberg@mcguirewoods.com
Bio | VCard | www.mcguirewoods.com

*This e-mail from McGuireWoods may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.*

--

Best,

Richard Liebowitz, Esq.

Liebowitz Law Firm, PLLC

t.516-233-1660

RL@LiebowitzLawFirm.com

www.LiebowitzLawFirm.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

--

Best,

Richard Liebowitz, Esq.

Liebowitz Law Firm, PLLC

t.516-233-1660

RL@LiebowitzLawFirm.com

www.LiebowitzLawFirm.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

5

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

--

Best,


Richard Liebowitz, Esq.

Liebowitz Law Firm, PLLC

t.516-233-1660

RL@LiebowitzLawFirm.com

www.LiebowitzLawFirm.com




\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

--
Best,

Richard Liebowitz, Esq.
Liebowitz Law Firm, PLLC
t.516-233-1660
RL@LiebowitzLawFirm.com
www.LiebowitzLawFirm.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## Newberg, Brad R.

| | |
|---|---|
| **From:** | on behalf of MediationOffice@nysd.uscourts.gov |
| **Sent:** | Friday, October 04, 2019 3:28 PM |
| **To:** | RL@LiebowitzLawFirm.com |
| **Cc:** | Newberg, Brad R. |
| **Subject:** | Re: Usherson v. Bandshell Artist Management 19-cv-6368 |

Counsel, We have heard back from chambers with direction that you should either comply with the exiting order (to hold mediation at least two weeks prior to the Oct 10 IPTC) or seek appropriate relief directly from the judge.

Mediation Office
United States District Court
Southern District of New York
40 Foley Square, Suite 120
New York, New York 10007
(212) 805-0643
Email: mediationoffice@nysd.uscourts.gov www.nysd.uscourts.gov/mediation

From:   Mediation Office NYSD/NYSD/02/USCOURTS
To:     RL@LiebowitzLawFirm.com, bnewberg@mcguirewoods.com
Cc:     
Date:   10/04/2019 01:43 PM
Subject:Re: Usherson v. Bandshell Artist Management 19-cv-6368
Sent by:     

Dear Mr. Liebowitz, We are waiting to hear back from chambers.              confirmed his willingness to work with counsel in this matter. We learned through our conversation with him, however, that he had been asked to conduct a telephonic session. The outreach to             directly, and the request to convene telephonically, are not in accordance with the procedures that govern this program so we reached out to chambers for guidance and are awaiting direction from the judge. I am copying all counsel and              to confirm that there will not be a session next Tuesday. If the judge decides that mediation should go forward in the future,              has indicated his willingness to work on this matter through our normal process.

Mediation Office
United States District Court
Southern District of New York
40 Foley Square, Suite 120
New York, New York 10007
(212) 805-0643
Email: mediationoffice@nysd.uscourts.gov www.nysd.uscourts.gov/mediation

From:   Richard Liebowitz <RL@liebowitzlawfirm.com>
To:     mediation_intern@nysd.uscourts.gov
Cc:     SDNY Mediation Office <MediationOffice@nysd.uscourts.gov>

1

Date:   10/04/2019 12:57 PM
Subject:Usherson v. Bandshell Artist Management 19-cv-6368

Hi ▮▮▮▮,

Just confirming you reached out to ▮▮▮▮▮▮▮ regarding our scheduled mediation for this Tuesday, October 8, 2019 at 11:30am? Can you please add this to the docket today so the Judge knows we are having the mediation then?

Thank you.

Best,

Richard Liebowitz, Esq.
Liebowitz Law Firm, PLLC
t.516-233-1660
RL@LiebowitzLawFirm.com
https://protect2.fireeye.com/url?k=d1659f25-8def25f1-d165ad71-8687eb7ec816-
94b82f4bd75f22cf&q=1&u=http%3A%2F%2Fwww.liebowitzlawfirm.com%2F

*******************************************************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

*******************************************************************

## Newberg, Brad R.

| | |
|---|---|
| **From:** | on behalf of MediationOffice@nysd.uscourts.gov |
| **Sent:** | Monday, October 07, 2019 3:24 PM |
| **To:** | RL@LiebowitzLawFirm.com; Newberg, Brad R.; |
| **Subject:** | Re: Usherson v. Bandshell Artist Management 19-cv-6368 |

Counsel, Judge Furman has extended the time to mediate to October 31. We will assign ▮▮▮▮▮▮ as the mediator and will send out that notice shortly. Please promptly contact ▮▮▮▮▮▮ to arrange for an in person session in accordance with the Judge's direction.

Mediation Office
United States District Court
Southern District of New York
40 Foley Square, Suite 120
New York, New York 10007
(212) 805-0643
Email: mediationoffice@nysd.uscourts.gov www.nysd.uscourts.gov/mediation

From:     Mediation Office NYSD/NYSD/02/USCOURTS
To:       RL@LiebowitzLawFirm.com, bnewberg@mcguirewoods.com
Cc:       ▮▮▮▮▮▮
Date:     10/04/2019 01:43 PM
Subject:Re: Usherson v. Bandshell Artist Management 19-cv-6368
Sent by:  ▮▮▮▮▮▮

Dear Mr. Liebowirz, We are waiting to hear back from chambers. ▮▮▮▮▮▮ confirmed his willingness to work with counsel in this matter. We learned through our conversation with him, however, that he had been asked to conduct a telephonic session. The outreach to ▮▮▮▮▮▮ directly, and the request to convene telephonically, are not in accordance with the procedures that govern this program so we reached out to chambers for guidance and are awaiting direction from the judge. I am copying all counsel and ▮▮▮▮▮▮ to confirm that there will not be a session next Tuesday. If the judge decides that mediation should go forward in the future, ▮▮▮▮▮▮ has indicated his willingness to work on this matter through our normal process.

Mediation Office
United States District Court
Southern District of New York
40 Foley Square, Suite 120
New York, New York 10007
(212) 805-0643
Email: mediationoffice@nysd.uscourts.gov www.nysd.uscourts.gov/mediation

From:   Richard Liebowitz <RL@liebowitzlawfirm.com>
To:     mediation_intern@nysd.uscourts.gov
Cc:     SDNY Mediation Office <MediationOffice@nysd.uscourts.gov>

1

Date: 10/04/2019 12:57 PM
Subject:Usherson v. Bandshell Artist Management 19-cv-6368

Hi ▮▮▮▮ ,

Just confirming you reached out to ▮▮▮▮▮▮ regarding our scheduled mediation for this Tuesday, October 8, 2019 at 11:30am? Can you please add this to the docket today so the Judge knows we are having the mediation then?

Thank you.

Best,

Richard Liebowitz, Esq.
Liebowitz Law Firm, PLLC
t.516-233-1660
RL@LiebowitzLawFirm.com
https://protect2.fireeye.com/url?k=9bf9330b-c768cf3f-9bf9015f-0cc47aab5846-
970f8aac7a9ec516&q=1&u=http%3A%2F%2Fwww.liebowitzlawfirm.com%2F

*******************************************************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

*******************************************************************

## Newberg, Brad R.

| | |
|---|---|
| **From:** | Richard Liebowitz <RL@liebowitzlawfirm.com> |
| **Sent:** | Friday, October 04, 2019 5:35 PM |
| **To:** | Newberg, Brad R. |
| **Cc:** | Shafer, Michael A. |
| **Subject:** | Re: Case Management Plan in Usherson v. Bandshell Artist Management |

Thank you. I will fix and file.

Best,

Richard Liebowitz, Esq.
Liebowitz Law Firm, PLLC
t.516-233-1660
RL@LiebowitzLawFirm.com
www.LiebowitzLawFirm.com


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On Fri, Oct 4, 2019 at 4:16 PM Newberg, Brad R. <BNewberg@mcguirewoods.com> wrote:

While the tone of the letter and the request is ok, I do not believe that all of the history is factually correct. It currently reads:


We represent Plaintiff, Arthur Usherson, in the above in-captioned case. Defendant has just recently engaged counsel on September 25, 2019. The mediation office did not assign a mediator because for some reason the mediation case track was terminated on July 29, 2019. The parties have been trying to find a mediator. On October 3, 2019 we found a mediator that can do the mediation on October 8, 2019 via telephone to avoid the cost of Defendant's counsel to come up from Virginia. We respectfully request to either have the mediation schedule for October 8, 2019 via telephone or to schedule the mediation for another time in October. In addition, we respectfully request that the initial conference be adjourned until after the mediation.


However, my email to you stating that I represented Bandshell was on September 19. And it is not correct to say that we have been trying to find a mediator or that the telephonic aspect was to avoid the cost of me coming up from Virginia. I actually don't have a problem coming to NY depending on the date. I would be ok with you **stating the following in your letter**:

We represent Plaintiff, Arthur Usherson, in the above in-captioned case. Defendant engaged counsel on September 19, 2019. The mediation office did not assign a mediator because for some reason the mediation case track was terminated on July 29, 2019.  On October 3, 2019 I found a mediator that can do the mediation on October 8, 2019 via telephone to accomplish it before the October 10 Court conference.  We respectfully request to either have the mediation scheduled for October 8, 2019 via telephone or to schedule the mediation for another time in October. In addition, we respectfully request that the initial conference be adjourned until after the mediation.

**Brad R. Newberg**
McGuireWoods LLP
T: +1 703 712 5061 | M: +1 703 772 6787

**From:** Richard Liebowitz <RL@liebowitzlawfirm.com>
**Sent:** Friday, October 04, 2019 4:07 PM
**To:** Newberg, Brad R. <BNewberg@mcguirewoods.com>
**Cc:** Shafer, Michael A. <MShafer@mcguirewoods.com>
**Subject:** Re: Case Management Plan in Usherson v. Bandshell Artist Management

Hi Brad,

I think we should file this letter with the Court today. Please let me know. Kindly call me at 646-740-3808.

Best,

Richard Liebowitz, Esq.

Liebowitz Law Firm, PLLC

t.516-233-1660

RL@LiebowitzLawFirm.com

www.LiebowitzLawFirm.com



# Liebowitz Law Firm, PLLC

ATTORNEYS FOR THE PHOTOGRAPHIC ARTS

11 SUNRISE PLAZA, STE. 305
VALLEY STREAM, NY 11580
(516) 233-1660
WWW.LIEBOWITZLAWFIRM.COM

October 4, 2019

Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:     *Usherson v. Bandshell Artist Management (1:19-cv-6368-JMF)*

Dear Judge Furman,

We represent Plaintiff, Arthur Usherson, in the above in-captioned case. Defendant has just recently engaged counsel on September 25, 2019. The mediation office did not assign a mediator because for some reason the mediation case track was terminated on July 29, 2019. The parties have been trying to find a mediator. On October 3, 2019 we found a mediator that can do the mediation on October 8, 2019 via telephone to avoid the cost of Defendant's counsel to come up from Virginia. We respectfully request to either have the mediation schedule for October 8, 2019 via telephone or to schedule the mediation for another time in October. In addition, we respectfully request that the initial conference be adjourned until after the mediation.

The Court's consideration is much appreciated.

Respectfully submitted,

/s/Richard Liebowitz
Richard P. Liebowitz

*Counsel for Plaintiff Arthur Usherson*

## Newberg, Brad R.

| | |
|---|---|
| **From:** | Richard Liebowitz <RL@liebowitzlawfirm.com> |
| **Sent:** | Monday, October 07, 2019 4:22 PM |
| **To:** | Newberg, Brad R. |
| **Cc:** | |
| **Subject:** | Re: Usherson v. Bandshell Artist Management 19-cv-6368 |

Oct 31st at 12pm works.         does this work? Thanks.

On Mon, Oct 7, 2019 at 4:17 PM Newberg, Brad R. <BNewberg@mcguirewoods.com> wrote:
Please let me know if any of October 11, 16, 28 or 31 work for the both of you and Mr. Usherson. Thank you very much.


Brad R. Newberg
McGuireWoods LLP

On Oct 7, 2019, at 3:34 PM, Richard Liebowitz <RL@liebowitzlawfirm.com> wrote:

Thanks.

On Mon, Oct 7, 2019 at 3:29 PM Newberg, Brad R. <BNewberg@mcguirewoods.com> wrote:
I will check with my client and get back to you by tomorrow with available dates. Thank you.


Brad R. Newberg
McGuireWoods LLP

On Oct 7, 2019, at 3:25 PM, Richard Liebowitz <RL@liebowitzlawfirm.com> wrote:

Thank you. Brad and        when are you available?

On Mon, Oct 7, 2019 at 3:24 PM <MediationOffice@nysd.uscourts.gov> wrote:
Counsel, Judge Furman has extended the time to mediate to October 31. We will assign        as the mediator and will send out that notice shortly. Please promptly contact        to arrange for an in person session in accordance with the Judge's direction.

Mediation Office
United States District Court
Southern District of New York
40 Foley Square, Suite 120
New York, New York 10007
(212) 805-0643
Email: mediationoffice@nysd.uscourts.gov
www.nysd.uscourts.gov/mediation

From:   Mediation Office NYSD/NYSD/02/USCOURTS
To:     RL@LiebowitzLawFirm.com, bnewberg@mcguirewoods.com
Cc:     █████████████████
Date:   10/04/2019 01:43 PM
Subject:    Re: Usherson v. Bandshell Artist Management 19-cv-6368
Sent by:    ████████████

Dear Mr. Liebowirz, We are waiting to hear back from chambers. ████████
confirmed his willingness to work with counsel in this matter. We learned
through our conversation with him, however, that he had been asked to
conduct a telephonic session. The outreach to ████████ directly, and the
request to convene telephonically, are not in accordance with the
procedures that govern this program so we reached out to chambers for
guidance and are awaiting direction from the judge. I am copying all
counsel and ████████ to confirm that there will not be a session next
Tuesday. If the judge decides that mediation should go forward in the
future, ████████ has indicated his willingness to work on this matter
through our normal process.

Mediation Office
United States District Court
Southern District of New York
40 Foley Square, Suite 120
New York, New York 10007
(212) 805-0643
Email: mediationoffice@nysd.uscourts.gov
www.nysd.uscourts.gov/mediation

From:   Richard Liebowitz <RL@liebowitzlawfirm.com>
To:     mediation_intern@nysd.uscourts.gov
Cc:     SDNY Mediation Office <MediationOffice@nysd.uscourts.gov>
Date:   10/04/2019 12:57 PM
Subject:    Usherson v. Bandshell Artist Management 19-cv-6368

Hi ████ ,

Just confirming you reached out to ████████ regarding our scheduled
mediation for this Tuesday, October 8, 2019 at 11:30am? Can you please add
this to the docket today so the Judge knows we are having the mediation
then?

Thank you.

Best,

2

Richard Liebowitz, Esq.
Liebowitz Law Firm, PLLC
t.516-233-1660
RL@LiebowitzLawFirm.com
www.LiebowitzLawFirm.com


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*


This message is intended only for the designated recipient(s). It may
contain confidential or proprietary information and may be subject to the
attorney-client privilege or other confidentiality protections. If you are
not a designated recipient, you may not review, copy or distribute this
message. If you receive this in error, please notify the sender by reply
e-mail and delete this message. Thank you.


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*


--
Best,

Richard Liebowitz, Esq.
Liebowitz Law Firm, PLLC
t.516-233-1660
RL@LiebowitzLawFirm.com
www.LiebowitzLawFirm.com


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*
This message is intended only for the designated recipient(s). It may contain
confidential or proprietary information and may be subject to the attorney-client
privilege or other confidentiality protections. If you are not a designated
recipient, you may not review, copy or distribute this message. If you receive
this in error, please notify the sender by reply e-mail and delete this message.
Thank you.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*

*This e-mail from McGuireWoods may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.*
--
Best,

Richard Liebowitz, Esq.
Liebowitz Law Firm, PLLC
t.516-233-1660
RL@LiebowitzLawFirm.com
www.LiebowitzLawFirm.com


*****************************************************************
This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message.,Thank you.
*****************************************************************
--
Best,

Richard Liebowitz, Esq.
Liebowitz Law Firm, PLLC
t.516-233-1660
RL@LiebowitzLawFirm.com
www.LiebowitzLawFirm.com


*****************************************************************
This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
*****************************************************************

## Newberg, Brad R.

**From:**
**Sent:**          Wednesday, October 23, 2019 7:35 PM
**To:**            Newberg, Brad R.
**Subject:**       Re: Usherson

Fine will call you at 10

Sent from Yahoo Mail for iPhone

On Wednesday, October 23, 2019, 7:34 PM, Newberg, Brad R. <BNewberg@mcguirewoods.com> wrote:

I'm happy to discuss tomorrow. I'm around in the morning. 703-712-5061

Brad R. Newberg
McGuireWoods LLP

On Oct 23, 2019, at 7:04 PM,                              wrote:

I am the mediator in the above case. Can I call you tomorrow morning to see if
we can settle this matter without you having to come to New York?

Sent from Yahoo Mail for iPhone

*This e-mail from McGuireWoods may contain confidential or privileged information. If you are
not the intended recipient, please advise by return e-mail and delete immediately without reading
or forwarding to others.*

1

## Newberg, Brad R.

**From:**
**Sent:**        Wednesday, October 30, 2019 10:03 PM
**To:**          Newberg, Brad R.
**Subject:**     Re: Mediation

I understand

Sent from Yahoo Mail for iPhone

On Wednesday, October 30, 2019, 9:36 PM, Newberg, Brad R. <BNewberg@mcguirewoods.com> wrote:

> ████ I'm headed to the train station well before 6:00 am. And to be candid, I would have
> assumed Mr Usherson either flew to NY tonight or is likewise on a very early plane.
>
> Thanks.
>
> Brad R. Newberg
> McGuireWoods LLP
>
> > On Oct 30, 2019, at 8:15 PM, ████████████████ wrote:
> >
> > Talked to Richard and he has been tied up. He will review tonight and get back to
> > us in morning. Hopefully we can settle this before need to go to in person
> > mediation. ████
> >
> >
> > Sent from Yahoo Mail for iPhone

*This e-mail from McGuireWoods may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.*

**Newberg, Brad R.**

| | |
|---|---|
| **From:** | Richard Liebowitz <RL@liebowitzlawfirm.com> |
| **Sent:** | Thursday, October 31, 2019 4:12 AM |
| **To:** | Newberg, Brad R.;      ; James H. Freeman |
| **Subject:** | Usherson v. Bandshell |
| **Attachments:** | Usherson v. Bandshell- Settlement Agreement.doc |

Hi All,

Attached please find revisions to the agreement which can be discussed at the mediation. Thank you.

Best,

Richard Liebowitz, Esq.
Liebowitz Law Firm, PLLC
t.516-233-1660
RL@LiebowitzLawFirm.com
www.LiebowitzLawFirm.com

*****************************************************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
*****************************************************************

1



## Newberg, Brad R.

| | |
|---|---|
| **From:** | Newberg, Brad R. |
| **Sent:** | Friday, November 01, 2019 9:23 AM |
| **To:** | 'Richard Liebowitz' |
| **Cc:** | Shafer, Michael A. |
| **Subject:** | Motion related to Mediation in Usherson v. Bandshell Artist Management |

Richard,

As you are aware, the failure of Mr. Usherson or you to attend yesterday's mediation was a direct violation of the Court's Orders (as well as the instructions of the Mediation Office). This is especially disconcerting because we specifically arranged a time that you and your client could be there—and sending an associate in your stead (who did not seem to know the specifics of this case) is not acceptable. Because of these actions, we were unable to conduct any meaningful mediation.

As such, we will be moving for our costs of the day, and legal fees for preparation for the mediation, travel, and attendance, which I will limit to ten hours. I have itemized those numbers below. We will also be moving for dismissal of the case. We plan on filing papers related to this motion early next week. While I do not believe a meet and confer is required for this motion under the Local Rules or Judge Furman's Individual Rules, I am available today before 3:00 pm, or Monday before 2:00 pm to confer on this issue.

Costs:
$374 for train
$5.50 for subway
$24 for parking at train station
$25.25 for breakfast and lunch in train stations
Total in costs: $428.75

Legal fees:
At this point (in addition to time spent on the motion), the motion will request ten hours of my time at my standard 2018 rate to cover the creation of the mediation statement, preparation for mediation, travel, and attendance. For your information, the actual amount of hours actually expended was higher and my associate, Michael Shafer also spent time related to mediation. My standard 2018 rate is $855. As such, ten hours is $8,550.

Total in costs and fees: $8,978.75.

Finally, if you are in agreement that you will pay the $8,978.75 in costs and fees and dismiss your case with prejudice, let me know and we can avoid the motion. Thank you.

## Brad R. Newberg
Partner
McGuireWoods LLP
1750 Tysons Boulevard
Suite 1800
Tysons, VA 22102-4215
T:  +1 703 712 5061
M: +1 703 772 6787
F:  +1 703 712 5187
bnewberg@mcguirewoods.com

1

UNION STATION PARKIN#5
30 MASSACHUSETTS AVE NE
WASHINGTON, DC 20002
10/31/2019                    17:33:47
CREDIT CARD

VISA SALE

Card #              XXXXXXXXXXXX5861
Network:                        VISA
Chip Card:          CAPITAL ONE VISA
AID:                A0000000031010
SEQ #:                            49
Batch #:                         202
INVOICE                           49
Approval Code:                00421D
Entry Method:             Chip Read
Mode:                        Issuer

SALE AMOUNT              $24.00

CUSTOMER COPY

MVM RECEIPT

MTA NYC TRANSIT
N067-34 ST-PENN STA
NEW YORK CITY NY

MVM #: 1430(N067  0401)

Thurs 31 Oct 19 09:55

Trans: Sale OK
Payment Mode: Credit
Amount:          $ 29.00
Card Value:      $ 29.00
New Card Fee:    $  1.00
Total Paid:      $ 30.00

VISA
Card #:
  ***********5861
Auth#: 06066D
Ref #: 048801378133

Serial #:3028880752
Type: 000
FULL FARE

Questions?
Call (212) METROCARD

STARBUCKS Store #7759
50 Massachusetts Avenue, Space T-16
Washington, DC  (202) 682-5895
----------------------------------------
CHK 694282
10/31/2019 06:27 AM
2765811  Drawer: 1  Reg: 4
----------------------------------------
Quad Espresso            2.95
Quad
With Coconut Milk
In A Grande Cup
Bacon Gouda Sndwch       3.95

Sbux Card                7.59
XXXXXXXXXXXXX0767

Subtotal               $6.90
Tax 10%                $0.69
Total                  $7.59
Change Due            $0.00

---------- Check Closed --------------
10/31/2019 06:27 AM

SBUX Card x0767 New Balance:  9.30
Card is registered.

Zaro's Bakery
1 Penn Plaza
Amtrak Rotunda
Host: Ty-Asia             10/31/2019
ORDER #3307               1:02 PM
                           30308

Tomato & Mozz Baguette       10.25
XL Chocolate Ruggelach        3.50
Bottle Soda                   2.76

Subtotal                     16.51
Tax                           1.15

For Here Total    17.66

Visa                         17.66
  Auth:03316D

Need Breakfast or Lunch For Your Office?
Zaro's Can Help.
Email Catering@zaro.com

--- Check Closed ---

**Newberg, Brad R.**

| | |
|---|---|
| **From:** | etickets@amtrak.com |
| **Sent:** | Monday, October 28, 2019 9:44 AM |
| **To:** | Newberg, Brad R. |
| **Subject:** | Amtrak: eTicket and Receipt for Your 10/31/2019 Trip - BRAD NEWBERG |
| **Attachments:** | Newberg Brad 201910280944150888.pdf |

**SALES RECEIPT**



Purchased: 10/28/2019 6:44 AM PTThank you for your purchase.

1. Retain this receipt for your records.
2. Print the attached eTicket and carry during your trip.

Merchant ID 006241 Massachusetts Ave NWWashington, DC 20001800-USA-RAILAmtrak.com

# **Reservation Number - 3C3DCE**WASHINGTON, DC - **NEW YORK PENN, NY (Round-Trip)**OCTOBER 28, 2019
Billing Information

BRAD NEWBERG12005 CREEKBEND DRRESTON, VA 20194-

**Visa** ending in 6349 (Purchase)Authorization Code 02450D

**Total $313**

Purchase Summary - Ticket Number 3010624515041

**TRAIN 2154: WASHINGTON, DC - NEW YORK (PENN STATION), NY**Depart
7:00 AM, Thursday, October 31, 2019
1 ACELA BUSINESS CLASS SEAT

**$215.00**

**Ticket Terms & Conditions**ACELA SERVICE, NO PARTIAL REFUND IF USED ON OTHER SERVICE
**Subtotal**

**$215.00**

**TRAIN 85: NEW YORK (PENN STATION), NY - WASHINGTON, DC**Depart 3:05
PM, Thursday, October 31, 2019
1 RESERVED COACH SEAT

**$98.00**

| | |
|---|---|
| **Subtotal** | |
| | **$98.00** |
| **Total Charged by Amtrak** | |
| | **$313.00** |

## Passengers

Brad Newberg

## Important Information

---

- Try the FindYourWay app for personalized train and station information at New York Penn Station.  Download it on Google Play or the Apple App Store today.
- Tickets are non-transferable.
- Changes to your itinerary may affect your fare.  Refund and exchange restrictions and penalties for failure to cancel unwanted travel may apply.  If your travel plans change, contact us before departure to change your reservation.  If you do not board your train, your entire reservation from that point will be canceled.  If you board a different train without notifying us, you will have to pay for it separately; the conductor cannot apply the money paid for your prior reservation.  For more information please visit Amtrak.com/changes.
- Summary of Terms and Conditions:  Ticket valid for carriage or refund (subject to the refund rules of the fare purchased) for twelve months after day of issue unless otherwise specified.  Amtrak tickets may only be sold or issued by Amtrak or an authorized travel agent/tour operator.  Tickets sold or issued by an unauthorized third party will be voided by Amtrak.  This ticket is a contract of carriage which includes specific terms and conditions and a binding arbitration agreement between Amtrak and the ticket holder.  The terms and conditions and arbitration agreement are available at Amtrak.com/terms-and-conditions.html.  Tickets sold for non-Amtrak service are subject to the tariffs of the providing carrier.
- Questions?  Contact us online at Amtrak.com/contact or call 1-800-USA-RAIL (1-800-872-7245) or for text telephone (TTY) 1-800-523-6590.

**Newberg, Brad R.**

| | |
|---|---|
| **From:** | etickets@amtrak.com |
| **Sent:** | Thursday, October 31, 2019 12:38 PM |
| **To:** | Newberg, Brad R. |
| **Subject:** | Amtrak: eTicket and Receipt for Your 10/31/2019 Trip - BRAD NEWBERG - UPDATED |
| **Attachments:** | Newberg Brad 201910311238220930.pdf |

**SALES RECEIPT**



Purchased: 10/28/2019 6:44 AM PTModified: 10/31/2019 9:38 AM PTThank you for your purchase.

1. Retain this receipt for your records.
2. Print the attached eTicket and carry during your trip.

Merchant ID 006351 Massachusetts Ave NWWashington, DC 20001800-USA-RAILAmtrak.com

# **Reservation Number - 3C3DCENEW YORK PENN, NY**
## **- WASHINGTON, DC (One-Way)**OCTOBER 28, 2019
Billing Information

BRAD NEWBERG12005 CREEKBEND DRRESTON, VA 20194-

**Visa** ending in 6349 (Purchase)Authorization Code 04658D

**Total $61**

## Change Summary - Ticket Number 3040635531828

| **Original Amount Paid** | |
|---|---|
| | **$313.00** |
| **Travel Amount Used** | |
| | **($215.00)** |
| | **Subtotal** |
| | **$98.00** |
| | |

1

| Revised Trip Details**TRAIN 93: NEW YORK (PENN STATION), NY - WASHINGTON, DC**Depart 2:02 PM, Thursday, October 31, 2019 1 RESERVED COACH SEAT | |
| --- | --- |
| | **$159.00** **Subtotal** |
| | **$159.00** **Revised Fare** |
| | **$159.00** **Total** |
| | **$61.00** |

## Passengers

Brad Newberg

## Important Information

---

- Try the FindYourWay app for personalized train and station information at New York Penn Station.  Download it on Google Play or the Apple App Store today.
- Tickets are non-transferable.
- Changes to your itinerary may affect your fare.  Refund and exchange restrictions and penalties for failure to cancel unwanted travel may apply.  If your travel plans change, contact us before departure to change your reservation.  If you do not board your train, your entire reservation from that point will be canceled.  If you board a different train without notifying us, you will have to pay for it separately; the conductor cannot apply the money paid for your prior reservation.  For more information please visit Amtrak.com/changes.
- Summary of Terms and Conditions:  Ticket valid for carriage or refund (subject to the refund rules of the fare purchased) for twelve months after day of issue unless otherwise specified.  Amtrak tickets may only be sold or issued by Amtrak or an authorized travel agent/tour operator.  Tickets sold or issued by an unauthorized third party will be voided by Amtrak.  This ticket is a contract of carriage which includes specific terms and conditions and a binding arbitration agreement between Amtrak and the ticket holder.  The terms and conditions and arbitration agreement are available at Amtrak.com/terms-and-conditions.html.  Tickets sold for non-Amtrak service are subject to the tariffs of the providing carrier.
- Questions?  Contact us online at Amtrak.com/contact or call 1-800-USA-RAIL (1-800-872-7245) or for text telephone (TTY) 1-800-523-6590.