

Liebowitz **(•)** Law Firm, PLLC
ATTORNEYS FOR THE PHOTOGRAPHIC ARTS

11 SUNRISE PLAZA, STE. 305
VALLEY STREAM, NY 11580
(516) 233-1660
WWW.LIEBOWITZLAWFIRM.COM

November 13, 2019

**VIA ECF**

Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:    *Usherson v. Bandshell Artist Management,* 1:19-cv-06368 (JMF)

Dear Judge Furman:

We represent Plaintiff Arthur Usherson ("Plaintiff") in the above-captioned case. We write in opposition to Defendant Bandshell Artist Management ("Defendant")'s motion for sanctions against Plaintiff and Plaintiff's counsel. [Dkt. # 14] Given that Defendant's motion is utterly lacking in merit and has been interposed for a bad faith purpose, Plaintiff respectfully submits this letter opposition so as to avoid the time of expense of briefing a formal motion. In the event the Court determines that a formal brief and supporting affidavit is necessary after reviewing this opposition and conducting the Rule 16(f) conference, then Plaintiff respectfully requests the Court's leave to supplement his opposition accordingly.

**Relevant Background**

By Order dated October 7, 2019, the Court stated that it "continues to believe that early mediation in the normal course (i.e., in person) makes sense. Accordingly, . . . .[t]he parties shall conduct the in-person mediation no later than October 31, 2019." [Dkt. #13]

On October 31, 2019, the parties conducted a mediation on October 31, 2019 at 40 Foley Square. Two attorneys employed by Liebowitz Law Firm, PLLC, both of whom are admitted to practice in this District and had knowledge of all the facts in the case, attended the mediation in person. Plaintiff appeared via telephone and was in good faith ready to negotiate a settlement and was on the phone for the duration of the substantive portion of the mediation. Nothing in the Court order or mediation rules states that lead counsel needs to attend the mediation.

At the top of the mediation session, defense counsel indicated that he was upset that neither Mr. Liebowitz nor Mr. Usherson appeared in person. ███████████████████████
████████████████████████████████████████████████████████████████

Defendant subsequently moved for sanctions against Plaintiff and Mr. Liebowitz.



Liebowitz **(•)** Law Firm, PLLC

Liebowitz ◉ Law Firm, PLLC

**Point I:**    **Plaintiff Participated in the Mediation in Good Faith and In Compliance with the Court's Order and S.D.N.Y. Mediation Rules**

The Court's Order does not explicitly state that <u>both</u> attorneys and parties must be present in person.  Rather, it says that "[t]he parties shall conduct the in-person mediation no later than October 31, 2019." [Dkt. #13]  As attorneys represent parties, there is a reasonable interpretation of this Order that only attorneys are required to be present in-person.

Moreover, Rule 9(f) of the S.D.N.Y. Procedures of the Mediation Program, dated June 2, 2017, provides as follows:

"Under some circumstances, if a party resides more than 100 miles from the Courthouse, and it would be a great hardship for the party to attend in person, he or she may request that the mediator allow for telephonic participation at the mediation; however, if such request is granted, that party must participate by telephone with full attention and for the duration of the mediation."

Here, Plaintiff lives in Roswell, Georgia, which is approximately 865 miles from the Courthouse.  Accordingly, Plaintiff obtained permission from the assigned mediator, ████ ████ to appear at the scheduled mediation by telephone provided that counsel was present in person. Mr. Liebowitz also told ████ that an associate of Liebowitz Law Firm with knowledge of the facts of the case would appear in-person, and ████ consented to this. Whether conducted by an outside mediator or by a Magistrate Judge, this is routine practice in S.D.N.Y. mediation sessions where the actual parties are located out-of-state and where the travel expense to get to New York might eat greatly into any settlement amount.

During the course of the mediation, which lasted about forty-five minutes, Plaintiff actively participated by speakerphone and spoke directly to Defendant and his counsel while the mediator was present. ████████████████████████

**Point II:**    **With Respect to Licensing Fees, Plaintiff is in Compliance with the Court's Order**

By Defense counsel's own admission, Mr. Liebowitz notified Defendant on September 20, 2019 that there was no prior licensing fee information for the Photograph.  [Dkt. # 16, ¶ 7] As a matter of law, Plaintiff cannot be held accountable for not producing documents that he does not have. *Williams v. Bank Leumi Tr. Co. of New York*, No. 96 CIV. 6695(LMMAJP),

Liebowitz Law Firm, PLLC

1999 WL 375559, at \*1 (S.D.N.Y. June 7, 1999) ("It is too obvious to need citation that the Court cannot compel a party to produce documents that he does not possess."); see also *Rudawsky v. Borror*, No. 2:06-CV-144, 2007 WL 2127879, at \*1 (S.D. Ohio Apr. 5, 2007) ("The Court cannot compel defendant to produce what it does not have").

As such, Defendant's argument that Plaintiff violated the Court's order by not producing licensing fee information is meritless.

**Point III:        With Respect to Service of Process, Plaintiff Promptly Filed the Affidavit of Service Within One Day After Having Received It From the Process Server**

Finally, Plaintiff filed the affidavit of service of the summons and complaint on September 21, 2019, just one day after receiving it from the process server.  Such conduct is not sanctionable.

**Conclusion**

Based on the foregoing, Defendant's motion for sanctions should be denied and this case should be allowed to proceed on the merits.

Respectfully Submitted,

**/s/richardliebowitz/**
Richard Liebowitz

*Plaintiff's Counsel*