UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARTHUR USHERSON,

Plaintiff,

- against -

BANDSHELL ARTIST MANAGEMENT

Defendant.

Docket No. 1:19-cv-06368-JMF

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO SANCTIONS**

Plaintiff Arthur Usherson, via counsel, respectfully submits this memorandum of law in opposition to Defendant Bandshell Artist Management ("Defendant")'s motion for sanctions.

**RELEVANT BACKGROUND**

The Court's Mediation Referral Order, dated July 15, 2019, states that "Local Rule 83.9 shall govern the mediation and are directed to participate in the mediation in good faith." [Dkt. # 6]. By Order dated October 7, 2019, the Court stated that it "continues to believe that early mediation in the normal course (i.e., in person) makes sense. Accordingly, . . . .[t]he parties shall conduct the in-person mediation no later than October 31, 2019." [Dkt. #13]

On October 31, 2019, the parties conducted a mediation on at 40 Foley Square. Two attorneys employed by Liebowitz Law Firm, PLLC, both of whom are admitted to practice in this District attended the mediation in person. Mr. Freeman, an experienced copyright practitioner, had knowledge of all the facts in the case.

Plaintiff, who resides over 860 miles from the courthouse, appeared via telephone pursuant to Rule 9(f) of S.D.N.Y. Mediation Rules and consistent with ordinary custom of practice. Plaintiff acted in in good faith and was ready to negotiate a settlement. He was on the phone for the duration of the substantive portion of the mediation. Nothing in the Court order or mediation rules stated that lead counsel needed to attend the mediation.

At the top of the mediation session, defense counsel indicated that he was upset that neither Mr. Liebowitz nor Mr. Usherson appeared in person. [redacted]

[redacted]

[redacted] The meditation was adjourned after about 45 minutes. Defendant subsequently moved for sanctions against Plaintiff and Mr. Liebowitz on grounds that they did not attend mediation in person.

## ARGUMENT

**POINT I: PLAINTIFF PARTICIPATED IN THE MEDIATION IN GOOD FAITH AND IN COMPLIANCE WITH THE COURT'S ORDER AND S.D.N.Y. MEDIATION RULES**

The Court's subsequent Order, dated October 7, 2019, states that the mediation should be conducted in person, but does not explicitly state that both attorneys and parties must be present in person. Rather, it says that "[t]he parties shall conduct the in-person mediation no later than October 31, 2019." [Dkt. #13] As attorneys represent parties, there is a reasonable interpretation of this Order that only attorneys are required to be present in-person. Mr. Liebowitz understood the Court's 10/7/19 Order to mean that counsel for the parties was required to participate in person. [Richard Liebowitz Declr. ¶ 7].

However, the Court's 10/7/19 order is silent with respect to the mode of client participation and does not specifically state that clients were required to attend in-person. [*Id.*] *Compare* Local Rule 33.1(d)(2) of the Second Circuit's rules, which states that "A mediator may require *a client* to participate in a conference in person or by telephone." [www.ca2.uscourts.gov/clerk/case_filing/rules/title7/local_rule_33_1.html] (italics added).

S.D.N.Y. Local Rule 83.9(c)(3) provides that "the mediation program shall be governed by 'The Procedures of the Mediation Program for the Southern District of New York'. L.R. 83.9(c)(3). Moreover, Rule 9(f) of the S.D.N.Y. Procedures of the Mediation Program, dated June 2, 2017, provides as follows:

> "Under some circumstances, if a party resides more than 100 miles from the Courthouse, and it would be a great hardship for the party to attend in person, he or she may request that the mediator allow for telephonic participation at the mediation; however, if such request is granted, that party must participate by telephone with full attention and for the duration of the mediation."

Here, Plaintiff lives in Roswell, Georgia, which is approximately 865 miles from the Courthouse. [Richard Liebowitz Declr. ¶ 11] Accordingly, Plaintiff obtained permission from the assigned mediator, [redacted], to appear at the scheduled mediation by telephone provided that counsel was present in person. [Richard Liebowitz Declr. ¶ 13]. Mr. Liebowitz also informed [redacted] that an associate of Liebowitz Law Firm with knowledge of the facts of the case would appear in-person, and [redacted] consented to this. [Richard Liebowitz Declr. ¶ 13].

Whether conducted by an outside mediator or by a Magistrate Judge, it is routine practice in S.D.N.Y. mediation sessions for parties located out-of-state to participate telephonically. [Richard Liebowitz Declr. ¶ 13; Freeman Declr. ¶ 7]. This is warranted given that in cases involving modest recovery, the travel expenses alone could greatly reduce the benefit of any settlement amount. [Richard Liebowitz Declr. ¶ 12].

During the course of the mediation, which lasted about forty-five minutes, Plaintiff actively participated by speakerphone and spoke directly to Defendant and his counsel while the mediator was present. [Freeman Declr. ¶¶ 11-16, Rebecca Liebowitz Declr. ¶¶ 6-13]. [redacted]

[redacted]

[redacted]

**<u>POINT II</u>: DEFENDANT'S CLAIM FOR MONETARY AWARD IS BARRED BY THE DOCTRINE OF UNCLEAN HANDS AND BY THE ABSENCE OF ANY PREJUDICE**

The Court's Mediation Referral Order, dated July 15, 2019, states that "Local Rule 83.9 shall govern the mediation and are directed to participate in the mediation in good faith." [Dkt. # 6].

"Courts have refused to invoke their inherent authority to impose sanctions where the party requesting sanctions has unclean hands." *Thomas v. Schwab*, No. 09-CV-13632, 2012 WL 6553773, at *1 (E.D. Mich. Dec. 14, 2012); *see also S. Shore Ranches, LLC v. Lakelands* Co., LLC, No. 09–CV–105, 2010 WL 2546112, at *5 (E.D.Cal. Jun. 18, 2010) ("Both parties have a form of 'unclean hands,' and the Court will not use its inherent authority to reward one party over the other."); *Fayemi v. Hambrecht & Quist, Inc.,* 174 F.R.D. 319, 326–27 (S.D.N.Y. 1997) (applying unclean hands maxim and refusing to impose evidentiary sanction).

**A.** [redacted]

[redacted]

[redacted]

[Page content redacted]

Convenience to defense counsel should not have been a factor as Liebowitz Law Firm employees also had to incur time attending the mediation, but did not complain. [redacted] The Court should decide sanctions motions on a case-by-case basis. Here, there is no evidence that Mr. Liebowitz violated the Court's order by, for example, not participating in mediation as was the case in *Rice v NBCUniversal.*

**B. Defendant Was Not Prejudiced by the Lack of In-Person Attendance by Mr. Liebowitz or Mr. Usherson**

The crux of Defendant's motion for sanctions is that it wasted its time and money on attending the October 31 mediation because neither Mr. Liebowitz nor Mr. Usherson attended in person. However, Defendant has abjectly failed to demonstrate how Liebowitz and Usherson's in-person participation would have made any difference.

[redacted]

[redacted]

Given that Defendant cannot show that it suffered any prejudice as a result of Usherson's telephonic appearance, nor suffered any prejudice as a result of Mr. Freeman's in-person attendance in lieu of Mr. Liebowitz, any claim to monetary relief should be denied.

**POINT III:  WITH RESPECT TO LICENSING FEES, PLAINTIFF IS IN COMPLIANCE WITH THE COURT'S ORDER**

By Defense counsel's own admission, Mr. Liebowitz notified Defendant on September 20, 2019 that there was no prior licensing fee information for the Photograph. [Dkt. # 16, ¶ 7] As a matter of law, Plaintiff cannot be held accountable for not producing documents that he does not have. *Williams v. Bank Leumi Tr. Co. of New York*, No. 96 CIV. 6695(LMMAJP), 1999 WL 375559, at *1 (S.D.N.Y. June 7, 1999) ("It is too obvious to need citation that the Court cannot compel a party to produce documents that he does not possess."); see also *Rudawsky v. Borror*, No. 2:06-CV-144, 2007 WL 2127879, at *1 (S.D. Ohio Apr. 5, 2007) ("The Court cannot compel defendant to produce what it does not have").

As such, Defendant's argument that Plaintiff violated the Court's order by not producing licensing fee information is meritless.

**POINT IV:  WITH RESPECT TO SERVICE OF PROCESS, PLAINTIFF PROMPTLY FILED THE AFFIDAVIT OF SERVICE WITHIN ONE DAY AFTER HAVING RECEIVED IT FROM THE PROCESS SERVER**

Plaintiff filed the affidavit of service of the summons and complaint on September 21, 2019, just one day after receiving it from the process server. [Richard Liebowitz Declr. ¶ 4] Such conduct is not sanctionable.

**POINT V:    DEFENDANT'S REQUEST FOR FEES IS GROSSLY EXCESSIVE AND DISPROPORTIONATE TO ANY ALLEGED HARM CAUSED**

For all the reasons stated in Points I-IV, *supra*, sanctions are not warranted as Plaintiff is in substantial compliance with the Court's orders and S.D.N.Y. mediation rules.  Moreover, Defendant is to blame for not participating in mediation in good faith.

If the Court does find that sanctions are warranted, then Defendant's recovery should not exceed $400/hr. x. 2.0 hours of billable time, or $800.  One hour to attend mediation plus one hour to prepare is reasonable.  Moreover, defense counsel cannot possibly bill more than $400/hr. in this District, which is a substantial hourly rate for an attorney of defense counsel's experience.  *Pyatt v. Raymond*, No. 10 Civ. 8764 (CM), 2012 WL 1668248, at *6 (S.D.N.Y. May 10, 2012) (collecting cases approving hourly rates of $400 for partners in copyright and trademark cases).

**POINT VI:   THE COURT SHOULD AWARD PLAINTIFF HIS FEES FOR HAVING TO OPPOSE THIS FRIVOLOUS MOTION**

Given that Defendant and his counsel acted in bad faith at mediation, there was no justification for Defendant's filing of this motion.  Further, the motion is improperly motivated because Defendant is simply trying to exploit the Liebowitz Law Firm's past history of sanctions orders. Accordingly, the Court should award Plaintiff his fees in connection with the instant motion pursuant to the Court's inherent powers.

## CONCLUSION

Based on the foregoing, Plaintiff and his counsel respectfully request that Defendant's motion for sanctions should be DENIED and this case should be allowed to proceed on the

merits.  If sanctions are imposed, they should not exceed the amount of $800.00



Dated: November 18, 2019
       Valley Stream, NY

                                                    Richard Liebowitz
                                                  LIEBOWITZ LAW FIRM, PLLC
                                                  11 Sunrise Plaza, Suite 305
                                                  Valley Stream, NY 11580
                                                  516-233-1660
                                                  RL@LiebowitzLawFirm.com

                                                  *Attorneys for Plaintiff*