```
JBEJUSHC                         Conference

          UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF NEW YORK
          ------------------------------x

          ARTHUR USHERSON,

                        Plaintiff,

                   v.                              19 Civ. 6368 JMF

          BANDSHELL ARTIST MANAGEMENT,

                        Defendant.

          ------------------------------x


                                                   November 14, 2019
                                                   4:00 p.m.



          Before:

                            HON. JESSE M. FURMAN,

                                                   District Judge



                                APPEARANCES


          LIEBOWITZ LAW FIRM, PLLC
               Attorneys for plaintiff
          BY:  RICHARD LIEBOWITZ, Esq.
               JAMES FREEMAN, Esq.
                         Of counsel


          McGUIRE WOODS, LLP
               Attorneys for defendant
          BY:  BRAD RICHARD NEWBERG, Esq.
                         Of counsel




                     SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

1         Now, you know, whether or not they made money off of
2    it, you know, I don't think is, you know, such, you know -- it
3    may be one factor of a defense, but the only two factors you
4    need is it is registered with the copyright office and they
5    copied the photograph.  Now, I don't believe defendants are
6    disputing that they copied the photograph, and I think
7    ultimately this is a case regarding damages.
8         What is the appropriate statutory damages for an
9    iconic photograph of singer-songwriter Leon Redbone?
10        THE COURT:  A photograph that never before had been
11   licensed?
12        MR. LIEBOWITZ:  Yes.  Just because it wasn't licensed
13   before doesn't mean that he's not entitled to a licensing fee.
14        THE COURT:  Doesn't the licensing history factor
15   heavily into what the appropriate licensing fee brings,
16   statutory damages would be?
17        MR. LIEBOWITZ:  Yes.  That is the reason for statutory
18   damages.  If the statutory damages exist because if there is no
19   actual damages because here if there is no licensing, then the
20   Courts would look at okay, the range is between 750 and
21   150,000, where in the spectrum it should be.  That is the
22   purpose of the statutory damages.  Not only if there is no
23   actual damages, what about deterrence?  Is defendant going to
24   keep on using the photographs without permission?
25        What about, you know, a license?  What about photo

1   credit?  There has to be some deterrence because they will
2   continue to do it.  I strongly believe that is the reason for
3   statutory damages.
4          Here if there is no licensing fee, we are going to
5   have other factors going to statutory damages like the
6   willfulness.  Why license?  We want to find out a history of
7   other licenses from the defendant, how they licensed
8   photographs of other people before and what they charged for
9   that amount.  I think this case comes down to damages, and we
10  need to determine all of these things during discovery to find
11  out what an appropriate number is.
12         THE COURT:  Well, I don't know if it comes down to
13  damages or not, but maybe a fair use argument as well.  If it
14  does come down to damages, I must say it is not clear to me
15  that it would lead to anything short of the low end of the
16  statutory damages award, which makes me think discovery
17  shouldn't be the tail that wags the dog in this case.
18         MR. LIEBOWITZ:  Your Honor, at the mediation and say
19  zero dollars.  You know, it is worth something.  The statute
20  has a minimum of 750 to 150,000.
21         THE COURT:  Mr. Liebowitz, do you think you're getting
22  150,000?
23         MR. LIEBOWITZ:  No, no, your Honor.
24         All I am saying is at the mediation when they offered
25  zero dollars, that's bad faith.  We were negotiating a

1  settlement.  We got a number the day before.  This case should
2  have been done weeks ago, and we tried to resolve the matter
3  without coming here today, and we tried doing that, but the
4  defendants take the position that they're trolling for
5  sanctions, trying to make money off of this, and we are open to
6  settlement, the same number we discussed before the mediation.
7  If they didn't agree to the terms, we could have worked it out.
8      I am still hopeful and truly hope that defendant, in
9  good faith after this, we can go outside and try to discuss a
10 resolution so that we could resolve the case and move on.
11     THE COURT:  All right.  Even if you resolve the case,
12 as you know full well, with your history with me, that doesn't
13 necessarily resolve the sanctions if I decide to proceed with
14 that.  Be that as it may, my inclination is given the amount in
15 controversy or likely to be in controversy here, we should
16 severely limit the discovery, and I wonder if you need, either
17 side needs more than one deposition.
18     Your positions on that?
19     MR. LIEBOWITZ:  I believe that whoever posted the
20 photograph, if it was more than one person, we need to get one
21 or two people and then defendant's corporate representative.
22     THE COURT:  Mr. Newberg?
23     MR. NEWBERG:  The person involved, it is the same as
24 our corporate representative.  So it would be the individual,
25 30 (b)(6), the same day.  I do not know at this point that we