```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                :
ARTHUR USHERSON,                                :
                                                :
                              Plaintiff,        :       19-CV-6368 (JMF)
                                                :
              -v-                               :       MEMORANDUM OPINION
                                                :            AND ORDER
BANDSHELL ARTIST MANAGEMENT,                    :
                                                :
                              Defendant.        :
                                                :
-----------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Pending before the Court in this copyright case is Defendant Bandshell Artist Management's motion for sanctions against Plaintiff and Plaintiff's counsel, Richard Liebowitz — a frequent target of sanctions motions and orders imposing sanctions in this District. ECF No. 14; *see, e.g.*, *Rice v. NBCUniversal Media, LLC*, No. 19-CV-447 (JMF), 2019 WL 3000808, at *1 (S.D.N.Y. July 10, 2019) ("In his relatively short career litigating in this District, Richard Liebowitz has earned the dubious distinction of being a regular target of sanctions-related motions and orders. Indeed, it is no exaggeration to say that there is a growing body of law in this District devoted to the question of whether and when to impose sanctions on Mr. Liebowitz alone."). Defendant's motion turns in large part on the veracity of factual representations that Liebowitz has made to the Court, some under oath.[1] In particular, Liebowitz asserts that a mediator in the Court-annexed Mediation Program gave advance permission by telephone for

---

[1] Notably, Liebowitz's veracity has already been found wanting by other Judges on this Court. *See, e.g.*, Nov. 13, 2019 Minute Entry, *Berger v. Imagina Consulting, Inc.*, 18-CV-8956 (CS) (noting a finding on the record at a conference held on November 13, 2019, that Liebowitz had "willfully lied to the Court"); *Sands v. Bauer Media Group USA, LLC*, No. 17-CV-9215 (LAK), 2019 WL 6324866, at *2 & n.1 (S.D.N.Y. Nov. 26, 2019) (describing several statements made by Liebowitz as "false").

(1) an associate to appear instead of Liebowitz at an October 31, 2019 in-person mediation, and (2) Plaintiff Arthur Usherson to appear telephonically at the mediation, rather than in person. Defense counsel asserts that those representations are false — and that the mediator (the "Mediator") has indicated that, if called upon to do so, would testify to that effect. Determining the truth or falsity of Liebowitz's assertions is critical to the integrity of both the proceedings before the Court and the Court-annexed Mediation Program itself.

Determining the truth or falsity of Liebowitz's assertions, however, requires delving into an area that is usually beyond the scrutiny of the Court and the public. That is, to repurpose a familiar phrase, what happens in mediation is generally supposed to stay in mediation. *See, e.g.*, Rule 2(a), Procedures of the S.D.N.Y. Mediation Program (Dec. 26, 2018) ("Mediation Rules") (providing that communications made "exclusively during or for the mediation process shall be confidential"), *available at* https://nysd.uscourts.gov/programs/mediation-adr; *see also, e.g.*, *In re Teligent, Inc.*, 640 F.3d 53, 57 (2d Cir. 2011) ("Confidentiality is an important feature of the mediation and other alternative dispute resolution processes."). The general rule of confidentiality is eminently sound. As the Second Circuit has explained, "confidentiality is 'essential' to [the] . . . vitality and effectiveness" of mediation. *Id.* at 58. "Promising participants confidentiality in [mediation] proceedings promotes the free flow of information that may result in the settlement of a dispute, and protect[s] the integrity of alternative dispute resolution generally." *Id.* at 57-58 (internal quotation marks and citations omitted).

That said, there are important exceptions to the rule of confidentiality in the mediation context. For example, disclosure of confidential mediation communications is authorized upon a showing of "(1) a special need for the confidential material, (2) resulting unfairness from a lack of discovery, and (3) that the need for the evidence outweighs the interest in maintain

2

confidentiality." *Id.* at 58; *see also id.* at 58-59 (discussing the rules governing confidentiality of mediation communications and disclosure thereof set forth in the Administrative Dispute Resolution Act of 1996, 5 U.S.C. §§ 571 *et seq.*, and the Administrative Dispute Resolution Act of 1998, 28 U.S.C. §§ 651 *et seq.*). The Mediation Rules of this Court also allow for disclosure of "communications with the mediator" if "all parties agree, because [disclosure] is required by law, or because otherwise confidential communications are relevant to a complaint against a mediator or the Mediation Program arising out of the mediation." Mediation Rule 2(b). In other words, there are cases in which the strong interest in preserving confidentiality in mediation must — and does — give way to other, even weightier interests.

This is such a case. On October 7, 2019, the Court ordered the parties to comply with the Court's prior Mediation Referral Order, ECF No. 6, by participating in an "in-person mediation no later than October 31, 2019." *See* ECF No. 13. The parties agreed to hold the mediation on the very last possible day — October 31, 2019 — but neither Liebowitz nor his client appeared. *See* ECF No. 16 ("Newberg 1st Decl."), at ¶¶ 47-48. Instead, two associates from Liebowitz's firm — neither of whom had (or has since) entered an appearance on behalf of Plaintiff and neither of whom had much, if any, knowledge of the case — arrived and confirmed that Liebowitz and Plaintiff would not be attending in person. *Id.* After Liebowitz's associates, Defendant, and defense counsel spoke briefly with Plaintiff on the phone — the details of their conversation are not relevant to Defendant's motion and, thus, need not be made public — the mediation ended without a resolution. *See id.* ¶ 55; ECF No. 23 ("Freeman Decl."), at ¶ 15.

Liebowitz does not dispute that he and his client failed to appear in person at the mediation, but he contends that the Mediator gave him advance permission to send an associate in his place and for Plaintiff to appear by telephone. Specifically, at a conference before the

3

Court on November 14, 2019, Liebowitz stated on the record that he had "personally advised" the Mediator "before the mediation" that Plaintiff would not appear in person and that the Mediator had "said that was okay." ECF No. 27 ("Tr."), at 7.[2] Several days later, Liebowitz repeated this claim in a sworn declaration, and further averred that he had obtained the Mediator's permission for Freeman to appear as counsel instead of himself. *See* ECF No. 22 ("Liebowitz Decl."), at ¶ 13. Liebowitz made the same claims in Plaintiff's opposition to the sanctions motion. *See* ECF No. 21 ("Pl. Opp."), at 4; ECF No. 19, at 2. As noted, defense counsel disputes these assertions, stating in a declaration currently filed under seal that the Mediator told counsel that the Mediator never gave Liebowitz such permission and that the Mediator would testify to that effect if called as a witness. *See* Newberg 2d Decl. ¶¶ 23-25.

The need to resolve this dispute — and to rule on Defendant's motion — justifies a limited inquiry into Liebowitz's communications with the Mediator. Only the Mediator can clarify whether he did, in fact, give Liebowitz advance permission to depart from the Mediation Program's rules, which applied to the mediation by virtue of Local Civil Rule 83.9. These Rules mandate attendance by "[e]ach party," Mediation Rule 9(a); mandate attendance "by the lawyer who will be primarily responsible for handling the trial of the matter," Mediation Rule 9(c); and allow a party who "resides more than 100 miles from the Courthouse" for whom in-person appearance "would be a great hardship" to participate by telephone, but only with the permission of the assigned mediator, Mediation Rule 9(f). Shedding light on these issues is critical for determining whether Liebowitz complied with the Court's Orders (which incorporated the Local

---

[2] It is worth noting that the November 14, 2019 conference was only one day after Liebowitz had appeared before Judge Seibel in connection with the contempt proceedings in *Berger*, a proceeding in which he was taken to task for lying to the Court. *See supra* note 1.

Rules and the Mediation Rules by reference) and whether Liebowitz was truthful in his representations to the Court — some made under penalty of perjury.

The Court does not call upon the Mediator to involve himself further in this litigation lightly. A mediator should generally not be dragged into litigation beyond the mediation itself — both to protect the confidentiality of mediation communications and (mindful that the lawyers who serve as mediators in this Court's Mediation Program do so on a volunteer basis) to avoid disincentivizing lawyers from serving as mediators. In the unique circumstances of this case, however, it is necessary to call upon the Mediator to provide evidence. To minimize the burdens on him (and the Mediation Program generally), the Court will carefully limit the evidence required from the Mediator regarding his communications with Liebowitz. Moreover, rather than holding an evidentiary hearing in the first instance, the Court will proceed in steps, beginning with a declaration from the Mediator. In particular, the Mediator shall submit a declaration detailing any and all communications with Liebowitz regarding Liebowitz's personal attendance at the mediation and Plaintiff's participation by telephone in the mediation. The Mediator should specify whether (and if so, when and how) he gave Liebowitz permission (1) not to appear personally at the mediation (and to send an associate instead); and (2) for Plaintiff not to appear at the mediation in person and to appear by telephone instead.

Significantly, limiting the Mediator's disclosures to these issues protects the confidentiality of the information discussed at the mediation itself, which is the primary focus of the rule of confidentiality. *See Bernard v. Galen Grp., Inc.*, 901 F. Supp. 778, 784 (S.D.N.Y. 1995) ("The guarantee of confidentiality permits and encourages counsel to discuss matters [at mediation conferences] in an uninhibited fashion." (quoting *Lake Utopia Paper Ltd. v. Connelly Containers, Inc.*, 608 F.2d 928, 930 (2d Cir. 1979)). That is, the Court's inquiry concerns only a

5

narrow set of communications about procedural matters that occurred *before* the mediation proper — not communications about the substance of the case or the parties' settlement negotiations. Indeed, although Liebowitz casts aspersions on the conduct and good faith of Defendant and defense counsel during the mediation itself in his opposition papers, ECF Nos. 21-24, the Court will not permit inquiry into such matters. These allegations have no bearing on the veracity of Liebowitz's representations to the Court or the Court's resolution of Defendant's sanctions motion — and impinge more directly on the core of the rule of confidentiality.

To the extent that the Court's limited inquiry may still reach communications protected by the general rule of confidentiality, the parties have implicitly consented to disclosure through their submissions to the Court. *See* Mediation Rule 2(b) (allowing for disclosure of "communications with the mediator" if "all parties agree"). Moreover, this case falls squarely within the exceptions to the rule of confidentiality recognized by the Second Circuit in *Teligent*. Liebowitz's representations to the Court in response to Defendant's sanctions motion, including some under penalty of perjury, have created a special need for the confidential material. Failing to discover the limited information necessary to resolve this factual dispute would not only result in unfairness to Defendant, but would also threaten the integrity of the proceedings before the Court and the integrity of the Court-annexed Mediation Program itself. Given the nature of the communications sought and the careful restrictions the Court has drawn, any remaining interest in confidentiality is outweighed by the need for the Mediator's evidence.

There is one more matter impinging on the general rule of confidentiality that the Court must address: whether and to what extent the Mediator's declaration, the transcript of the November 14, 2019 conference, the motion papers filed thus far, and any future filings and proceedings should be made public. "Given the interest in maintaining the confidentiality of

negotiations and discussions conducted as part of the Court-annexed Mediation Program," the Court issued an Order on November 20, 2019 that temporarily sealed any filings made in connection with the sanctions motion pending a final determination by the Court and directed the parties to file letters stating "their views on whether and to what extent the motion filings should remain under seal given the strong presumption in favor of public access to judicial documents." ECF No. 26.  Amazingly, Liebowitz did not comply with the Court's Order by filing a letter.  Defendant did comply, stating that sealing is not necessary.  ECF No. 33.

For the most part, the Court agrees with Defendant and concludes that the presumption in favor of public access to judicial documents and judicial proceedings requires that the filings and proceedings relating to the sanctions motion should be public.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  The presumption in favor of public access is especially weighty here, as Defendant has filed a formal motion asking the Court to exercise its coercive authority in the form of sanctions.  *See id.* at 123-24.  In addition, the public has a strong interest in knowing about the additional aspersions cast on Liebowitz's truthfulness.  Following the Court's warning to "be very, very, very careful" about any representations made to the Court, *see* Tr. at 7, Liebowitz repeatedly asserted — both in person and in filings — that his and his client's absences from the mediation were justified because he had received permission in advance.  The public — including other litigants — and other judges who may come into contact with Liebowitz, a frequent litigant in this District, have an interest in the Court's determination of the veracity of these representations.

By contrast, the considerations cutting against public access here are generally weak.  As discussed, the interest in confidentiality with respect to the communications that are relevant to the Court's inquiry is limited.  The parties have also expressed no objections to unsealing.

7

Nevertheless, the Court concludes that some redactions are warranted to preserve the confidentiality of substantive mediation discussions and the integrity of the Mediation Program. Specifically, the allegations made in the parties' submissions about the parties' conduct at the mediation proper — and, in particular, the content of their negotiations — shall be redacted, as they have no bearing on the sanctions motion and directly implicate the core purpose of the rule of confidentiality. The same is true of the identities of the Mediator and court employees working in the Court-annexed Mediation Program, which shall also be redacted to protect their privacy. The Court finds that the presumption in favor of public access is much weaker as to those portions of the motion papers, and the countervailing interests are stronger.

The Court has reviewed the parties' motion papers and will file on the public docket versions of their submissions redacted in accordance with the discussion above. The unredacted versions shall be filed and maintained under seal. All future filings in connection with the sanctions motion shall be filed publicly, but, absent further order of the Court, shall (1) be limited to the issues of whether Liebowitz obtained advance permission from the Mediator for an associate to appear at the mediation instead of himself and for Plaintiff to participate in the mediation by telephone; and (2) not include the names of the Mediator or any court employees working in the Mediation Program (or, if need be, shall redact their names). No other filings in connection with the sanctions motion are permitted absent leave of the Court.

The Director of the Court-annexed Mediation Program is directed to provide a copy of this Memorandum Opinion and Order to the Mediator, who shall submit a declaration, consistent with the directions above, by **December 18, 2019**. The Mediator should do so, in the first instance, by e-mail to Furman_NYSDChambers@nysd.uscourts.gov so that the Court can review

8

the declaration and redact it as appropriate. Upon review of the Mediator's declaration, the Court will decide what, if any, further proceedings are necessary to resolve Defendant's motion.

SO ORDERED.

Dated: December 9, 2019
New York, New York

_____
JESSE M. FURMAN
United States District Judge