## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTHUR USHERSON, | |
| **Plaintiff,** | |
| v. | **Docket No. 1:19-cv-6368-(JMF)** |
| BANDSHELL ARTIST MANAGEMENT | |
| **Defendant.** | |

## SECOND DECLARATION OF BRAD R. NEWBERG IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS

I, Brad R. Newberg, declare:

1. I am an attorney licensed to practice in the United States District Court for the Southern District of New York.

2. I am a partner in the Intellectual Property department of McGuireWoods LLP, which represents Defendant Bandshell Artist Management ("Defendant" or "Bandshell").

3. I make this Second Declaration in support of Defendant's Motion for Sanctions.

4. I refer the Court to my November 5 Declaration in Support of Defendant's Motion for Sanctions for a more detailed recitation of the events of this case. I have reviewed that Declaration and still stand by all of the statements therein.

5. I have further reviewed the Declaration of Mark J. McKenna, and agree with his recitation therein for all events at which I was present.

6. I make this Second Declaration only to add on to my initial Declaration and the Declaration of Mr. McKenna.

7.  I do want to reiterate that after the Mediation Office denied Mr. Liebowitz's request for him and his client to appear at the mediation by telephone, and after this Court also denied his request, and both the Mediation Office instructed and this Court Ordered an in-person mediation, I emailed Mr. Liebowitz and gave him dates to choose from with the specific statement that he should choose one where he could be available and Mr. Usherson was available to fly to New York. *See also* my initial Declaration at ¶ 28, Ex. 6. He chose the last possible date according to the Court Order, October 31.

8.  At no point from the Court's October 7 Order until the October 31 mediation date did Mr. Liebowitz ever suggest that he or his client might not attend the mediation.

9.  The documentary evidence shows that even as late as October 30, I and the mediator were under the impression that Mr. Liebowitz (as lead and only admitted counsel) and Mr. Usherson would be at the mediation in person. *See also* my initial Declaration at ¶ 36, Ex. 8.

10. To be clear, Mr. Freeman and Ms. Liebowitz's sister did *not* arrive at the mediation at 11:46 am as their Declarations state. As stated in my prior Declaration, my client and I arrived at 11:45 am and spoke with the mediator for approximately ten-fifteen minutes before Mr. Freeman and Ms. Liebowitz arrived at approximately noon.

11. The meeting was over by no later than 12:15, and the portion with Mr. Usherson on speakerphone lasted approximately two minutes.

12. ███████████████████████████████████████████████████
    ███████████████████████████████████████████████████
    ███████████████████████████

2

13. ███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

██████████████████████████

14. After the meeting, my client and I retrieved our phones from security, and then walked

to and took the subway together, with me getting off at Penn Station.

15. I would have liked to change my train right away, but I did not have adequate reception

on the subway, and so I had to wait until I arrived at Penn Station.  As my receipts

show, my transaction to change to the next available train occurred at 12:38 pm, and I

ate lunch in the train station at 1:02 pm.

16. Mr. Liebowitz states that despite the Mediation Procedures, this Court's Orders, and

the instructions from the Mediation Office, he received permission from the mediator,

████████████ to send an associate not admitted to this case in his place and to have

Mr. Usherson not attend, but be available by phone.

17. As **all** of the documentary evidence suggests this to be untrue, Mr. Liebowitz says this

permission occurred by phone.

18. Mr. Liebowitz was directly asked by the Court during the November 14 conference

when this supposed conversation occurred.

19. Mr. Liebowitz stated "I don't know the exact date, but it was before the mediation, and

he said yes."  A copy of the transcript pages showing Mr. Liebowitz's discussion with

the Court on this subject are attached as Exhibit 1 to this Declaration.

3

20. Mr. Liebowitz still does not answer that question in his declaration, just stating that it was prior to October 31.

21. Because I was concerned at what appeared to be false statements being made to the Court by Mr. Liebowitz, on November 19, 2019, I called the mediator, ███████████.

22. I did not ask ███████ for a Declaration because I did not believe that would be appropriate, but ███████ informed me that he would make himself available if the Court decided to hold an evidentiary hearing.

23. ███████ told me that he has conducted various mediations with parties represented by Mr. Liebowitz, and that there have been other mediations where he allowed Mr. Liebowitz's client to appear by phone, but he stated clearly and pointedly to me that **this was not one of them**.

24. ███████ also made clear that he had no knowledge that Mr. Liebowitz would not be at the mediation until the night of October 30 when Mr. Liebowitz called and *informed* him (without asking for approval) that Mr. Liebowitz was out of town and that Mr. Liebowitz's associate would be at the mediation instead.

25. ███████ stated that no mention was made of Mr. Usherson at all, and he only found out that Mr. Usherson would not be at the mediation when Defendant's counsel did, that is, when Mr. Freeman and Mr. Liebowitz's sister informed Defendant, Defendant's counsel, and the mediator of that fact when they arrived at the mediation.

26. In September, 2019, Mr. Liebowitz told me it would take $25,000 to settle this case.

27. When he did not seem willing to budge much, if at all, from this demand, my client authorized me to serve Plaintiff with a Rule 68 Offer of Judgment, which I did. Plaintiff did not accept or respond to that offer.

28. Plaintiff did not make another offer before I was contacted by the mediator on October 30 via email to tell me that he believed Plaintiff would settle for much less than Plaintiff's original demand. A true and correct copy of that email (with the number redacted) is attached as Exhibit 2 to this Declaration.

29. After communicating with my client, I made an offer, and the offer made clear that it was contingent on "if and only if a signed settlement agreement can be effectuated today" and stated: "I should be clear that this offer expires this evening and will likely not be offered again, including at mediation tomorrow." ███████ responded that he would forward the offer on "clearly advising him that this is the last and final offer and is likely to decrease if not accepted." A true and correct copy of that email (with the numbers redacted) is attached as Exhibit 3 to this Declaration.

30. ███████ did indeed forward my offer and its contingent nature to Mr. Liebowitz, adding in his own language to make that point additionally clear. ███████



A true and correct copy of that email (with the number redacted) is attached as Exhibit 4 to this Declaration.

31. Mr. Liebowitz did not advise whether Plaintiff accepted the offer and Mr. Liebowitz's question made no sense, so I thought that the only possible way we night be able to

settle this case on October 30 was to send a full proposal for signature. I sent a draft proposal to the mediator for Plaintiff's review, and the mediator sent it on. My email stated: "In trying to make this easy given that the mediation is scheduled for tomorrow and I will be offline for the night shortly, I have created a settlement agreement, which is attached. **Mr. Usherson can sign the agreement tonight without edits and we can be done. Otherwise, we will see Mr. Liebowitz and Mr. Usherson tomorrow** and we can continue discussing the possibility of settlement at the mediation (although as you have noted [meaning as ███████ had already noted to Mr. Liebowitz in writing], the    $[ ] offer will be off the table)." (emphasis added). A true and correct copy of that email (with the number redacted) is attached as Exhibit 5 to this Declaration.

32. Mr. Liebowitz rejected my draft proposal, making revisions instead. He sent these revisions at 4:14 am on October 31, and his email stated that his revisions "can be discussed at the mediation." *See* my first Declaration, Ex. 9.

33. ████████████████████████████████████████

████████████████████████████████████████

████████████████████ If the Court requests, I can provide a sealed copy of the proposal that was sent on October 30.

34. ████████████████████████████████████████



35. If the Court calls for an evidentiary hearing, I am happy to answer any questions the Court may have.

36. I have checked my schedule and, due to travel schedules around the holidays, I respectfully request that if any hearing is called, it be any day during the week of December 9.  I have spoken with Mr. McKenna and he could testify December 9, 12, or 13 of that week.

37. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: November 25, 2019

Brad R. Newberg (#BN1203)

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing Second Declaration of Brad R. Newberg with the

Clerk of the Court using the CM/ECF system on this 25th day of November, 2019, which constitutes service on

Plaintiff, a registered user of the CM/ECF system pursuant to Fed. R. Civ. P. 5(b)(2)(E).

Dated: November 25, 2019

/s/ Brad R. Newberg
Brad R. Newberg (#BN1203)
McGuireWoods LLP
1750 Tysons Blvd.
Tysons Corner, VA 22102
T: 703-712-5061
F: 703-712-5050
bnewberg@mcguirewoods.com

*Attorney for Defendant Bandshell Artist Management*

8

# Exhibit 1

JBEJUSHC                    Conference

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  ARTHUR USHERSON,

4              Plaintiff,

5          v.                          19 Civ. 6368 JMF

6  BANDSHELL ARTIST MANAGEMENT,

7              Defendant.

8  ------------------------------x

9

10                                 November 14, 2019
                                   4:00 p.m.
11

12

13  Before:

14                    HON. JESSE M. FURMAN,

15                                      District Judge

16

17                    APPEARANCES

18

   LIEBOWITZ LAW FIRM, PLLC
19       Attorneys for plaintiff
   BY:   RICHARD LIEBOWITZ, Esq.
20       JAMES FREEMAN, Esq.
               Of counsel
21

22  McGUIRE WOODS, LLP
        Attorneys for defendant
23  BY:   BRAD RICHARD NEWBERG, Esq.
               Of counsel
24

25

                SOUTHERN DISTRICT REPORTERS, P.C.
                       (212) 805-0300

JBEJUSHC                    Conference

1   31, and I arrived with my client to find no Mr. Liebowitz, no

2   Mr. Usherson.

3           So to say that it lasted 45 minutes, to say Mr.

4   Usherson was on the phone the entire substance, to say

5   plaintiff obtained permission from the assigned mediator to say

6   nothing in this Court order or mediation rules say lead counsel

7   needs to be at the mediation, to say Mr. Freeman, who made no

8   appearance, and clearly asked me about the case, did not have

9   knowledge of the case, to say all of these things in this

10  letter, each one of those is specifically false.

11          The emails I attached to my motion, including the

12  receipts I attached, showed various timelines, showed continued

13  reminders Mr. Liebowitz and his client had to be there.  Even

14  the documentary evidence shows many of these statements are

15  false.  That is as brief as I can be.  I apologize.

16          THE COURT:  All right.  Mr. Liebowitz?  Mr. Freeman?

17          MR. LIEBOWITZ:  Yes.  I will represent to the Court

18  that James Freeman is my colleague who works in my law firm,

19  and he knows the facts of the cases that I filed, and he was

20  ready, fully prepared at the mediation.  My sister that just

21  recently passed the Bar, she came as well and she's a member of

22  this Court as well.

23          THE COURT:  She is admitted to this Court?

24          MR. LIEBOWITZ:  Yes, she is admitted.  Two lawyers

25  came that were familiar with the facts.  I said to the

JBEJUSHC                    Conference

1    mediator, according to the mediation rules -- and a lot of the

2    magistrates have this rule -- saying if they are a hundred

3    miles away from the courthouse, you can appear telephonically.

4    When I spoke to the mediator, he said yes.  The reason for this

5    is because --

6            THE COURT:  Mr. Liebowitz, I want to caution you that

7    you're already in a lot of hot water in this Court, and I think

8    you know that.  In that regard, I would be very, very, very

9    careful about the representations you make to me.

10           If you prefer to let Mr. Freeman do the speaking, that

11   is one thing, although they are still representations on your

12   behalf.  When did you advise ██ ███████ Mr. Usherson was not

13   going to appear in person?

14           MR. LIEBOWITZ:  I don't know the exact date, but it

15   was before the mediation, and he said yes.

16           THE COURT:  In what means did you do that?

17           MR. LIEBOWITZ:  It was telephone.

18           THE COURT:  And you personally advised him?

19           MR. LIEBOWITZ:  I personally.

20           THE COURT:  And he said that was okay?

21           MR. LIEBOWITZ:  He said that was okay.

22           THE COURT:  Is there a reason you didn't tell Mr.

23   Newberg that Mr. Usherson wasn't coming?

24           MR. LIEBOWITZ:  I thought the mediator was going to

25   tell him he was going to appear telephonically.  The rule says

JBEJUSHC                    Conference

1    to let the mediator know.  Whether or not the mediator told

2    him -- I worked with the mediator before, and this has never,

3    never, ever been an issue, and I believe he does help the other

4    side appear telephonically.

5              The reason for having this rule mediation rule in the

6    mediation program, I guess one of the purposes, you know, is

7    to, you know, limit the costs of the litigation.

8              Now, Mr. Freeman and Ms. Liebowitz attended the

9    mediation, were fully prepared, and Mr. Freeman can talk about,

10   because he was actually there, what happened.  ███████  ██████

11   ███████████████████████████████████████████████████████████

12   ████████████████████████████████████████████  ████████████

13   ██████████████████

14             THE COURT:  You told me in the letter.

15             MR. LIEBOWITZ:  ███████████████████████████████  ██

16   ████████████████████████  ████████████████████████████████

17   ████████████  ████  ████████████████████████████████████

18   █████████████████████████  ███████████████████████████  ██

19   ████████████████████████████████████████████

20   ███████████████  ███████████████████████████████████████

21   ██████████████████████████  ████████████████████████████

22   ████████████████████  █████████████████████████████████

23        ██████████████████████  ████  █████████████████████████

24   ████  ████  ████████████  ████████████  █████████████████████

25   ████████  ████████████████████████████  █████████████████████

JBEJUSHC                    Conference

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

Mr. Freeman, I guess, can take it from there exactly what happened, but --

THE COURT:  All right.  Mr. Freeman.

MR. FREEMAN:  Yes.  Thank your Honor.

In terms of my personal knowledge of this case, I learned about the existence of the case at approximately 8:00 o'clock pm on October 30th, so it was the night before the mediation.  Mr. Liebowitz had indicated that there was a settlement in principle regarding the price.  There was an actual settlement agreement that was being circulated, which I did review.

I did review the complaint.  I reviewed the exhibits to the complaint.  I reviewed the copyright registration, and I also had email correspondence with Mr. Usherson the evening before, and it was clear he was in Georgia.

So the next morning I arrived at 40 Foley Square downstairs with Ms. Liebowitz, just recently admitted.  We did walk in.  I had no knowledge one way or the other as to what clearances were made in terms of telephonic appearances, but I can attest to the Court, having personally participated in dozens of mediations in this district, that the ordinary custom

**Exhibit 2**

## Newberg, Brad R.

**From:**
**Sent:**          Wednesday, October 30, 2019 9:07 AM
**To:**            Newberg, Brad R.
**Subject:**       Mediation

had a long, frank talk with Mr Liebowitz last night and I believe that he would settle for         . I do not know
if this is of any interest to you but believe that I should engine. please advise. Regards.

**Exhibit 3**

## Newberg, Brad R.

| | |
|---|---|
| **From:** | |
| **Sent:** | Wednesday, October 30, 2019 3:20 PM |
| **To:** | Newberg, Brad R. |
| **Cc:** | Shafer, Michael A. |
| **Subject:** | Re: Mediation |

Will forward to mr Liebowitz clearly advising him that this is the last and final offer and is likely to decrease if not accepted. Stay tuned

On Wednesday, October 30, 2019, 03:10:25 PM EDT, Newberg, Brad R. <bnewberg@mcguirewoods.com> wrote:

I have discussed this matter with my client, and while he cannot possibly agree to pay        in this matter, he has agreed that, if and only if a signed settlement agreement can be effectuated today with a full release of Bandshell, its owners, employees, agents, and clients (including David Bromberg and his band or anyone else related to Mr. Bromberg or the band members) concerning the use of Mr. Usherson's photograph and any other claims of any type, known or unknown, Bandshell will pay

I should be clear that this offer expires this evening and will likely not be offered again, including at mediation tomorrow.

Thanks very much.

**Brad R. Newberg**
McGuireWoods LLP
T: +1 703 712 5061 | M: +1 703 772 6787

**From:**
**Sent:** Wednesday, October 30, 2019 9:45 AM
**To:** Newberg, Brad R. <BNewberg@mcguirewoods.com>
**Subject:** Re: Mediation

1

Thanks

<u>Sent from Yahoo Mail for iPhone</u>

On Wednesday, October 30, 2019, 9:44 AM, Newberg, Brad R. <<u>BNewberg@mcguirewoods.com</u>> wrote:

I will discuss with my client. Thanks.

Brad R. Newberg

McGuireWoods LLP

On Oct 30, 2019, at 9:07 AM, ███████████████████████████ wrote:

had a long, frank talk with Mr Liebowitz last night and I believe that he would settle for
   I do not know if this is of any interest to you but believe that I should engine.
please advise. Regards ████████

*This e-mail from McGuireWoods may contain confidential or privileged information. If you are not the
intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to
others.*

**Exhibit 4**

## Newberg, Brad R.

**From:**
**Sent:**          Wednesday, October 30, 2019 5:33 PM
**To:**            Newberg, Brad R.
**Subject:**       Fw: Mediation

???

Sent from Yahoo Mail for iPhone

Begin forwarded message:

On Wednesday, October 30, 2019, 5:28 PM, Richard Liebowitz <RL@liebowitzlawfirm.com> wrote:

A full release related to the photo? I am sure my client will allow them to use the photo on their facebook page but they need to have a credit. Can my client then use the photo on T-shirts, he needs the bands permission?

On Wed, Oct 30, 2019 at 1:12 PM                                          wrote:
talked to Brad. Unsurprisingly he wants a full release; in effect a license to use the photo as you have given in other settlements. by paying the            they want to say good-bye to you

On Wednesday, October 30, 2019, 03:32:58 PM EDT, Richard Liebowitz <rl@liebowitzlawfirm.com> wrote:

Will let you know. Waiting for client to get back to me.

On Wed, Oct 30, 2019 at 12:18 PM                                          wrote:
This is the last and FINAL offer from defendant. Please advise me ASAP whether acceptable or not

I have discussed this matter with my client,  if and only if a signed settlement agreement can be effectuated today with a full release of Bandshell, its owners, employees, agents, and clients (including David Bromberg and his band or anyone else related to Mr. Bromberg or the band members) concerning the use of Mr. Usherson's photograph and any other claims of any type, known or unknown, Bandshell will pay

I should be clear that this offer expires this evening and will likely not be offered again, including at mediation tomorrow.

*Woods may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.*

--
Best,

Richard Liebowitz, Esq.
Liebowitz Law Firm, PLLC
t.516-233-1660
RL@LiebowitzLawFirm.com
www.LiebowitzLawFirm.com

*******************************************************************
This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
*******************************************************************
--
Best,

Richard Liebowitz, Esq.
Liebowitz Law Firm, PLLC
t.516-233-1660
RL@LiebowitzLawFirm.com
www.LiebowitzLawFirm.com

*******************************************************************
This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
*******************************************************************

**Exhibit 5**

## Newberg, Brad R.

| | |
|---|---|
| **From:** | Newberg, Brad R. |
| **Sent:** | Wednesday, October 30, 2019 6:34 PM |
| **To:** | |
| **Subject:** | RE: Mediation |
| **Attachments:** | Usherson-Bandshell Draft Settlement Agreement.pdf |

I'm not sure exactly what he means through his question since his client isn't selling us the copyright, but is giving my client a license. We do not have an issue with credit on future uses.

In trying to make this easy given that the mediation is scheduled for tomorrow and I will be offline for the night shortly, I have created a settlement agreement, which is attached. Mr. Usherson can sign the agreement tonight without edits and we can be done. Otherwise, we will see Mr. Liebowitz and Mr. Usherson tomorrow and we can continue discussing the possibility of settlement at the mediation (although as you have noted, the        offer will be off the table).

Thanks for your help on this.

**Brad R. Newberg**
McGuireWoods LLP
T: +1 703 712 5061 | M: +1 703 772 6787

**From:**
**Sent:** Wednesday, October 30, 2019 5:33 PM
**To:** Newberg, Brad R. <BNewberg@mcguirewoods.com>
**Subject:** Fw: Mediation

???

Sent from Yahoo Mail for iPhone

Begin forwarded message:

On Wednesday, October 30, 2019, 5:28 PM, Richard Liebowitz <RL@liebowitzlawfirm.com> wrote:

> A full release related to the photo? I am sure my client will allow them to use the photo on their facebook page but they need to have a credit. Can my client then use the photo on T-shirts, he needs the bands permission?
>
> On Wed, Oct 30, 2019 at 1:12 PM                                              wrote:
>
>> talked to Brad. Unsurprisingly he wants a full release; in effect a license to use the photo as you have given in other settlements. by paying the        they want to say good-bye to you
>>
>> On Wednesday, October 30, 2019, 03:32:58 PM EDT, Richard Liebowitz <rl@liebowitzlawfirm.com> wrote:

1

Will let you know. Waiting for client to get back to me.

On Wed, Oct 30, 2019 at 12:18 PM ████████████████████████████████ wrote:

This is the last and FINAL offer from defendant. Please advise me ASAP whether acceptable or not

████████████████

I have discussed this matter with my client,  if and only if a signed settlement agreement can be effectuated today with a full release of Bandshell, its owners, employees, agents, and clients (including David Bromberg and his band or anyone else related to Mr. Bromberg or the band members) concerning the use of Mr. Usherson's photograph and any other claims of any type, known or unknown, Bandshell will pay

I should be clear that this offer expires this evening and will likely not be offered again, including at mediation tomorrow.

> *Woods may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.*

--
Best,

Richard Liebowitz, Esq.
Liebowitz Law Firm, PLLC
t.516-233-1660
RL@LiebowitzLawFirm.com
www.LiebowitzLawFirm.com

********************************************************************
This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
********************************************************************

--
Best,

Richard Liebowitz, Esq.
Liebowitz Law Firm, PLLC
t.516-233-1660
RL@LiebowitzLawFirm.com
www.LiebowitzLawFirm.com

*****************************************************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

*****************************************************************