UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ARTHUR USHERSON,

                      Plaintiff,

      -v-

BANDSHELL ARTIST MANAGEMENT,

                      Defendant.
------------------------------------------------------------------------X

19-CV-6368 (JMF)

ORDER

JESSE M. FURMAN, United States District Judge:

In accordance with the Court's Memorandum Opinion and Order dated December 9, 2019, the Mediator submitted to the Court the attached Declaration, which the Court has redacted to remove references to the Mediator's name. No later than **noon** on **December 16, 2019**, Mr. Liebowitz shall file a letter on ECF indicating if he believes that an evidentiary hearing is necessary to resolve Defendant's motion. In the absence of such a request, the Court will treat the facts set forth in the Mediator's declaration as uncontested.

      SO ORDERED.

Dated: December 11, 2019
       New York, New York

                                         JESSE M. FURMAN
                                         United States District Judge

1. █████████ under penalty of perjury, states as follows, I was the appointed mediator in the above referenced case and I requested the parties to give me a couple of mutually agreeable dates.

2. Some time thereafter I received a communication from Mr. Liebowitz asking whether I would agree to conduct the mediation telephonically since the attorney for the defendant was located in Virginia. I agreed if it was mutually agreeable and informed the office of mediation.

3. After this agreement was communicated to mediation I received a call informing me that it was office policy for mediations to be in person.

4. I so informed the parties and requested that they confer and give me a date for an in person mediation. I was informed by Mr. Liebowitz that the parties agreed to October 31, 2019 at the offices of the mediation office at the courthouse.

5. On the date prior to the mediation I conferred with attorneys for both parties as to the status of negotiations. While the parties were somewhat close to resolving the matter no ultimate agreement was reached.

6. That evening I talked to Mr. Liebowitz and was informed that the mediation was on. He did not inform me that he would not personally appear but through an associate. But I have mediated a few prior mediations involving Mr. Liebowitz where on at least one occasion that office appeared by an associate without incident.

7. At no time was I informed that the plaintiff would not personally appear but would be available by telephone. I should say that in a few prior mediations his client appeared by telephone without incident. On this occasion no discussion was had by me as to client appearance.

8. It was only on the day of the mediation that I was informed by defendant's counsel that the October 31, date was agreed to specially because both attorneys and more importantly their respective client would personally appear. Frankly this was news to me.

9. Mr. Liebowitz's associate appeared and at the conclusion of the mediation his client by telephone, but no agreement was reached partly I believe because of the lack of personal appearance which were allegedly agreed to by counsel.

Dated;

December 10, 2019