**Liebowitz Law Firm, PLLC**
Attorneys for the Photographic Arts

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
www.LiebowitzLawFirm.com

December 16, 2019

**By ECF**

Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    <u>Usherson v. Bandshell Artist Management, 1:19-cv-06368 (JMF)</u>.

Dear Judge Furman:

      We represent Arthur Usherson in the above-entitled copyright matter. Pursuant to this Court's Order, dated December 11, 2019, we write to inform the Court that Mr. Liebowitz, plaintiff's counsel, hereby contests certain statements proffered by the Mediator in his declaration [Dkt. #39, pp. 2-3] but respectfully submits that an evidentiary hearing is not warranted.

      As illustrated below, some of the Mediator's statements are squarely contradicted by defense counsel's declaration, submitted on November 6, 2019 [Dkt. #16, ¶¶ 46-47], concerning the key facts which form the basis of Defendant's motion for sanctions. These contradictions warrant denial of the Defendant's motion for sanctions. In the event that the Court does not find the evidence sufficient to rule on the paper submissions, then a hearing should be conducted to resolve the factual disputes.

**Point I:** **THE MEDIATOR CORROBORATES KEY ASPECTS OF MR. LIEBOWITZ'S TESTIMONY**

      A.    **The Mediator Admits that A Teleconference Took Place on October 30**

      By way of declaration, the Mediator admits a telephone conversion took place between himself and Mr. Liebowitz on October 30, 2019, the night before the mediation session [Mediator Declr., Dkt. #39, ¶ 6 ("That evening I talked to Mr. Liebowitz and was informed that the mediation was on.") Thus, the Mediator has corroborated Mr. Liebowitz's testimony before the Court that a telephone conversion was had prior to the mediation.

      B.    **The Mediator Admits that There Was An Existing Custom and Practice of Granting Mr. Liebowitz's Clients Permission to Appear Telephonically**

      The Mediator also admits that in "a few prior mediations" (i.e., more than one), the Mediator routinely granted permission for Mr. Liebowitz's clients to appear telephonically and for his associate to personally attend in his stead. [*Id.* at ¶ 6 ("I have mediated a few prior



mediations involving Mr. Liebowitz where on at least one occasion that office appeared by an associate without incident."); *Id.* at ¶ 7 ("I should say that in a few prior mediations his client appeared by telephone without incident."). This again corroborates Mr. Liebowitz's testimony and establishes a "pattern or practice" of conduct showing that Mr. Liebowitz harbored a good faith belief that the requisite permissions were granted by the Mediator in this case.

Indeed, the Mediator granted Mr. Liebowitz's clients permission to appear telephonically in five (5) previous cases. *Emerson v. Telepictures Productions Inc.,* 19-cv-4247 (VEC); *Mottram v. Onion, Inc.,*19-cv-02224-VEC; *McGovern v. Q Digital Inc.*,19-cv-05956 (VM); *Pereira v Source Digital*, 19-cv-1820 (VEC), *Sadowski v. Seeking Alpha, Inc.*, No. 18-cv-09193-VM. In the latter case, *Sadowski*, the Mediator granted Mr. Liebowitz permission to send an associate on his behalf.

**Point II:**      **DEFENSE COUNSEL ALSO CORROBORATES MR. LIEBOWITZ'S TESTIMONY**

**A.**   **Before the Mediation Session Began, The Mediator Advised Defense Counsel That Mr. Liebowitz Would Not be Attending**

The Mediator states that Mr. Liebowitz "did not inform [the Mediator] that he would not personally appear but through an associate." [Dkt. #39, p. 2, ¶ 6] While this statement conflicts with that of Mr. Liebowitz, it must be emphasized that opposing counsel actually corroborates Mr. Liebowitz's testimony that such notification was provided.

Specifically, on November 6, 2019, just six days after the mediation session, Brad R. Newberg, Esq. swore as follows:

> "On October 31, I arrived in New York, met with my client to prepare for the mediation and entered the mediation room with my client at 11:45 a.m. for the noon mediation. At this point, <u>I was told for the first time by [the Mediator] that he had gotten word that Mr. Liebowitz would not be attending the mediation, and that Mr. Liebowitz's associate would be attending instead, and he did not know whether, but doubted Mr. Usherson would be attending</u>." [Newberg Declr., Dkt. # 16, ¶¶ 46-47 (underlined added)]

As such, both Mr. Liebowitz and Mr. Newberg have testified that the Mediator was, in fact, notified *prior to* the mediation session that Mr. Liebowitz's associate would be attending in his stead.

**B.**   **Before the Mediation Session Began, The Mediator Advised Defense Counsel That He "Doubted" Mr. Usherson Would be Attending in Person**

With respect to Mr. Usherson's telephonic appearance, the Mediator states that "[a]t no time was I informed that the plaintiff would not personally appear but would be available by telephone." [Dkt. #39, p. 2, ¶ 7] But once again, Mr. Newberg's declaration reveals that the Mediator knew (or at least suspected) that Mr. Usherson would not be attending in person. Newberg testified that the Mediator "doubted Mr. Usherson would be attending." [Dkt. # 16, ¶

2

Liebowitz Law Firm, PLLC

47] Under these circumstances, it is evident that Mr. Liebowitz notified the Mediator that Mr. Usherson would be appearing telephonically and that such request was granted.

### Conclusion

Based on the foregoing, there is no evidentiary basis upon which to impose sanctions against Mr. Liebowitz. Accordingly, the motion for sanctions should be denied. In the event that the Court finds a hearing is warranted, then we intend to participate in good faith.

Respectfully submitted,

**s/richardliebowitz/**
Richard Liebowitz

*Counsel for Plaintiff Arthur Usherson*