**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ARTHUR USHERSON, | |
| Plaintiff, | |
| v. | Docket No. 1:19-cv-6368 (JMF) |
| BANDSHELL ARTIST MANAGEMENT, | |
| Defendant. | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF BANDSHELL ARTIST**
**MANAGEMENT'S MOTION FOR SECURITY FOR COSTS AND FEES**

MCGUIREWOODS LLP
Brad R. Newberg (#BN1203)
McGuireWoods LLP
1750 Tysons Blvd.
Tysons Corner, VA 22102
T: 703-712-5061
F: 703-712-5050
bnewberg@mcguirewoods.com

*Attorney for Defendant Bandshell*
*Artist Management*

i

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ............................................................................. 1

ARGUMENT .................................................................................................... 3

A.   Plaintiff Fails to Address the Vast Majority of Defendant's Facts and Argument .... 3

B.   Plaintiff's Rule 68 Arguments Have Been Rejected *Over and Over* by This Court .... 4

C.   The Uncertain Financial Ability of Plaintiff and His Citizenship Do Not Overcome the Other Factors ........................................................................ 6

D.   Plaintiff's Claim that a Court-Issued Judgment Is More Favorable than an Offer of Judgment Has Been Rejected by This Court ............................................. 7

E.   Even if He Won on Liability, Plaintiff Would Be Unlikely to Get More than the Statutory Minimum ........................................................................ 8

F.   Court Orders Have Already Been Violated in *This* Case and Plaintiff Should Have to Live with the Consequences of His Choice of Attorney ............................. 8

G.   There Are Real Costs and Fees Involved in Moving Forward on This Case ............. 9

CONCLUSION ................................................................................................ 10

**<u>TABLE OF AUTHORITIES</u>**

**Cases**

*Baker v. Urban Outfitters, Inc.* ............................................................................ 3, 5
431 F. Supp.2d 351 (S.D.N.Y. 2006)

*Boisson v. Banian Ltd.* ........................................................................................ 4
221 F.R.D. 378 (E.D.N.Y. 2004)

*Cruz v. Am. Broad Cos.* ................................................................................... 1, 2, 6
2017 WL 5665657 (S.D.N.Y. Nov. 17, 2017)

*Kensington Int'l Ltd. v. Republic of Congo* ..................................................... 7
2005 WL 646086 (S.D.N.Y. Mar. 21, 2005)

*Lee v. W. Architecture and Landscape Architecture, LLC* ................................. passim
No. 18-cv-5820 (PKC)(CLP) (E.D.N.Y. May 28, 2019)

*Liebowitz v. Galore Media, Inc.* ......................................................................... 1, 2, 6, 7
2018 WL 4519208 (S.D.N.Y. Sept. 20, 2018)

*Mango v. Democracy Now! Productions, Inc.* ................................................... 1, 4, 6, 7
2019 WL 6179065 (S.D.N.Y. May 28, 2019)

*Mango v. Democracy Now! Productions, Inc.* ................................................... passim
2019 WL 3325842 (S.D.N.Y. July 24, 2019)

*Psihoyos v. John Wiley & Sons, Inc.* ................................................................. 8
2012 WL 5506121 (S.D.N.Y. Nov. 7, 2012)

*Rice v. Musee Lingerie, LLC* ............................................................................ 1, 2, 5, 8
2019 WL 2865210 (S.D.N.Y. July 3, 2019)

*Rice v. Musee Lingerie, LLC* ............................................................................ 1, 4, 6, 7
2019 WL 5963007 (S.D.N.Y. Apr. 24, 2019)

*Sadowski v. JSN Global Media, Inc.* ................................................................. 1, 6
No. 18-cv-1392 (LAP) (S.D.N.Y. Dec. 3, 2018)

*Sands v. Bauer Media Group USA, LLC* ........................................................... 1, 2, 5
2019 WL 4464672 (S.D.N.Y. Sept. 18, 2019)

*Sands v. Bauer Media Group USA, LLC* ........................................................... 1, 6
2018 WL 9988044 (S.D.N.Y. Nov. 30, 2018)

*Scott v. JPMorgan Chase & Co.* ....................................................................... 3
2014 WL 338753 (S.D.N.Y. Jan. 30, 2014)

## PRELIMINARY STATEMENT

Plaintiff's Response memorandum (Dkt.40) is nothing more than an often word-for-word cut-and-paste of Plaintiff's counsel's response briefs to at least four similar bond motions.  In each of those cases, this Court for three of them and the Eastern District of New York for another, found those same arguments meritless and granted the bond motion.[1]

Despite Plaintiff's counsel losing this motion in this Court in *Mango, Rice*, and *Sands* (and having a sua sponte show cause Order on this issue against his client in *Cruz*), and despite Defendant relying on those cases, Plaintiff does not mention or address a single one of them.[2]

In fact, because Plaintiff has chosen to simply regurgitate Plaintiff's counsel's response briefs in similar motions, Plaintiff does not address various key facts and arguments present in Defendant's actual Motion at hand.

---

[1] *See* Liebowitz Law Firm response briefs (Second Declaration of Brad. R. Newberg Ex. 2-4 respectively) ("Newberg Decl.") in *Mango v. Democracy Now! Productions, Inc.*, No. 18-cv-10588 (DLC) (Dkt 36), 2019 WL 6179065 (S.D.N.Y. May 28, 2019) (arguments rejected by 2019 WL 3325842 (S.D.N.Y. July 24, 2019)); *Rice v. Musee Lingerie, LLC*, No. 18-cv-09130 (AJN) (Dkt 28), 2019 WL 5963007 (S.D.N.Y. Apr. 24, 2019) (arguments rejected by 2019 WL 2865210 (S.D.N.Y. July 3, 2019)); and *Sands v. Bauer Media Group USA, LLC*, No. 17-cv-09215 (LAK) (Dkt 43), 2018 WL 9988044 (S.D.N.Y. Nov. 30, 2018) (arguments rejected by 2019 WL 4464672 (S.D.N.Y. Sept. 18, 2019)).  This Court also issued a similar Order related to Mr. Liebowitz's client in *Cruz v. Am. Broad Cos.*, 17-cv-8794 (LAK), 2017 WL 5665657 (S.D.N.Y. Nov. 17, 2017), but there it was *sua sponte* and not due to a motion.  *See also* Liebowitz Law Firm response brief (Newberg Decl. Ex. 5) in *Lee v. W. Architecture and Landscape Architecture, LLC*, No. 18-cv-5820 (PKC)(CLP) (Dkt. 24) (E.D.N.Y. May 28, 2019).

[2] These are not even the only such Orders against Mr. Liebowitz and his clients in this Court. Another Opinion in this Court related to the granting of a bond against Mr. Liebowitz's client, *Sadowski v. JSN Global Media, Inc.*, No. 18-cv-1392 (LAP) (Dkt. 32) (S.D.N.Y. Dec. 3, 2018) (Newberg Decl. Ex. 6) went so far (at page 5) as to state that Mr. Liebowitz was **in violation of his ethical duties to the Court** for failing to cite prior bond rulings against his clients, including yet another case, *Liebowitz v. Galore Media, Inc.*, No. 18-cv-2626 (RA)(HBP), 2018 WL 4519208 (S.D.N.Y. Sept. 20, 2018) (note:  Mr. Liebowitz was the attorney in *Galore*; the Liebowitz plaintiff in that case is not Mr. Liebowitz).  Of course, as there, Plaintiff also fails in his Response brief here to cite the many bond Orders against Mr. Liebowitz's clients.

For example, approximately one-third of Defendant's entire brief in support of its motion is dedicated to the fact that Defendant is likely to win this case outright, due to a very solid fair use defense and/or Plaintiff's almost certain lack of (1) copyright ownership or (2) valid copyright registration for the Photograph at issue.  Plaintiff chooses to ignore—and therefore concedes—this key issue entirely.  On that basis alone, the Motion should be granted.

Moreover, almost all of Plaintiff's response arguments (incorrect regardless) hinge entirely on ignoring that large portion of Defendant's brief.  While Plaintiff gets the law completely wrong (as already noted by this Court in *Mango, Rice,* and *Sands*),[3] he launches into his argument by presenting the premise that: "Defendant's motion is based on a flawed legal theory that a *non-prevailing* defendant can shift fees to plaintiff under Rule 68 after being found liable for copyright infringement."  Pl. Resp. Br. at 1 (emphasis in original).  It certainly is Defendant's **second** argument (starting at the bottom of Def. Br. p. 11 and going to page 13) that—as has been found many times by this Court—even where a plaintiff wins a judgment, if that judgment does not exceed the Rule 68 Offer, Plaintiff must pay defendant's costs and attorneys' fees.  *See, e.g., Mango,* at *4 (the law of the Supreme Court and the Second Circuit leads "inexorably to the following conclusion.  A copyright defendant is entitled to seek an award of costs, including attorney's fees, incurred following a Rule 68 offer where the plaintiff's recovery fails to exceed the offer."); *Liebowitz,* at *4 ("In my July 11, 2018 Order, I considered and rejected plaintiff's argument" that a defendant is not reimbursed where plaintiff wins even if

---

[3] *Mango v. Democracy Now! Productions, Inc.*, No. 18-cv-10588 (DLC), 2019 WL 3325842 (S.D.N.Y. July 24, 2019); *Rice v. Musee Lingerie, LLC,* No 18-cv-9130 (AJN), 2019 WL 2865210 (S.D.N.Y. July 3, 2019); *Sands v. Bauer Media Group USA, LLC,* No. 17-cv-09215 (LAK), 2019 WL 4464672 (S.D.N.Y. Sept. 18, 2019); *Cruz v. Am. Broad. Cos.*, No. 17-cv-8794 (LAK), 2017 WL 5665657 (S.D.N.Y. Nov. 17, 2017).

the judgment is less than the Rule 68 offer) (citing *Baker v. Urban Outfitters, Inc.*, 431 F.

Supp.2d 351 (S.D.N.Y. 2006), *affirmed by* 249 F. App'x 845 (2d Cir. 2007)).

But even that is not Defendant's *first* argument, the facts and law for which Plaintiff's

brief completely fails to address.  Defendant's first argument is that it will indeed be the

prevailing party, which will have a dual effect: (1) even without the Rule 68 Offer of Judgment,

the Court would have full discretion to award costs and attorney's fees under the Copyright Act;

and (2) because of the Rule 68 Offer of Judgment, such costs and fees would be mandated.

Because Plaintiff has no possible response to these facts and law—or perhaps simply because the

briefs Plaintiff cut and pasted from did not address such issues—Plaintiff ignores them entirely.


## ARGUMENT

### A.  Plaintiff Fails to Address the Vast Majority of Defendant's Facts and Argument

Defendant's initial papers consisted of a 15-page brief and two Declarations.

Plaintiff has decided not to address either of the Declarations (and has not submitted his

own), nor the first 10+ pages of Defendant's 15-page brief in any way whatsoever.  Those

Declarations and pages focus heavily on the reasons why Defendant is almost certain to win this

case on the merits, either due to its fair use defense and/or Plaintiff's almost certain lack of (1)

copyright ownership or (2) valid copyright registration for the Photograph at issue.[4]

By failing to address these facts and argument, Plaintiff is deemed to have conceded them

(at the very least for purposes of this Motion).  *See, e.g., Scott v. JPMorgan Chase & Co.*, 2014

WL 338753, at *10 (S.D.N.Y. Jan. 30, 2014) (collecting cases on this proposition).  As such,

---

[4] Strangely, Plaintiff actually does have a header for one of its "Point[s]" that "DEFENDANT
HAS FAILED TO DEMONSTRATE THAT IT IS LIKELY TO PREVAIL ON PLAINTIFF'S
INFRINGEMENT CLAIM" (Pl. Resp. Br. at 5 (capitalization in original)).  However, the actual
argument below the header does not address that "point" *at all*.

Defendant refers the Court to its initial papers so as not to be unnecessarily repetitive, and will use the rest of its Reply to briefly address any remaining arguments actually in Plaintiff's Response.

### B.  Plaintiff's Rule 68 Arguments Have Been Rejected *Over and Over* by This Court

Plaintiff chooses to ignore that Defendant is likely to win this matter (and that the Court would have discretion in any case to award costs and attorney's fees to Defendant).  By arguing *solely* about "non-prevailing" defendants under Rule 68, Plaintiff also appears to concede that should Defendant win this case outright, this Court will be mandated to award Defendant its costs and attorney's fees in this case.

Instead, Plaintiff incorrectly cites civil rights cases (distinguished many times by this Court) and, other than one E.D.N.Y. case (also rejected by this Court), it relies on cases from outside this Circuit to attack the proposition that plaintiffs who win a judgment not more than the Rule 68 Offer of Judgment must reimburse defendants for their costs and attorney's fees.

Plaintiff's counsel has made these exact arguments before.  Literally.  *Compare* the argument at pages **5-10** of Plaintiff's Response Brief *with* the almost word-for-word identical briefs filed by Plaintiff's counsel at pages **5-10** in *Mango v. Democracy Now! Productions, Inc.*, No. 18-cv-10588 (DLC), (Dkt. 36) 2019 WL 6179065 (S.D.N.Y. May 28, 2019), *Rice v. Musee Lingerie, LLC*, No. 18-cv-09130 (AJN), (Dkt. 28) 2019 WL 5963007 (S.D.N.Y. Apr. 24, 2019), and *Lee v. W. Architecture and Landscape Architecture, LLC*, No. 18-cv-5820 (PKC)(CLP) (Dkt. 24) (E.D.N.Y. May 28, 2019). *See* Second Newberg Decl. Exs. 2, 3, 5.

As in those cases and others mentioned above, this Court rejected the exact same arguments.  And, *Mango* specifically called out the case from this Circuit cited by Plaintiff, the Eastern District of New York case, *Boisson v. Banian Ltd.*, 221 F.R.D. 378 (E.D.N.Y. 2004),

stating that *Boisson* was following Seventh Circuit law, and its "reasoning is at odds with the Second Circuit[]." *Mango*, 2019 WL 3325842, at *5.

Finally, Plaintiff's attempt (Pl. Resp. Br. at 9-10) to distinguish *Baker v. Urban Outfitters, Inc.*, 431 F. Supp.2d 351, 361-62 (S.D.N.Y. 2006), *affirmed by* 249 F. App'x 845 (2d Cir. 2007), also copied from Plaintiff's counsel's prior case briefs, has also been rejected already by this Court. In addition, Plaintiff's description of *Baker* is wrong. *Baker's* Rule 68 discussion had nothing to do with whether defendant was the prevailing party. In fact, the court made clear that all one looks at is whether "final judgment in the case is not more favorable than the offer." *Id.*, at 361. If for example, the Offer of Judgment were $800, the cost and fee-shifting mechanisms of Rule 68 kick in whether the plaintiff recovers zero or anywhere from zero to $800. It is flat out false when Plaintiff states "Judge Preska did <u>not</u> shift fees under Rule 68 . . . [but] merely used the Rule 68 offer of judgment as a factor in balancing the equities." (Pl. Resp. Br. at 9-10) (emphasis in Pl. Resp. Br.). The holding literally says that it is shifting the costs and fees "pursuant to Rule 68." *Baker*, at 362 ("Thus, pursuant to Rule 68, Urban is entitled to an award of its costs and attorneys' fees incurred after January 10, 2002 . . . the day Baker rejected the Rule 68 offer, through December 31, 2004.").

In sum, Plaintiff's counsel's clients (all of whom Plaintiff's counsel has also argued were financially solvent United States citizens just as he does with Mr. Usherson) have been ordered to post bonds to cover defendant's attorney's fees and costs for the same reasons, and often lesser reasons than, brought forward by Defendant in this case. *See, e.g.*, *Mango v. Democracy Now! Productions, Inc.*, No. 18-cv-10588 (DLC), 2019 WL 3325842 (S.D.N.Y. July 24, 2019); *Rice v. Musee Lingerie, LLC*, No 18-cv-9130 (AJN), 2019 WL 2865210 (S.D.N.Y. July 3, 2019); *Sands v. Bauer Media Group USA, LLC*, No. 17-cv-09215 (LAK), 2019 WL 4464672 (S.D.N.Y.

Sept. 18, 2019); *Cruz v. Am. Broad. Cos.*, No. 17-cv-8794 (LAK), 2017 WL 5665657 (S.D.N.Y. Nov. 17, 2017); *Sadowski v. JSN Global Media, Inc.*, No. 18-cv-1392 (LAP) (Dkt. 32) (S.D.N.Y. Dec. 3, 2018) (Newberg Decl. Ex. 6); *Liebowitz v. Galore Media, Inc.*, No. 18-cv-2626 (RA)(HBP), 2018 WL 4519208 (S.D.N.Y. Sept. 20, 2018). *See also Lee v. W. Architecture and Landscape Architecture, LLC*, No. 18-cv-5820 (PKC)(CLP), 2019 WL 2272757 (E.D.N.Y. May 28, 2019).

Plaintiff does not bring forward a single new fact or argument to defeat this Motion that Plaintiff's counsel has not already tried to present unsuccessfully to this Court before.

### C.  The Uncertain Financial Ability of Plaintiff and His Citizenship Do Not Overcome the Other Factors

Just as Plaintiff's counsel has cut and pasted other argument sections from prior briefs related to the same type of motion, he has done so here when claiming that Defendant has not shown that Plaintiff lacks financial means or claiming Plaintiff is a U.S. citizen who can easily be found to pay costs and fees when the case is over. *Compare* these arguments at pages **3-5** of Plaintiff's Response Brief *with* the almost word-for-word identical briefs filed by Plaintiff's counsel at pages **3-5** in *Mango v. Democracy Now! Productions, Inc.*, No. 18-cv-10588 (DLC), (Dkt. 36) 2019 WL 6179065 (S.D.N.Y. May 28, 2019), *Rice v. Musee Lingerie, LLC*, No. 18-cv-09130 (AJN), (Dkt. 28) 2019 WL 5963007 (S.D.N.Y. Apr. 24, 2019), and *Lee v. W. Architecture and Landscape Architecture, LLC*, No. 18-cv-5820 (PKC)(CLP) (Dkt. 24) (E.D.N.Y. May 28, 2019), and also pages 7-9 in *Sands v. Bauer Media Group USA, LLC*, No. 17-cv-09215 (LAK), (Dkt 43) 2018 WL 9988044 (S.D.N.Y. Nov. 30, 2018). *See* Newberg Decl. Exs. 2–5.

Just as those same arguments have been rejected by this Court previously, they should be rejected again. Those cases, and the others cited above against Mr. Liebowitz's clients all focused on his frequent violation of Court Orders, the potential defenses, and low dollar value of

the case, and that the defendants would incur costs and fees in their defense of the case. *See, e.g.*, *Liebowitz*, at *2 (focusing on anticipated legal costs and Mr. Liebowitz's violations of past Court Orders). Of course, courts need not consider all factors depending on the facts of the case at hand. *Kensington Int'l Ltd. v. Republic of Congo*, No. 03-cv-04578 (LAP), 2005 WL 646086, at *1 (S.D.N.Y. Mar. 21, 2005).

Finally, it is strange that Plaintiff has chosen not to submit a Declaration from Mr. Usherson. These factors would not be enough to overcome Defendant's Motion in any event, but Plaintiff offers nothing to allow the Court to find even these factors in Plaintiff's favor.

### D. Plaintiff's Claim that a Court-Issued Judgment Is More Favorable than an Offer of Judgment Has Been Rejected by This Court

Another example of Plaintiff's attempts to re-use an argument rejected by this Court (and others) multiple times is Plaintiff's attempt to essentially moot Rule 68 in its entirety by stating that a judgment of any amount can never be deemed less favorable than a Rule 68 Offer because offers of judgment do not carry the same liability findings as judicial findings on the merits. *Compare* this argument at pages **10-11** of Plaintiff's Response Brief *with* the almost word-for-word identical briefs filed by Plaintiff's counsel at pages **10-11** in *Mango v. Democracy Now! Productions, Inc.*, No. 18-cv-10588 (DLC), (Dkt. 36) 2019 WL 6179065 (S.D.N.Y. May 28, 2019), and *Lee v. W. Architecture and Landscape Architecture, LLC*, No. 18-cv-5820 (PKC)(CLP) (Dkt. 24) (E.D.N.Y. May 28, 2019), and pages 10-12 in *Rice v. Musee Lingerie, LLC*, No. 18-cv-09130 (AJN), (Dkt. 28) 2019 WL 5963007 (S.D.N.Y. Apr. 24, 2019). *See* Newberg Decl. Exs. 2, 3, 5.

As this Court stated in *Mango*, what Plaintiff seeks is damages on a copyright claim, and a Rule 68 Offer of Judgment for a sum of money "is a full response to that demand." *Mango*, 2019 WL 3325842, at *5.

7

### E.  Even if He Won on Liability, Plaintiff Would Be Unlikely to Get More than the Statutory Minimum

This Court has already noted (at the Rule 16 Scheduling Conference) that even if Plaintiff were to somehow win this case on liability, damages are likely to be minimal.  Given the facts of this case, Defendant would almost certainly qualify for 'innocent infringer' status, making the likely statutory damages $200 (and $750 if he did not).

Again, Plaintiff goes back to arguments his counsel has made unsuccessfully many times, ignoring precedent which rejected both his claims that *Psihoyos v. John Wiley & Sons, Inc.*, No. 11-cv-1416 (JPO), 2012 WL 5506121 (S.D.N.Y. Nov. 7, 2012), *aff'd*, 748 F.3d 120 (2d Cir. 2014) is *anything* like the cases for which prior defendants of Mr. Liebowitz's clients have sought a bond and this Defendant seeks a bond, and his claim that statutory damages have no relationship to lost licensing fees.  *See Rice v. Musee Lingerie, LLC,* No 18-cv-9130 (AJN), 2019 WL 2865210 (S.D.N.Y. July 3, 2019) (finding *Psihoyos* "inapposite" and also stating: "it appears that this is a standard infringement case commonly found in this District.  In these types of cases, awards typically do not extend beyond three to five times the license fee for a work.").  Here, as Plaintiff has already stated that he has never received a fee for licensing the Photograph at issue, actual damages are zero.

### F.  Court Orders Have Already Been Violated in *This* Case and Plaintiff Should Have to Live with the Consequences of His Choice of Attorney

Plaintiff suggests that Mr. Usherson should not have to bear the consequences of Mr. Liebowitz's many violations of Court Orders over the past three years.  Plaintiff states that he himself has not violated any Court Orders, so he should get a fresh slate.

As an initial matter, Plaintiff is incorrect.  There have been numerous violations of Court Orders already in *this* case, including the failure to timely file the proof of service, failure to

8

timely produce licensing information, and Plaintiff's failure (in addition to Mr. Liebowitz's failure) to attend the Court-Ordered mediation.

In addition, Plaintiff's counsel has made this argument in prior cases, and, to our knowledge, each time he has made that argument, it has been rejected. *See, e.g., Mango*, at * 6 ("The history of Liebowitz's failure to comply with court orders counsels in favor of the imposition of an additional bond. Mango has chosen Liebowitz as his counsel, and it is not unreasonable to weigh his counsel's failure to follow this district's local rules and to comply with court orders.").[5] *See also Lee v. W. Architecture and Landscape Architecture, LLC*, No. 18-cv-5820 (PKC)(CLP), 2019 WL 2272757 (E.D.N.Y. May 28, 2019) (ordering a bond after rejecting all of Plaintiff's same arguments brought in response to this Motion and also discussing Mr. Liebowitz's conduct in various cases as being a key factor in ordering the bond).

### G.  There Are Real Costs and Fees Involved in Moving Forward on This Case

Plaintiff's last argument, cut and pasted from prior unsuccessful Plaintiff's counsel briefs, is that Defendant has not proven the amount of fees or costs that will be needed in this case. Plaintiff also says that Defendant has failed to provide its attorney's hourly rate to determine whether it is proper.

As an initial matter, Defendant has already provided information regarding its attorneys, including lead counsel's rate in the Declaration provided with Defendant's sanctions motion for Plaintiff's violations of Court Orders in this case.

Moreover, such an analysis has not been necessary in many of the cases cited above, which ordered Plaintiff's counsel's clients to post bonds. *See, e.g, Mango v. Democracy Now!*

---

[5] Mr. Liebowitz feels the need to defend himself by pointing out that he has filed over 1000 copyright cases and notes, of those, six he has won on the merits. *See* Pl. Resp. Br. at 16.

*Productions, Inc.*, No. 18-cv-10588 (DLC), 2019 WL 3325842, at *6 (S.D.N.Y. July 24, 2019) (ignoring Plaintiff's counsel's exact same arguments and ordering, without analysis, a $50,000 bond, without prejudice to the defendant seeking more should it be needed).

Plaintiff appears to be asking for a lodestar analysis, but such an analysis is premature as Defendant is not seeking its precise costs and fees now, but simply security for an amount, which Defendant's costs and attorney's fees seem almost certain to surpass.[6] *See* Defendant's initial brief at 14-15 for a discussion of the fees and costs already incurred and the work likely to be needed on this case.

In addition, not noted previously, Plaintiff has already served 19 Interrogatories and 42 Requests for Production, with many of the document requests clearly cut and pasted from another case so that they have no relevance to this case and make *no sense* in relation to this case—for example, almost half of the Requests for Production ask for documents related to an "Instagram Story" and the journalists, editors, and others who worked on that story. Newberg Decl. Ex. 1.   Given Plaintiff's counsel's history in this case and others, it is not a stretch to say that there will be work and potential motions needed on this case not typical in most cases.

## CONCLUSION

Based on the above, Defendant respectfully asks the Court to require Plaintiff to post a bond under Local Civil Rule 54.2 in the amount of $100,000 as security for Defendant's attorneys' fees and costs.

---

[6] Plaintiff has not contested, as he cannot, the black-letter law that Defendant is eligible for attorneys' fees in this case despite its counsel handling this matter pro bono.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing Reply Memorandum of Law in

Support of Motion for Security for Costs and Fees with the Clerk of the Court using the CM/ECF

system on this 17th day of December, 2019, which constitutes service on Plaintiff, a registered

user of the CM/ECF system pursuant to Fed. R. Civ. P. 5(b)(2)(E).

Dated: December 17, 2019                    /s/ Brad R. Newberg
                                            Brad R. Newberg (#BN1203)
                                            McGuireWoods LLP
                                            1750 Tysons Blvd.
                                            Tysons Corner, VA 22102
                                            T: 703-712-5061
                                            F: 703-712-5050
                                            bnewberg@mcguirewoods.com

                                            *Attorney for Defendant Bandshell Artist*
                                            *Management*