**Exhibit 5**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JACKSON LEE, | |
| Plaintiff, | Docket No. 18-cv-5820 (PKC-CLP) |
| - against - | |
| W ARCHITECTURE AND LANDSCAPE ARCHITECTURE, LLC | |
| Defendant. | |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR A BOND AS SECURITY FOR COSTS AND FEES UNDER LOCAL RULE 54.2**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... iv

INTRODUCTION..................................................................................................................... 1

STATEMENT OF FACTS........................................................................................................ 2

LEGAL STANDARD ............................................................................................................... 2

ARGUMENT ............................................................................................................................ 3


POINT I:   DEFENDANT HAS FAILED TO SHOW THAT PLAINTIFF LACKS THE
           FINANCIAL ABILITY TO SATISFY A JUDGMENT .......................................... 3


POINT II:  DEFENDANT HAS FAILED TO SHOW THAT PLAINTIFF IS A NON-
           RESIDENT OR FOREIGN CORPORATION.......................................................... 4


POINT III: DEFENDANT HAS FAILED TO DEMONSTRATE THAT IT IS LIKELY TO
           PREVAIL ON PLAINTIFF'S INFRINGEMENT CLAIM ...................................... 5

   A.   UNDER U.S. COPYRIGHT LAW, A NON-PREVAILING DEFENDANT CANNOT SHIFT
        ATTORNEYS' FEES TO PLAINTIFF THROUGH A RULE 68 OFFER OF JUDGMENT ................. 5

      1.   *The Supreme Court Holds that Only Costs "Properly Awardable" Under the Relevant
           Substantive Statute May be Shifted Pursuant to Rule 68* ............................................. 5

      2.   *Under the Copyright Act, a Non-Prevailing Defendant Cannot Shift Attorneys' Fees to
           Plaintiff Under Rule 68* ............................................................................................. 7

   B.   A COURT-ISSUED JUDGMENT OF INFRINGEMENT LIABILITY IS *MORE FAVORABLE* THAN AN
        OFFER OF JUDGMENT WHICH CONTAINS NO ADMISSION OF LIABILITY .......................... 10


POINT IV:   DEFENDANT HAS FAILED TO DEMONSTRATE THAT PLAINTIFF'S
            CLAIM IS OBJECTIVELY UNREASONABLE .............................................. 11


POINT V:   DEFENDANT HAS FAILED TO DEMONSTRATE THAT PLAINTIFF HAS
           WILLFULLY DISOBEYED ANY COURT ORDERS, INCREASED THE COST
           OF LITIGATION OR OBSTRUCTED DISCOVERY .......................................... 12

   A.   DEFENDANT HAS FAILED TO PRESENT ANY EVIDENCE THAT PLAINTIFF VIOLATED ANY
        COURT ORDER IN THIS ACTION ...................................................................................... 12

B.    DEFENDANT HAS FAILED TO PRESENT ANY EVIDENCE THAT PLAINTIFF HAS MULTIPLIED THE COST OF THIS PROCEEDING ...................................................................................... 13

C.    DEFENDANT HAS FAILED TO PRESENT ANY EVIDENCE THAT LEE OBSTRUCTED DISCOVERY 13

D.    DEFENDANT'S *AD HOMINEM* ATTACKS AGAINST LIEBOWITZ LAW FIRM, PLLC ARE MISPLACED GIVEN LIEBOWITZ'S TRACK RECORD OF SUCCESS *ON THE MERITS* ................ 13

POINT VI:    DEFENDANT HAS FAILED TO SPECIFY THE AMOUNT OF FEES OR COSTS REQUESTED WITH ANY ADMISSIBLE EVIDENCE ...................... 15

POINT VII:    ANY BOND REQUIREMENT SHOULD NOT EXCEED THE COST OF TWO DEPOSITION TRANSCRIPTS, OR $1,500.00 .................................................. 16

CONCLUSION .................................................................................................... 16

# TABLE OF AUTHORITIES

**CASES**

*Apple Computer, Inc. v. Franklin Computer Corp.* ,
   714 F.2d 1240, 1255 (3d Cir. 1983) ------------------------------------------------------------------11

*Atlanta Shipping Corp. v. Chemical Bank,*
   631 F.Supp. 335, 352 (S.D.N.Y.1986) ---------------------------------------------------------------- 2

*Baker v. Urban Outfitters, Inc.*,
   431 F.Supp. 2d 351, 363 (S.D.N.Y. 2006), aff'd, 249 F. App ' x 845 (2d Cir. 2007) ------------ 9

*Beautiful Jewellers Private Ltd. v. Tiffany & Co.,*
   No. 06 CIV. 3085 KMW FM, 2008 WL 2876508, at *2 (S.D.N.Y. July 21, 2008) -------------- 3

*Boisson v. Banian Ltd.*,
   221 F.R.D. 378, 381 (E.D.N.Y. 2004)---------------------------------------------------------------5, 6, 8

*Brandt v. Magnificent Quality Florals Corp.*,
   No. 07-20129-CIV, 2011 WL 4625379, at *20 (S.D. Fla. Sept. 30, 2011)------------------------ 9

*Bravia Capital Partners, Inc.* v. *Fike*,
   296 F.R.D. 136, 143 (S.D.N.Y. 2013----------------------------------------------------------------------16

*Bruce v. Weekly World News, Inc.,*
   203 F.R.D. 51, 54–55 (D. Mass. 2001)-------------------------------------------------------------- 8, 9

*Bryant v. Media Right Productions, Inc.,*
   603 F.3d 135, 144 (2d Cir.2010) ---------------------------------------------------------------------------11

*Champion Produce, Inc. v. Ruby Robinson Co., Inc.*,
   342 F.3d 1016,  1029 (9th Cir. 2003)------------------------------------------------------------------- 6

*Chicoineau v. Bonnier Corp.,*
   No. 18-CV-3264 (JSR), 2018 WL 6039387, at *1 (S.D.N.Y. Oct. 16, 2018)--------------------14

*Crossman v. Marcoccio,*
   806 F.2d 329 (1st Cir. 1986) ------------------------------------------------------------------------------ 6

*E.E.O.C. v. Bailey Ford, Inc.*,
   26 F.3d 570 (5th Cir. 1994) ------------------------------------------------------------------------------- 6

*Ferdman v. CBS Interactive Inc.,*
   342 F. Supp. 3d 515 (S.D.N.Y. 2018)------------------------------------------------------------------15

*Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.*,
    No. 08 CIV. 01533, 2010 WL 3452375, at *2 (S.D.N.Y. Sept. 1, 2010) -------------------------- 2

*Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.*,
    No. 08-cv-01533, 2010 WL 3452375, at *4 (S.D.N.Y. Sept. 1, 2010)----------------------------11

*Gattoni v. Tibi, LLC*,
    254 F. Supp. 3d 659 (S.D.N.Y. 2017)-----------------------------------------------------------------15

*Goodman v. Universal Beauty Prod. Inc.*,
    No. 17-CV-1716 (KBF), 2018 WL 1274855, at *1 (S.D.N.Y. Mar. 9, 2018) --------------------14

*Harbor Motor Co., Inc. v. Arnell Chevrolet–Geo, Inc.*,
    265 F.3d 638 (7th Cir. 2001)------------------------------------------------------------------------- 8, 9

*Hirsch v. Complex Media, Inc.*,
    No. 18 CIV. 5488 (CM), 2018 WL 6985227, at *1 (S.D.N.Y. Dec. 10, 2018) -------------------14

*Johnson v. Kassovitz*,
    No. 97 Civ. 5789(DLC), 1998 WL 655534, *1 (S.D.N.Y. Sept. 24, 1998) ------------------------ 2

*Jordan v. Time, Inc.*,
    111 F.3d 102 (11th Cir. 1997). ----------------------------------------------------------------------- 8

*Khaldei v. Kaspiev*,
    No. 10 CIV. 8328 JFK GWG, 2014 WL 7373383, at *2 (S.D.N.Y. Dec. 30, 2014) ------------ 4

*Le v. University of Pennsylvania*,
    2001 WL 849707, *6 (E.D. Penn. July 13, 2001)-------------------------------------------------- 6, 9

*Le v. University of Pennsylvania*,
    321 F.3d 403, 410–11 (3d Cir. 2003)------------------------------------------------------------------- 6

*Marek v. Chesny*,
    473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985) ----------------------------------------------- 5, 7

*Millea* v. *Metro-North R.R. Co.*,
    658 F.3d 154, 166 (2d Cir. 2011) ---------------------------------------------------------------------15

*Myeress v. BuzzFeed Inc.*,
    No. 18-CV-2365 (VSB), 2019 WL 1004184, at *1 (S.D.N.Y. Mar. 1, 2019) -------------------14

*N'Jai v. New York State Higher Educ. Servs. Corp.*,
    214 F.R.D. 251, 252 (E.D.N.Y. 2003)------------------------------------------------------------------ 3

*O'Brien v. City of Greers Ferry,*
    873 F.2d 1115, 1120 (8th Cir. 1989) -------------------------------------------------------- 6

*Otto v. Hearst Commc'ns, Inc.,*
    345 F. Supp. 3d 412 (S.D.N.Y. 2018) -------------------------------------------------------14

*Payne v. Milwaukee County,*
    288 F.3d 1021, 1027 (7th Cir. 2002) -------------------------------------------------------- 6

*Poteete v. Capital Engineering, Inc.,*
    185 F.3d 804, 807–08 (7th Cir. 1999) ------------------------------------------------------- 6

*RLS Assocs., LLC v. United Bank of Kuwait PLC,*
    464 F. Supp. 2d 206, 209 (S.D.N.Y. 2006)------------------------------------------------- 3

*RLS Assocs., LLC v. United Bank of Kuwait PLC,*
    No. 01 CIV. 1290 (CSH), 2005 WL 578917, at *1 (S.D.N.Y. Mar. 11, 2005), *adhered to on
    reconsideration,* 464 F. Supp. 2d 206 (S.D.N.Y. 2006)-------------------------------------- 4

*Sands v. CBS Interactive, Inc.,*
    18-cv-7345 (JSR), 2019 WL 1447014 (S.D.N.Y. March 13, 2019) ---------------------------14

*Sea Trade Co. v. FleetBoston Fin. Corp.,*
    No. 03 CIV. 10254 (JFK), 2008 WL 161239, at *2 (S.D.N.Y. Jan. 15, 2008) ------------------- 3

*Selletti v. Carey,*
    173 F.R.D. 96, 100–101 (S.D.N.Y.1997)------------------------------------------------- 2

*Spitzer v. Shanley Corp.,*
    151 F.R.D. 264, 267 (S.D.N.Y. 1993)--------------------------------------------------- 2

*Stanczyk,*
    752 F.3d at 281 (2d Cir. 2014)------------------------------------------------------------- 6

*UMG Recordings, Inc. v. Shelter Capital Partners LLC,*
    667 F.3d 1022, 1048 (9th Cir. 2011) ----------------------------------------------------- 7, 9

*UMG Recordings, Inc.*, 667 F.3d 1022, fn. 23------------------------------------------------ 9

*United States v. Trident Seafoods Corp.*,
    92 F.3d 855, 860 (9th Cir.1996)------------------------------------------------------------ 6

*Util. Automation 2000 v. Choctawhatchee Elec. Coop., Inc.,*
    298 F.3d 1238, 1246 n. 6 (11th Cir. 2002) ----------------------------------------------- 9

*Walt Disney Co. v. Best*,
   No. 88 Civ. 1595(SWK), 1990 WL 144209, at *4 (S.D.N.Y. Sept. 26, 1990)--------------------11

Rᴜʟᴇs

Fed.R.Civ.P. 68(d) -------------------------------------------------------------------------------------10

L.R. 54.2 ----------------------------------------------------------------------------------------------16

## INTRODUCTION

Defendant W Architecture and Landscape Architecture, LLC ("Defendant") asks the Court to arbitrarily impose an *unspecified* amount in security bond on plaintiff Jackson Lee ("Plaintiff" or "Lee") without analyzing any of the requisite factors prescribed by courts in this Circuit, including: (1) the financial condition and ability to pay of the party who would post the bond; (2) whether that party is a non-resident or foreign corporation; (3) the merits of the underlying claims; (4) the extent and scope of discovery; (5) the legal costs expected to be incurred; and (6) compliance with past court orders.  Even if Defendant attempted to make a showing with respect to any one of these factors, it would fail to satisfy its burden of showing that imposition of a bond were appropriate in this case.

Moreover, Defendant's entire motion is based on a flawed legal theory that a *non-prevailing* defendant can shift fees to plaintiff under Rule 68 after being found liable for copyright infringement.  This theory has been consistently rejected by the majority of Circuit courts to have addressed the issue and has never been applied in this Circuit.  The Supreme Court requires that the term "costs" under Rule 68 shall only include those costs that are "properly awardable" under the substantive statute which, in this case, is the Copyright Act.  Section 505 provides that <u>only</u> the "prevailing party" may recover attorneys' fees.  17 U.S.C. § 505 Thus, because Rule 68 is only available to a *non-prevailing* defendant, fees cannot be shifted under Rule 68 as a matter of law.

To the extent Defendant is able to shift costs under Rule 68, such out-of-pocket costs would not plausibly exceed the amount of $1500.00, or two deposition transcripts in a non-complex matter such as the present action.

## STATEMENT OF FACTS

Plaintiff is a professional New York-based photojournalist who earns a living by creating and licensing his photographs.  Plaintiff is a U.S. citizen who lives in New York City.

Plaintiff created a photograph of actress Katie Holmes and her daughter Suri Cruise and then it licensed it to a photo agency called Splash.  Defendant expropriated the Photograph from the internet and then used it on a lifesize billboard outside a commercial real estate development in New York.  Plaintiff never granted Defendant permission to display the Photograph for any use.

## LEGAL STANDARD

Courts in this Circuit consider the following factors in determining whether to require a party to post a bond pursuant to the rule: "(1) the financial condition and ability to pay of the party who would post the bond; (2) whether that party is a non-resident or foreign corporation; (3) the merits of the underlying claims; (4) the extent and scope of discovery; (5) the legal costs expected to be incurred; and (6) compliance with past court orders."  *Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.*, No. 08 CIV. 01533, 2010 WL 3452375, at *2 (S.D.N.Y. Sept. 1, 2010); *Johnson v. Kassovitz,* No. 97 Civ. 5789(DLC), 1998 WL 655534, *1 (S.D.N.Y. Sept. 24, 1998) (citing *Selletti v. Carey,* 173 F.R.D. 96, 100–101 (S.D.N.Y.1997)).

A number of courts have stated that the purpose of the rule is that it "assures that a defendant who is sued will, if successful, at least be able to recoup its costs." *Atlanta Shipping Corp. v. Chemical Bank,* 631 F.Supp. 335, 352 (S.D.N.Y.1986) (emphasis added), *aff'd,* 818 F.2d 240 (2d Cir.1987); *accord Spitzer v. Shanley Corp.,* 151 F.R.D. 264, 267 (S.D.N.Y. 1993) ("Considering the local rule and the New York statute together, judges of this court have required the posting of security bonds when plaintiffs were non-residents or foreign corporations,

defendants were expected to incur significant legal costs, plaintiffs' financial condition and ability to pay were doubtful, and the merits of plaintiffs' case were questionable").

## ARGUMENT

**POINT I:**    **DEFENDANT HAS FAILED TO SHOW THAT PLAINTIFF LACKS THE FINANCIAL ABILITY TO SATISFY A JUDGMENT**

The first factor under L.R. 54.2 requires the movant to demonstrate that the Plaintiff lacks the financial capacity to satisfy an ultimate judgment, *Gary Friedrich Enterprises,* 2010 WL 3452375, at *2. Thus, a bond is typically ordered where the defendant has an "understandable concern regarding [plaintiff]'s real ability to pay any eventual attorneys' fees or costs" should the defendant prevail and when the record shows that plaintiff "had no assets." *RLS Assocs., LLC v. United Bank of Kuwait PLC*, 464 F. Supp. 2d 206, 209 (S.D.N.Y. 2006). A plaintiff's "lack of assets furnishes a sufficient basis for compelling the pretrial posting of a bond in a fair and appropriate amount." *Id.*; *see also Sea Trade Co. v. FleetBoston Fin. Corp.*, No. 03 CIV. 10254 (JFK), 2008 WL 161239, at *2 (S.D.N.Y. Jan. 15, 2008) ("a party's apparent financial inability to pay prospective costs is sufficient in and of itself to justify an order requiring the posting of a cost bond under Rule 54.2.")

Courts deny bond motions where a defendant has failed to demonstrate a plaintiff's inability to satisfy a judgment. *N'Jai v. New York State Higher Educ. Servs. Corp.*, 214 F.R.D. 251, 252 (E.D.N.Y. 2003) (defendant "has not made an adequate showing that the plaintiff will be unable to pay a judgment of costs. [Defendant] provides no information concerning the plaintiff's financial condition.").[1]

---

[1] Conversely, a bond may be ordered where a defendant presents evidence that plaintiff has transferred assets to avoid satisfaction of a judgment. *Beautiful Jewellers Private Ltd. v. Tiffany & Co.,* No. 06 CIV. 3085 KMW FM, 2008 WL 2876508, at *2 (S.D.N.Y. July 21, 2008)

Here, Defendant has not even attempted to show that Plaintiff is impecunious or otherwise unable to satisfy a judgment in this proceeding.  For that reason alone, the request for bond should be denied outright.

**POINT II:**   **DEFENDANT HAS FAILED TO SHOW THAT PLAINTIFF IS A NON-RESIDENT OR FOREIGN CORPORATION**

Courts in this Circuit have denied bond motions where the non-movant is a resident of the United States.  *Khaldei v. Kaspiev*, No. 10 CIV. 8328 JFK GWG, 2014 WL 7373383, at *2 (S.D.N.Y. Dec. 30, 2014) (denying bond where "the [non-movant] has been a resident of the United States for over 35 years"); *RLS Assocs., LLC v. United Bank of Kuwait PLC*, No. 01 CIV. 1290 (CSH), 2005 WL 578917, at *1 (S.D.N.Y. Mar. 11, 2005), *adhered to on reconsideration*, 464 F. Supp. 2d 206 (S.D.N.Y. 2006) (denying bond motion where "Plaintiff is not a non-resident or foreign corporation,"); *cf. Sea Trade Co. Ltd.,* 2008 WL 161239, at *2 (requiring foreign corporate plaintiffs with no business or assets in the United States to post a bond).

Here, Plaintiff is a U.S. citizen and a long-time resident of New York City.  He resides in Manhattan.  He has filed several copyright infringement cases in New York federal courts and has never had a case dismissed and has never been ordered to post a bond.  Local Rule 54.2 was simply not designed to force U.S. citizens, New York residents, and active litigants in this District to post bond before a full adjudication on the merits.  If the Court enters a monetary award against Plaintiff, the Court will know where to find both him and his assets.  Accordingly, a bond requirement is entirely unnecessary.

---

("Tiffany has proffered a series of documents which support its belief that BJPL and the Mehtas transferred all of BJPL's assets to a different company in order to avoid a levy against them in connection with the ten million dollar judgment . . .")

**POINT III:   DEFENDANT HAS FAILED TO DEMONSTRATE THAT IT IS LIKELY TO PREVAIL ON PLAINTIFF'S INFRINGEMENT CLAIM**

Defendant's motion for a bond is primarily based on Defendant's assertion that Plaintiff will be unable to obtain a more favorable judgment than what was offered by Defendant via Rule 68.  Defendant has made no attempt to show that it will prevail in this action by asserting meritorious defenses.  Instead, it speculates that the ultimate award in monetary damages will be less than what it offered on Rule 68.  This argument lacks merit on grounds that: (a) a non-prevailing defendant cannot shift attorneys' fees under Rule 68; and (b) a court-issued judgment of liability against Defendant would be more favorable than an offer of judgment which contains no admission of liability.

A.   UNDER U.S. COPYRIGHT LAW, A NON-PREVAILING DEFENDANT CANNOT SHIFT ATTORNEYS' FEES TO PLAINTIFF THROUGH A RULE 68 OFFER OF JUDGMENT

1.   **The Supreme Court Holds that Only Costs "Properly Awardable" Under the Relevant Substantive Statute May be Shifted Pursuant to Rule 68**

In *Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), the U.S. Supreme considered whether Rule 68 costs include attorneys' fees where the offer of judgment is made in the context of civil rights litigation pursuant to 42 U.S.C. § 1983.  The Supreme Court held that the term "costs" in Rule 68 encompasses "all costs properly awardable under the relevant substantive statute or other authority." *Marek,* 105 S.Ct. at 3017.  As a result, "where . . . costs and fees are properly awardable only to the prevailing party, a defendant who has not prevailed is not entitled to attorneys' fees when seeking to collect costs pursuant to Rule 68." *Boisson v. Banian Ltd.*, 221 F.R.D. 378, 381 (E.D.N.Y. 2004).[2]

---

[2] The Supreme Court defines a "prevailing party" as one who obtains an enforceable judgment on the merits or a court-ordered consent decree. *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1982) (a plaintiff is considered a prevailing party "for attorney's fees purposes if [he] succeed[ed] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit.")

Since *Marek* was decided, courts have addressed the issue of whether defendants have the right to recover post-offer attorneys' fees under Rule 68 in civil rights cases.  The majority of Circuits hold that there is no such right to recovery.  *See Crossman v. Marcoccio*, 806 F.2d 329 (1st Cir. 1986) (denying defendant post-offer attorneys' fees under Rule 68 in civil rights action); *Stanczyk*, 752 F.3d at 281 (2d Cir. 2014) ("we cannot conceive of a situation in which attorney's fees could be properly awardable to a non-prevailing defendant under Rule 68 in a civil rights action"); *Le v. University of Pennsylvania*, 321 F.3d 403, 410–11 (3d Cir. 2003) (denying defendant post-offer attorneys' fees under Rule 68 in civil rights action);[3] *E.E.O.C. v. Bailey Ford, Inc.*, 26 F.3d 570 (5th Cir. 1994) (same); *Payne v. Milwaukee County*, 288 F.3d 1021, 1027 (7th Cir. 2002) (same); *O'Brien v. City of Greers Ferry*, 873 F.2d 1115, 1120 (8th Cir. 1989) (same).[4]

*In Stanczyk v. City of New York*, the Second Circuit addressed the question of whether a civil rights plaintiff could be held liable for a non-prevailing defendant's costs under Rule 68. The Court held that "Rule 68, when applicable, requires a prevailing plaintiff to pay defendant's post-offer costs, excluding attorney's fees." *Id.* at 281.  The Second Circuit emphasized that "our

---

[3] *See also Le v. University of Pennsylvania*, 2001 WL 849707, *6 (E.D. Penn. July 13, 2001) ("We do not believe that the purpose of Rule 68 was to broaden the types of costs otherwise "properly awardable" under the substantive statutory scheme applicable to a particular case.")

[4] "Cases involving other fee shifting statutes have similarly held that attorneys' fees may be recovered pursuant to Rule 68 only if such fees are 'properly awardable' under the relevant statute. If prevailing party status is a prerequisite to such an award, a defendant who has not 'prevailed' within the meaning of the statute, may not recover attorneys' fees as part of a Rule 68 award." *Boisson*, 221 F.R.D. at 381 (*citing Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016,  1029 (9th Cir. 2003) (holding in a diversity breach of contract case that the cost-shifting provision of Rule 68 does not permit an award of post-offer attorneys' fees when the underlying state statute authorizes an award of attorneys' fees to a prevailing party as part of costs); *Poteete v. Capital Engineering, Inc.*, 185 F.3d 804, 807–08 (7th Cir. 1999) (denying defendant attorneys' fees in case arising under ERISA statute entitling fees only to prevailing party); cf. *United States v. Trident Seafoods Corp.*, 92 F.3d 855, 860 (9th Cir.1996) (denying defendant attorneys' fees in case brought pursuant to Clean Air Act which awards fees only if the action commenced against the defendant was "unreasonable")).

conclusion in no way dictates that a prevailing plaintiff such as *Stanczyk* would be liable for a defendant's postoffer attorney's fees - a result that would be at odds with Section 1988." *Id.* at 282.

Discussing the Supreme Court's ruling in *Marek*, the Second Circuit noted that "the term 'costs' in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority." *Marek*, 473 U.S. at 9, 105 S.Ct. 3012.  The Court then stated as follows:

> Because a civil rights defendant can recover attorney's fees only when the plaintiff's claims are "vexatious, frivolous, or brought to harass or embarrass," and a prevailing plaintiff by virtue of her victory exceeds this standard, *we cannot conceive of a situation in which attorney's fees could be properly awardable to a non-prevailing defendant under Rule 68 in a civil rights action.*
>
> *Stanczyk*, 752 F.3d at 281 (citations omitted) (italics added).

The Second Circuit's ruling in *Stancyk* clearly suggests that the same logic applicable to civil rights actions under Rule 68 operates to preclude the shifting of attorneys' fees to a non-prevailing defendant in a copyright case.

### 2.   Under the Copyright Act, a Non-Prevailing Defendant Cannot Shift Attorneys' Fees to Plaintiff Under Rule 68

The Supreme Court's holding in *Marek* has also been extended from civil rights cases to copyright law, where the relevant substantive statute provides that only the "prevailing party" is entitled to recover attorneys' fees.  17 U.S.C § 505.  The majority of courts hold that because the Copyright Act only permits a "prevailing party" to recover attorneys' fees "as costs," a copyright plaintiff cannot be liable for a non-prevailing defendant's post-offer attorneys' fees under Rule 68.  *See, e.g.*, *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 667 F.3d 1022, 1048 (9th Cir. 2011) ("We agree with the district court that, because it found that attorney's fees were not "properly awardable" under § 505 in this case, fees could not be awarded under Rule 68");

*Harbor Motor Co., Inc. v. Arnell Chevrolet–Geo, Inc.*, 265 F.3d 638 (7th Cir. 2001) (under the

Copyright Act, a non-prevailing defendant cannot recover attorneys' fees as part of a Rule 68

award); *Boisson*, 221 F.R.D. at 381 (same); *Bruce v. Weekly World News, Inc.*, 203 F.R.D. 51,

54–55 (D. Mass. 2001) (same).

Judge Wexler's E.D.N.Y. opinion in *Boisson* is directly on point.  There, the defendant in

a copyright action made a Rule 68 offer of judgment in the amount of $12,000.  After trial and

appeal, Plaintiff was ultimately awarded less than $12,000.  Defendant thereafter sought $85,000

in post-offer attorneys' fees.  Based on *Marek's* holding, the analogous cases involving fee-

shifting statutes, and the Seventh Circuit's approach in *Harbor Motor,* Judge Wexler determined

that under the Copyright Act, a non-prevailing defendant could <u>not</u> shift fees to plaintiff by way

of Rule 68.

> Particularly persuasive is the opinion of the Seventh Circuit Court of Appeals in *Harbor Motor*, where the court denied Rule 68 attorneys' fees in a copyright case on the ground that the party seeking fees was not the prevailing party. *Harbor Motor*, 265 F.3d at 647. As in *Harbor Motor*, the party seeking an award of attorney's fees here has not been deemed the prevailing party in the litigation. In view of the fact that the Copyright Act allows an award of attorneys' fees only to such a party, the court holds that attorney's fees are not "properly awardable," to Defendant within the meaning of *Marek*. Accordingly, the court denies Defendant's Rule 68 motion for attorneys' fees.

> *Boisson*, 221 F.R.D. at 382.

Significantly, Judge Wexler rejected the minority view adopted by the Eleventh Circuit in

*Jordan v. Time, Inc.*, 111 F.3d 102 (11th Cir. 1997).  In *Jordan*, the Eleventh Circuit held that a

non-prevailing defendant could shift attorneys' fees to a copyright plaintiff under Rule 68.  *Id*. at

105.  Judge Wexler noted that the court in *Jordan* failed to consider *Marek's* holding that only

"costs" which are "properly awardable" under the relevant substantive statute may be

encompassed by Rule 68.  *Boisson* at 382.

Indeed, the majority of courts have flatly rejected *Jordan* for failing to adhere to the

Supreme Court's holding in *Marek.  See, e.g., Harbor Motor Co.*, 265 F.3d at 646 ("The court in

*Jordan . . .* did not confront squarely the requirement in section 505 of the Copyright Act that a

party seeking attorney's fees must be a prevailing party"); *Le v. University of Pennsylvania*, 2001

WL 849707 at *6 ("What the Eleventh Circuit neglected to discuss was the Copyright Act's

allowance of an award of attorneys' fees as costs to a 'prevailing party.' 17 U.S.C. § 505");

*UMG Recordings, Inc.*, 667 F.3d 1022, fn. 23 ("In *Champion*, 342 F.3d at 1029–31, we

reaffirmed *Trident's* application of *Marek* and explicitly rejected the Eleventh Circuit's approach

in *Jordan*"); *Bruce*, 203 F.R.D. at 56; *Brandt v. Magnificent Quality Florals Corp.*, No. 07-

20129-CIV, 2011 WL 4625379, at *20 (S.D. Fla. Sept. 30, 2011) (collecting cases); *see also*

*Util. Automation 2000 v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1246 n. 6 (11th Cir.

2002) (recognizing that *Jordan* has been subject to criticism in other circuits).

In *Bruce v. Weekly World News,* the district court of Massachusetts explained why the

Eleventh Circuit's approach in *Jordan* was contrary to public policy:

> [A]s a policy matter, the *Jordan* result is, I believe, unwise, as it would virtually compel
> copyright plaintiffs, who typically, as here, enter the fray with far fewer resources at their
> disposal than the media conglomerates against whom they are arrayed, to accept an Offer
> of Judgment no matter how meritorious may be their case, for fear of resulting exposure
> to what are often, as here, substantial claims of attorney's fees.

*Bruce*, 203 F.R.D. at 56.

Finally, Defendant's reliance on Judge Preska's decision in *Baker v. Urban Outfitters,*

*Inc.*, 431 F.Supp. 2d 351, 363 (S.D.N.Y. 2006), aff'd, 249 F. App ' x 845 (2d Cir. 2007) is

entirely inapposite because the defendant in that case, Urban Outfitters, Inc., was deemed the

"prevailing party" under 17 U.S.C. § 505 after judgment was granted in its favor and the case

was dismissed.  As such, Judge Preska did <u>not</u> shift fees under Rule 68 (as Defendant claims the

Court may do in this case even if Defendant is found liable for copyright infringement).   Instead,

the court in *Baker* shifted fees under section 505 of the Copyright Act and merely used the Rule

68 offer of judgment as a factor in balancing the equities.

In sum, the Court in this matter should follow the U.S. Supreme Court's holding in

*Marek,* the Seventh Circuit in *Harbor Motor*, Ninth Circuit in *UMG Recordings* and Judge

Wexler's E.D.N.Y. decision in *Boisson*, and determine as a matter of law that Rule 68 "costs" do

not include a non-prevailing defendant's post-offer attorneys' fees.

**B.      A COURT-ISSUED JUDGMENT OF INFRINGEMENT LIABILITY IS *MORE FAVORABLE* THAN AN OFFER OF JUDGMENT WHICH CONTAINS NO ADMISSION OF LIABILITY**

Rule 68(d) of the Federal Rules of Civil Procedure provides: "If the judgment that the

offeree finally obtains is <u>not more favorable</u> than the unaccepted offer, the offeree must pay the

costs incurred after the offer was made." Fed.R.Civ.P. 68(d) (underline added).  Rule 68 does not

say anything about the monetary amount obtained.  As such, there are other issues at play which

could render a final judgment more favorable, such as a judicial finding of liability for copyright

infringement.  *See, e.g., Lish v. Harper's Magazine Foundation*, 148 F.R.D. 516 (1993) ("the

judicial determination of copyright violation confers a benefit on a plaintiff which he would not

have obtained merely by the entry of judgment in his favor: that is, to use the precedent

established by a court finding in future instances.").

Here, Defendant has indicated that its offer of judgment was without admitting liability.

Thus, even if Plaintiff fails to obtain a monetary amount at trial greater than what was set forth in

Defendant's offer of judgment, an ultimate finding of infringement liability by the Court will

make the final judgment more favorable regardless of the sum of money at stake.  This is

particularly true in a copyright case where the object of the litigation is to vindicate the public

interest.

After all, copyright infringement cases brought by individual copyright holders do more than compensate victims. They secure intellectual property rights from widespread invasion, maintain order in society, and promote the Progress of the Sciences and the useful Arts. See *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983) (public interest can only be served by upholding copyright protections, thus preventing misappropriation of skills, creative energies, and resources invested in protected work); see also *Walt Disney Co. v. Best*, No. 88 Civ. 1595(SWK), 1990 WL 144209, at *4 (S.D.N.Y. Sept. 26, 1990) (one of the primary purposes of the Copyright Act is to "deter future infringements.").

**POINT IV:**   **DEFENDANT HAS FAILED TO DEMONSTRATE THAT PLAINTIFF'S CLAIM IS OBJECTIVELY UNREASONABLE**

The basis of Defendant's bond motion is fee-shifting under section 505 of the Copyright Act.  Defendant seeks an unspecified bond amount to cover its attorneys' fees in the event that the Court shifts fees under Rule 68.

However, as explained in *Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.*, No. 08-cv-01533, 2010 WL 3452375, at *4 (S.D.N.Y. Sept. 1, 2010), Defendant must also bear the heavy burden of showing that it is likely to be awarded its attorneys' fees and costs under 17 U.S.C. § 505, which are "not automatically awarded to every victorious defendant but rather are within the court's discretion to grant." *Id.*  In deciding whether such an award is warranted, "district courts may consider such factors as (1) the frivolousness of the non-prevailing party's claims or defenses; (2) the party's motivation; (3) whether the claims or defenses were objectively unreasonable; and (4) compensation and deterrence." *Bryant v. Media Right Productions, Inc.,* 603 F.3d 135, 144 (2d Cir.2010).

Here, Defendant has made no showing whatsoever that Plaintiff's infringement claim is objectively unreasonable, i.e., patently contrary to existing law or unsupported in fact.  Indeed,

Defendant's motion for a bond makes no attempt to analyze the merits of Plaintiff's claims or the Defendant's defenses.  For example, Defendant does not challenge the two elements of Plaintiff's copyright infringement claim (validity of ownership and actual copying) and does not discuss the merits of its defenses (if any).  Instead, it primarily rests on *ad hominen* attacks against the Liebowitz Law Firm.

Defendant has also failed to show that Plaintiff's lawsuit is improperly motivated.  Nor has Defendant explained how fee-shifting would further the purposes of the Copyright Act.  Finally, Defendant doesn't deserve to be compensated for its fees.  The Copyright Act places the public on notice that it is a violation of federal law to steal photographs.  By failing to secure a valid license before publishing the Photograph, Defendant assumed the risk of litigation and all costs associated therewith.

### POINT V:   DEFENDANT HAS FAILED TO DEMONSTRATE THAT PLAINTIFF HAS WILLFULLY DISOBEYED ANY COURT ORDERS, INCREASED THE COST OF LITIGATION OR OBSTRUCTED DISCOVERY

### A.   DEFENDANT HAS FAILED TO PRESENT ANY EVIDENCE THAT PLAINTIFF VIOLATED ANY COURT ORDER IN THIS ACTION

Defendant has failed to show that Plaintiff has violated any Court orders in this case (or in any other cases he has filed in this District over the last three years).  *See RLS Assocs.*, 2005 WL 578917, at *1 (denying bond motion where "there is no history of noncompliance with prior orders").  That's because Lee has never violated any Court orders.  Nor has Plaintiff ever been sanctioned or had to pay a defendant's costs or attorneys' fees.   Lee has never had to post a bond.  Having failed to show that Plaintiff violated any court orders, the bond motion should be denied.

Rather than focusing on Jackson Lee, Defendant has launched *ad hominen* attacks against Plaintiff's counsel by citing other unrelated cases that have nothing to do with Lee or the merits of his case. Lee was not a party in any of the cases cited by Defendant in its opening brief. Moreover, Defendant is not asking Plaintiff's counsel to post bond – it is asking Lee to post bond. But Lee's constitutional right to retain counsel of his own choosing should not be held against him on account of the over 1500 other infringement actions the Liebowitz Law Firm has filed. Lee cannot possibly be held accountable for every single case his lawyers file on behalf of other clients.

**B.      DEFENDANT HAS FAILED TO PRESENT ANY EVIDENCE THAT PLAINTIFF HAS MULTIPLIED THE COST OF THIS PROCEEDING**

Defendant has also failed to show that Lee has engaged in any conduct that multiplied the cost of these proceedings. For example, there is no evidence that Plaintiff has obstructed the progress of this lawsuit. To the contrary, it is Defendant who has unnecessarily increased the cost of this litigation by way of ancillary motion practice in order to avoid litigating the merits. Further, there is no evidence whatsoever that Lee has acted vexatiously or flaunted the Court's rules.

**C.      DEFENDANT HAS FAILED TO PRESENT ANY EVIDENCE THAT LEE OBSTRUCTED DISCOVERY**

Defendant has also failed to show that Plaintiff obstructed discovery. Indeed, Lee has fully complied with all of discovery obligations.

**D.      DEFENDANT'S *AD HOMINEM* ATTACKS AGAINST LIEBOWITZ LAW FIRM, PLLC ARE MISPLACED GIVEN LIEBOWITZ'S TRACK RECORD OF SUCCESS *ON THE MERITS***

Copyright infringers such as Defendant relish the opportunity to take the offensive against those, such as Liebowitz Law Firm, PLLC ("Liebowitz"), who conduct the important work of enforcing this nation's copyright laws. Liebowitz specializes in enforcing the

copyrighted works of photographers and, in the last three years, has filed over a thousand copyright infringement cases in the Southern District and the Eastern District of New York on behalf of photographers. The Firm represents over 600 copyright holders, thousands of copyright registrations, and tens of thousands of copyrighted works.

The number of lawsuits filed by Liebowitz primarily shows that: (a) violation of the Copyright Act via unauthorized use of photographic materials is an epidemic; (b) the Firm is vindicating the public interest by ensuring that a proper licensing market exists for the work of photographers; and (c) individual photographers retain the Firm to file lawsuits because there is no other means for them to enforce their rights, particularly given the Congressional failure to establish a Copyright Court to help streamline these types of claims.

Liebowitz's efforts have largely been met with success in terms of judgments <u>on the merits</u>. For example, Liebowitz has obtained judgments of liability for copyright infringement in *Sands v. CBS Interactive, Inc.,* 18-cv-7345 (JSR), 2019 WL 1447014 (S.D.N.Y. March 13, 2019) (summary judgment); *Mango v. BuzzFeed, Inc.,* 356 F. Supp. 3d 368 (S.D.N.Y. 2019) (bench trial); *Otto v. Hearst Commc'ns, Inc.*, 345 F. Supp. 3d 412 (S.D.N.Y. 2018) (summary judgment); *Chicoineau v. Bonnier Corp.,* No. 18-CV-3264 (JSR), 2018 WL 6039387, at *1 (S.D.N.Y. Oct. 16, 2018) (summary judgment); and *Goodman v. Universal Beauty Prod. Inc.,* No. 17-CV-1716 (KBF), 2018 WL 1274855, at *1 (S.D.N.Y. Mar. 9, 2018) (summary judgment).

Liebowitz has also helped develop key judicial precedent in U.S. copyright law through defeating motions to dismiss on Rule 12(b)(6). *See, e.g., Myeress v. BuzzFeed Inc*., No. 18-CV-2365 (VSB), 2019 WL 1004184, at *1 (S.D.N.Y. Mar. 1, 2019) (denying motion to dismiss based on Safe Harbor defense under DMCA); *Hirsch v. Complex Media, Inc.,* No. 18 CIV. 5488

(CM), 2018 WL 6985227, at *1 (S.D.N.Y. Dec. 10, 2018) (denying motion to dismiss based on defenses of fair use and *de minimis* copying); *Hirsch v. CBS Broad. Inc.,* No. 17 CIV. 1860 (PAE), 2017 WL 3393845, at *1 (S.D.N.Y. Aug. 4, 2017) (denying motion to dismiss infringement claim and DMCA claim under section 1202(b) on grounds of *de minimis* copying and fair use); *Gattoni v. Tibi, LLC,* 254 F. Supp. 3d 659 (S.D.N.Y. 2017) (denying motion to dismiss DMCA claim for removal of copyright management information); *see also Ferdman v. CBS Interactive Inc.,* 342 F. Supp. 3d 515 (S.D.N.Y. 2018) (dismissing fair use defense on summary judgment with respect to seven photographs).

**POINT VI:**    **DEFENDANT HAS FAILED TO SPECIFY THE AMOUNT OF FEES OR COSTS REQUESTED WITH ANY ADMISSIBLE EVIDENCE**

Without even bothering to submit time sheets, hourly rates, CV/resumes, invoices or pro formas, Defendant seeks an arbitrary bond in an unspecified amount.  Without any evidence on record to verify Defendant's claim, any amount sought should be summarily denied.

The "starting point" in analyzing whether claimed attorneys' fees are appropriate is "the lodestar — the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea* v. *Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n* v. *Cty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008); *Perdue* v. *Kenny A. ex rel. Winn*, 559 U.S. 542 (2010))).  The party seeking fees bears the burden of showing that its requested fees are reasonable, *see Blum* v. *Stenson*, 465 U.S. 886, 897 (1984), and must provide the Court with sufficient information to assess the fee application, *N.Y.State Ass'n for Retarded Children, Inc.* v. *Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). In calculating the lode star rate, courts consider the following factors:

> [i] the time and labor required; [ii] the novelty and difficulty of the questions; [iii] the level of skill required to perform the legal service properly; [iv] the preclusion of employment by the attorney due to acceptance of the case; [v] the attorney's customary

15

hourly rate; [vi] whether the fee is fixed or contingent; [vii] the time limitations imposed by the client or the circumstances; [viii] the amount involved in the case and the results obtained; [ix] the experience, reputation, and ability of the attorneys; [x] the "undesirability" of the case; [xi] the nature and length of the professional relationship with the client; and [xii] awards in similar cases.

*Bravia Capital Partners, Inc.* v. *Fike*, 296 F.R.D. 136, 143 (S.D.N.Y. 2013) (quoting

*Arbor Hill*, 522 F.3d at 186 n.3).

Here, Defendant's counsel has failed to provide the Court with any information that would justify any legal fees. For example, defense counsel has failed to provide a CV/resume or otherwise detail its experience in litigating copyright-related matters. Defense counsel has also failed to claim any hourly rate making it impossible to determine whether the rates charged are commensurate with other attorneys in this District. Defendant has also failed to submit its time sheets showing whether the time expended is duplicative or wasteful. Defendant has also failed to provide the Court with any invoices showing its out-of-pocket or anticipated costs. *See RLS Assocs., LLC,* 2005 WL 578917, at *1 (denying bond where discovery "is not particularly unusual in its magnitude").

**POINT VII:   ANY BOND REQUIREMENT SHOULD NOT EXCEED THE COST OF TWO DEPOSITION TRANSCRIPTS, OR $1,500.00**

For the foregoing reasons, the Court should deny Defendant's motion for a bond in its entirety. However, if the Court finds that a bond is appropriate after analyzing the requisite factors, then the bond amount should not exceed the *actual hard costs* that Defendant could reasonably expect to recover on Rule 68, which is no more than the out-of-pocket costs incurred for obtaining two deposition transcripts, or approximately $1500.00.

**CONCLUSION**

Based on the foregoing, the Court should DENY Defendant's motion for a bond under L.R. 54.2 in its entirety or, in the alternative, set the bond amount at $1,500.00.

Dated: May 2, 2019

Respectfully submitted,

**s/richardliebowitz/**

Richard Liebowitz

*Counsel for Plaintiff Jackson Lee*