**Liebowitz Law Firm, PLLC**
Attorneys for the Photographic Arts

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
www.LiebowitzLawFirm.com

January 13, 2020

**VIA ECF**

Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Usherson v. Bandshell Artist Management,* 1:19-cv-06368 (JMF)

Dear Judge Furman:

We represent Plaintiff Arthur Usherson in the above-captioned case.  We write pursuant to the Court's order to address the amount of sanctions to be awarded, if any.

**Point I:**   **By Stipulation, Defendant Has Voluntarily Waived its Attorneys' Fees in Connection with this Action, *Including* the Amount of Fees to be Awarded**

Courts may assess attorneys' fees and costs against a party pursuant to the Court's inherent powers.  *Meyer v. Kalanick*, 212 F.Supp.3d 437, 450 (S.D.N.Y. 2016).  Courts may also order a sanctioned party or its attorney "to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with [Rule 16]."  Fed. R.Civ.P. 16(f)(2).

However, Defendant signed a stipulation on December 18, 2019 representing that it would "bear its own costs and attorney's fees." The Court ordered the case dismissed on December 20, 2019. [Dkt. #48]  In Plaintiff's view, the Stipulation effectuated a waiver of Defendant's attorneys' fees relating to the present sanctions motion, both in terms of the amount of the sanctions to be awarded and the ability of Defendant to collect such award.  Here, since defense counsel indicated that he has no intention of collecting any award, the only issue is whether the Stipulation effectuates a waiver in terms of the amount to be awarded.

"[W]aiver is the voluntary or intentional relinquishment of a known right, or intentional conduct inconsistent with claiming such a right." *Torain v. Clear Channel Broad., Inc.*, 651 F. Supp. 2d 125, 145 (S.D.N.Y. 2009); *Capitol Records, Inc. v. Naxos of Am., Inc.*, 372 F.3d 471, 482 (2d Cir. 2004). Circuit courts have ruled that attorneys' fees can be waived by a stipulation of dismissal. *Brown v. General Motors Corp.,* 722 F.2d 1009, 1012 (2d Cir.1983) (holding that a settlement agreement using broad language to effect a mutual release of claims and accompanied by a stipulation that the case be dismissed "without costs to any party" "is, absent circumstances



Liebowitz Law Firm, PLLC

indicating otherwise, intended to settle all claims involved in the particular litigation, including a claim for attorney's fees."); *see also Mitchell v. City of Los Angeles*, 753 F.2d 86, 87 (9th Cir. 1984) (finding that attorneys' fees were waived by virtue of stipulation of dismissal).

Plaintiff respectfully avers that in light of the Stipulation, the Court should decline to consider *the amount* of Defendant's fees incurred in prosecuting the sanctions motion. Instead, the amount to be awarded should be calculated by reference to judicial precedent and in light of the circumstances presented in this case.

**Point II:** **In the Event the Court Determines that Sanctions are Appropriate Under Fed.R.Civ. 16, Then the Amount of Sanctions Should Not Exceed $1000.00**

In cases in this District where sanctions have been imposed against Liebowitz for non-compliance with Rule 16, courts have imposed the amount of $1000.00 as sanctions, payable to the Clerk of Court. *See Polaris Images Corp. v. CBS Interactive, Inc*., 19-cv-3670 (VEC) (S.D.N.Y. Oct. 9, 2019) [Dkt. 16] (imposing sanctions of $1000 against Mr. Liebowitz under Rule 16(f) for failure to produce licensing fee information in advance of mediation session and failure to timely file proof of service).

Even in cases involving deliberate defiance of a court's order, district courts typically award between $250 and $500, payable to the Clerk of Court. *See, e.g., Huebner v. Midland Credit Mgmt., Inc.,* No. 14 CIV. 6046 BMC, 2015 WL 1966280, at *7 (E.D.N.Y. May 1, 2015), *aff'd,* 897 F.3d 42 (2d Cir. 2018) (imposing sanctions of $500, payable to the clerk of court, for "plaintiff's failure to participate in the Initial Status Conference in good faith and his intentionally misleading the Court and defendant as to his theory of the case"); *JTH Tax, Inc. v. H & R Block E. Tax Servs., Inc.,* No. CIV.A.2:00-CV-51, 2002 WL 34232163, at *1 (E.D. Va. Sept. 23, 2002) (assessing sanctions in the amount of $500.00, payable to the clerk of court, for "deliberate defiance of the Court's order"); *Lee v. Verizon Wireless*, No. 3:07-CV-532(AHN), 2007 WL 3232590, at *2 (D. Conn. Oct. 31, 2007) (imposing $250 in sanctions, payable to clerk of court, where plaintiff's counsel failed to comply with court orders in a timely fashion and to communicate with opposing counsel); *Woo v. City of New York*, No. 93 CIV. 7007(AJP)(HB, 1996 WL 284930, at *1 (S.D.N.Y. May 29, 1996) (imposing $250 in sanctions against attorney for failing to abide by scheduling order and refusing to comply with the initial sanctions order).

Here, we respectfully submit that if the Court finds that any court order was violated, including by my absence at the in-person mediation or by untimely filing of an affidavit of service, then any amount of sanctions awarded pursuant to Rule 16 should not exceed the amount of $1000.00, payable to the Clerk of Court. *See Polaris Images Corp.*

**Point III:** **In the Event the Court Determines that Sanctions are Appropriate Under the Court's Inherent Authority (or Section 1927), Then the Amount of Sanctions Should Not Exceed $2500.00, Payable to the Clerk of Court**

Defendant has also moved for sanctions pursuant to the Court's inherent power. Because of their "very potency, inherent powers must be exercised with restraint and discretion," *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44 (1991). Sanctions are generally appropriate only if a court finds by clear and convincing evidence that a party or attorney "knowingly [made] . . .

Liebowitz Law Firm, PLLC

materially false or misleading [statements], or knowingly failed to correct false statements, as part of a deliberate and unconscionable scheme to interfere with the Court's ability to adjudicate the case fairly." *Almeciga v. Ctr. for Investigative Reporting, Inc.,* 185 F.Supp.3d 401, 427 (S.D.N.Y. 2016). Even if repeated representations turn out to be false, a court may not infer that counsel knowingly made those misrepresentations as part of a scheme to tamper with the fair adjudication of this action absent "clear and convincing evidence" and a "particularized showing of bad faith." *Kortright Capital Partners LP v. Investcorp Inv. Advisers Ltd.*, 327 F. Supp. 3d 673, 688 (S.D.N.Y. 2018).

Here, in the event the Court finds that the inherent authority should be invoked, then the amount of sanctions should not exceed the amount of $2500.00, payable to the Clerk of Court. *See Steeger v. JMS Cleaning Services, LLC*, 2018 WL 1363497 (S.D.N.Y. March 14, 2018) (imposing sanctions of $2,000 against Liebowitz under Rule 11 and the Court's inherent power for failure to serve a notice of an initial case management conference and for omitting certain facts in a letter to the court); *Kerestan v. Merck & Co. Long Term Disability Plan*, No. 05-cv-3469 (BSJ) (AJP), 2008 WL 2627974, at *1 (S.D.N.Y. July 2, 2008) (imposing $3,400 sanction against plaintiff pursuant to court's inherent authority, to be paid to the clerk of court, for failure to appear at scheduled court conference); *but see United States v. McCabe*, 323 F. App'x 580 (9th Cir. 2009) (imposing $10,000 sanction under Court's inherent authority where attorney made material misrepresentations to district court in connection with representation of criminal defendant which obstructed court's inquiry into potential intimidation of government witness); *Egan v. Pineda*, 808 F.3d 1180 (7th Cir. 2015) (imposing $5,000 sanction against attorney under Court's inherent power where complaint contained false allegation that employee was subject to sexual assaults and unwanted physical contact; and attorney's only explanation was that allegation was "an error," and attorney did not seek to correct complaint until six months after being alerted to its falsity).

In light of the above-referenced authorities, even if the Court were to discount my sworn testimony that I received the requisite permissions from the Mediator, such finding would not warrant more than a $2500 sanction, payable to the Clerk of Court. <u>First</u>, the custom and practice evidence plainly shows that even if I turned out to be incorrect about receiving advanced permission from the Mediator (and for the record, I re-affirm that such permissions were in fact granted), I certainly harbored a good faith belief that the Mediator would permit telephonic participation of the client and in-person attendance by my associate. Indeed, there were five past instances in the four months prior to the mediation where the Mediator granted advance permission for my clients to appear telephonically (or, if the Court credits the Mediator's testimony, permitted such participation without any objection or incident). <u>Second</u>, Defendant failed to show any prejudice as a result of the telephonic participation of my client. <u>Third</u>, any sanctions of $5000.00 or above appear to be reserved for the most egregious of situations, such as where an attorney has obstructed a court's inquiry into potential intimidation of government witness or where an attorney has made knowingly false allegations of sexual assault in court filings. Here, the record shows that both my client and my law firm actively participated in the Court-ordered mediation (and the dispute surrounds the mode of participation).

Based on the foregoing, if the Court is inclined to impose sanctions pursuant to its inherent authority (or section 1927), then the amount should not exceed $2500.00, payable to the Clerk of Court. Respectfully, any sanctions award under Rule 16 should be limited to $1000.00.

Liebowitz Law Firm, PLLC

        Respectfully Submitted,

        **/richardliebowitz/**
        Richard Liebowitz

        *Counsel for Plaintiff Arthur Usherson*