

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
www.LiebowitzLawFirm.com

January 17, 2020

**VIA ECF**

Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Usherson v. Bandshell Artist Management,* 1:19-cv-06368 (JMF)

Dear Judge Furman:

We represent Plaintiff Arthur Usherson in the above-captioned case. We write in response to the Court's Order, dated January 8, 2020 [Dkt. #52].

**Point I:   Paragraph 9 of the Complaint Does Not Identify the Correct Copyright Registration Number; However, the Photograph At Issue Is Registered in Plaintiff's Name Under a Separate Registration**

Paragraph 9 of the Complaint, which identifies the Copyright Registration Number as VAu 1-080-046, is inaccurate. [Dkt. #1] The photograph at issue in this case (the "Photograph") was not registered as part of the 046 Registration, which was effectuated by Plaintiff on August 2, 2011. Other similar photographs of the same event and scene (i.e., Bob Dylan at Mariposa Folk Festival on July 16, 1972) were registered as part of the 046 Registration.

Instead, the Photograph was registered in Plaintiff's name under registration number VAu 1-373-272, with effective date of August 22, 2019 (the "272 Registration"). The Photograph is on deposit with the 272 Registration bearing content title "Bob Dylan at Mariposa Folk Festival July 16, 1972 (13).jpg." Notably, the 272 Registration was not effectuated until after this lawsuit was filed, but as demonstrated in Point II below, that fact should not be of critical import in light of the liberal policy accorded to amended pleadings under Rule 15(a)(2).

**Point II:   If the Action Remained Pending, Then an Amended Complaint Under Rule 15 – Rather Than Sanctions Under Rule 11 – Would be the Appropriate Procedural Disposition**

Plaintiff and his counsel respectfully submit that administrative mistakes or clerical errors do happen in the copyright registration process. However, such mistakes are never considered fraudulent or bad faith (absent clear evidence of an intent to deceive). *See, e.g., Urantia Found. v. Maaherra*, 114 F.3d 955, 963 (9th Cir. 1997) ("inadvertent mistakes on registration certificates



Liebowitz Law Firm, PLLC

do not invalidate a copyright and thus do not bar infringement actions, unless the alleged infringer has relied to its detriment on the mistake, or the claimant intended to defraud the Copyright Office by making the misstatement."); *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 991 (9th Cir. 2017) ("Good faith mistakes in copyright applications do not preclude an infringement action.").

Moreover, Plaintiff is not aware of any decision where a federal court sanctioned a party or his attorney for identifying the wrong registration number in an initial complaint. Quite to the contrary, the failure to obtain a registration prior to filing suit provides grounds to amend the complaint under Rule 15. *Atkins v. Publications Int'l, Ltd.,* No. 91 CIV. 7427 (KMW), 1992 WL 309581, at *4 (S.D.N.Y. Oct. 15, 1992) (declining to impose sanctions under Rule 11 where plaintiff failed to obtain a copyright registration prior to initiating her copyright infringement claim and noting that leave to amend should be "freely given when justice so requires" under Rule 15).

**Point III.**     **Sanctions are Not Warranted Against Plaintiff's Counsel Because a Finding of Subjective Bad Faith is Foreclosed in Matters of Clerical Error**

In order to impose sanctions *sua sponte* upon an attorney, a district court must make a "finding of bad faith on the part of the attorney." *In re Pennie & Edmonds, LLP,* 323 F.3d 86, 90 (2d Cir.2003). The Second Circuit reasoned that, as opposed to a sanctions proceeding initiated by a party's motion, "when a lawyer's submission . . . is subject to sanction by a *court,* the absence of a 'safe harbor' opportunity" for counsel to reconsider the challenged submission weighs in favor of "avoiding the inhibiting effect of an 'objectively unreasonable' standard." *Pennie & Edmonds,* 323 F.3d at 91 (emphasis supplied). Thus, the Second Circuit concluded that the "bad faith standard applies to a court-initiated show cause order issued where an opportunity for withdrawal or correction is unavailable." *Id.* at 91 n. 4. Accordingly, in order to sanction Plaintiff's counsel for designating an incorrect copyright registration number in the initial complaint, the Court would need to make a specific showing of bad faith conduct on part of Mr. Liebowitz, the attorney who signed the complaint, respecting the registration itself.

Here, Defendant did not ask the Court to sanction counsel in connection with the copyright registration issue, and certainly did not file any written motion.[1] Instead, the sanctions proceeding concerning paragraph 9 of the complaint was initiated by the Court. [Dkt. #52]  In any event, defendant cannot move for sanctions under Rule 11 without serving Plaintiff's counsel with a formal Rule 11 motion and a 21-day "safe harbor" to correct any pleading deficiency. Fed.R.Civ.P. 11(c)(1)(A).  Defendant failed to serve such motion during the pendency of the action and thus the time to file and serve a Rule 11 motion has passed. *See* Fed. R. Civ. P. 11 advisory committee notes to 1993 amendment ("Ordinarily the [Rule 11] motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely.").

---

[1] Indeed, Defense counsel plainly violated the Court's Order [Dkt. #47] by raising the registration issue at the January 8 hearing, which was narrowly limited to the question of whether Mr. Liebowitz obtained certain permissions from the Mediator.  There is no just cause to impose sanctions against Liebowitz while Mr. Newberg, who certainly understood the parameters of the hearing, willfully violated the Court's Order in premeditated fashion during closing argument.

Liebowitz Law Firm, PLLC

The allegation set forth in paragraph 9 of the complaint is attributable to clerical error, rather than any bad faith intent to deceive. *Class v. E. Airlines Inc.*, 117 F.R.D. 511, 512 (S.D.N.Y. 1987) (declining to impose sanctions where discrepancy was merely a clerical error in the doctor's records). Indeed, there would no logical reason why any attorney would purposely seek to identify the incorrect registration number in a complaint.

**Point IV:**   **Sanctions Are Not Appropriate Against Plaintiff (nor Counsel) Because They Are Entitled to Rely On Judicial Precedent Which Holds That the Burden to Retrieve a Certified Deposit Copy Rests on the Alleged Infringer**

As stated at the January 8 hearing, there is no statutory or regulatory requirement which imposes a duty upon the copyright holder (or his counsel) to incur the expense of ordering a certified deposit copy from the Copyright Office. Moreover, there is no caselaw authority of which Plaintiff is aware which imposes such a duty. Under these circumstances, sanctions cannot be warranted for an alleged failure on counsel or the party's part to secure a certified deposit copy prior to filing suit. *See, e.g.*, *Clancey v. Mobil Oil Corp.*, 906 F.Supp. 42, 50 (D.Mass.1995) (holding that Rule 11 sanctions were not warranted where legal precedents were not clearly defined); *Smith & Green Corp. v. Trustees of the Construction Industry & Laborers Health & Welfare Trust*, 244 F.Supp.2d at 1104 (holding that Rule 11 should not be used to raise issues of legal sufficiency that are more properly decided in a dispositive motion).

Moreover, prevailing law in this Circuit holds that the burden to retrieve a certified deposit copy from the U.S. Copyright Office rests upon the alleged infringer.. *See, e.g., Goodman v. Universal Beauty Prod. Inc.*, No. 17-CV-1716 (KBF), 2018 WL 1274855, at *5 (S.D.N.Y. Mar. 9, 2018) ("A full period of discovery has occurred in this case; defendants had the opportunity to request a certified deposit copy from the U.S. Copyright Office and submit it with their opposition to plaintiff's motion for summary judgment. Their failure to submit any evidence, however, prevents them from raising a triable issue on the validity of the registration"); *Masi v. Moguldom Media Grp. LLC*, No. 18 CIV. 2402 (PAC), 2019 WL 3287819, at *4 (S.D.N.Y. July 22, 2019) ("Defendant could have . . . requested a certified deposit copy from the U.S. Copyright Office to support its position on summary judgment."); *Chicoineau v. Bonnier Corp.*, No. 18-cv-3264 (JSR), 2018 WL 6039387, at *2 (S.D.N.Y. Oct. 16, 2018) (implying that Defendant must produce evidence to invalidate registration). We are not aware, and Defendant has failed to cite, any caselaw which holds that a copyright holder must obtain a certified deposit prior to filing suit.

Based on the foregoing, Plaintiff and his counsel respectfully submit that sanctions are not warranted concerning the registration issue. Had the case proceeded on the merits, Plaintiff would have sought Court's leave to amend the complaint to correct the pleading deficiency by identifying the 272 Registration.

Respectfully submitted,

**/s/richardliebowitz/**
Richard Liebowitz

*Counsel for Plaintiff Arthur Usherson*