**McGuireWoods LLP**
1750 Tysons Boulevard
Suite 1800
Tysons, VA 22102-4215
Phone: 703.712.5000
Fax: 703.712.5050
www.mcguirewoods.com

**Brad R. Newberg**
Direct: 703.712.5061

bnewberg@mcguirewoods.com
Fax: 703.712.5187

# McGuireWoods

January 18, 2020

**VIA ECF**
The Honorable Jesse M. Furman
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007
Furman_NYSDChambers@nysd.uscourts.gov

        Re:     <u>*Usherson v. Bandshell Artist Management*, 1:19-cv-6368 (JMF)</u>

Dear Judge Furman,

      We write in response to Mr. Liebowitz's January 17 letter (the "January 17 letter") regarding the issue of copyright registrations in the above-captioned case. We write again as an officer of the Court, despite this case having been settled.

      The January 17 letter admits that the photograph upon which Plaintiff sued was not registered with the Copyright registration named in the Complaint as the basis for the lawsuit. The January 17 letter goes on to state that the photograph is actually part of a registration filed instead on August 22, 2019, more than a month after this case was filed.

      However, Mr, Liebowitz states that he (and his client) should avoid sanctions on this issue because this was a mere "clerical error." Such an explanation defies belief.

      As an initial matter, the January 17 letter does not state how Mr. Liebowitz knows for sure that the photograph is part of the August 22 registration. The only way would be that he is making a statement on personal knowledge, that is that he filed the August 22 registration or it was filed under his direction. That may be true given that Mr. Freeman stated to the Court during the January 8 hearing that the Liebowitz Law Firm handles the copyright filings for its clients unless the photographs had been registered already. More on that below.

      As to the clerical error defense, a clerical error would be filing a complaint with, say, a typo in the registration number. Here, there can be no "clerical error." In this case, there was **no** copyright registration at the time of the Complaint being filed. Here, the obvious conclusion is that Mr. Liebowitz realized that the Complaint was not valid and filed a later registration. This further appears to have been done intentionally with the hope of Defendant and the Court not finding out. That would also explain why Mr. Liebowitz blames the undersigned for bringing this issue to the Court's attention (because, he says, the hearing was only to determine if he

Atlanta | Austin | Baltimore | Charlotte | Charlottesville | Chicago | Dallas | Houston | Jacksonville | London | Los Angeles - Century City
Los Angeles - Downtown | New York | Norfolk | Pittsburgh | Raleigh | Richmond | San Francisco | Tysons | Washington, D.C.

should be sanctioned for one wrongdoing, not another), and goes so far as to claim that it should be up to a defendant to see through his ruse.[1]

The question is why Mr. Liebowitz would have taken such actions? And, if he could have just moved to amend, why did he not move to amend the Complaint earlier (especially given the tight discovery window of this case)?. The answer is that despite the January 17 letter's statement that Plaintiff could have just amended the complaint under the liberal pleading rules, that is incorrect. Mr. Liebowitz almost certainly knows this, likely when he filed the second registration, but certainly when I brought this exact issue up to the Court at length in the initial pre-trial conference, two months ago.

As this Court is well aware, in *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, __ U.S. __, __ 139 S. Ct. 881, 892 (2019), the Supreme Court held that an actual copyright registration, and not even a pending application, must exist before a plaintiff can bring a claim on its work. Since *Fourth Estate*, this Court (including J. Furman) has found that allowing a plaintiff to amend its copyright claims once it obtained a registration would "undermine Congress's choice to maintain registration as a prerequisite to suit." *Malibu Media, LLC v. Doe*, No. 18-CV-10956 (JMF), 2019 WL 1454317, at *2-3 (S.D.N.Y. Apr. 2, 2019) (J. Furman). Therefore, Mr. Liebowitz could not possibly have amended Plaintiff's Complaint based on the second registration. *See also Pickett v. Migos Touring, Inc.*, 18-cv-9775 (AT), 2019 WL 5887742, at * 5 (S.D.N.Y. Nov. 12, 2019); *Xclusive-Lee, Inc. v. Hadid*, 19-cv-520 (PKC) (CLP), 2019 WL 3281013, at *4 (E.D.N.Y. July 18, 2019) (quoting *Malibu Media*, and "declin[ing] to grant Plaintiff leave to amend the complaint to allege registration should its copyright application be approved in the future"); *Izmo, Inc. v. Roadster, Inc.*, No. 18-cv-06092 (NC), 2019 WL 2359228, at *2 (N.D. Cal. June 4, 2019); *Mai Larsen Designs v. Want2Scrap, LLC*, No. 17-CV-1084 (ESC), 2019 WL 2343019, at *6 (W.D. Tex. June 3, 2019).

More importantly—and the reason the January 17 letter requires a response—is that the very claims Mr. Liebowitz is making now are the claims he (and Mr. Freeman) denied in open Court.

During the January 8 hearing, Mr. Freeman stated to the Court that he had no knowledge regarding the registration of the photograph in issue. As the Court knows, he also filed a sworn declaration with Mr. Liebowitz's sanctions response, claiming no knowledge of even "the existence of this matter" until the night of October 30. Freeman Decl. ¶ 4.

That leaves Mr. Liebowitz, the only attorney to make an appearance in this case. Attached as an Exhibit are relevant pages from the November 14 Court conference in this case. At page 17, the Court can see that I brought this issue front and center, including my suspicion that Mr. Liebowitz knew the copyright registration sued on was invalid or did not contain the

---

[1] In discussing the "burden to retrieve" deposit copies, Mr. Liebowitz merely cites cases wherein a defendant tried to make a claim that a registration was not valid without ever seeking the evidence to make such a claim. That is completely immaterial to the issue at hand and certainly does not relieve a plaintiff from making truthful filings. Those cases also do not contest this Court's power to, as part of any sanctions award, require Mr. Liebowitz to serve a defendant certified deposit copies with or soon after the service of any future complaints.

January 18, 2020
Page 3

photograph at issue, leading to the second registration, and that, if my suspicions were correct, how the second registration could not cure the Complaint.  Tr. at 17, 19-20.

      Mr. Liebowitz did not argue the point or suggest he would be amending Plaintiff's complaint.  Instead, he outright denied that there was an issue:  "I don't know what defense counsel means about other registrations or other photographs.  I will have to see what my office did, *but this is the correct registration*."  Tr. 17-18 (emphasis added).  At no point thereafter, until the January 17 letter, did Mr. Liebowitz go and "check with [his] office" and inform the Court or defense counsel that his statement in open Court was incorrect.

      Even at the January 8 hearing, there was still feigned ignorance by Plaintiff's counsel of the invalidity of the first registration and the existence of the second registration.  Now, in what appears to be yet another attempt to move the ball, Mr. Liebowitz suggests that he knew of the existence of the second registration, but claims this whole issue was just "clerical error."

      This Court is aware of Mr. Liebowitz's tactics in other cases in an attempt to avoid sanctions.  Blame the other side and claim his errors were no big deal. His January 17 letter can be added to that pile.

      Respectfully submitted,

      *s/Brad R. Newberg/*
      Brad. R. Newberg
      *Attorney for Defendant Bandshell Artist Management.*