```
JBEJUSHC                    Conference

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

ARTHUR USHERSON,

          Plaintiff,

     v.                                    19 Civ. 6368 JMF

BANDSHELL ARTIST MANAGEMENT,

          Defendant.
------------------------------x

                                           November 14, 2019
                                           4:00 p.m.


Before:

                    HON. JESSE M. FURMAN,

                                           District Judge



                         APPEARANCES


LIEBOWITZ LAW FIRM, PLLC
     Attorneys for plaintiff
BY:  RICHARD LIEBOWITZ, Esq.
     JAMES FREEMAN, Esq.
          Of counsel


McGUIRE WOODS, LLP
     Attorneys for defendant
BY:  BRAD RICHARD NEWBERG, Esq.
          Of counsel
```

JBEJUSHC                    Conference

1    needs to testify, how you think it should be handled.  I will
2    issue an order that gives you further guidance on that front.
3              More broadly, I guess we are here for the initial
4    conference.  One option would be to put everything on hold
5    pending adjudication of the sanctions motion and see where that
6    lands us.  I will say I am skeptical of the request to dismiss
7    the complaint on that basis.  I think if sanctions are
8    appropriate, monetary sanctions are presumably the way to go
9    and not dismissal, but so in part for that reason I guess my
10   inclination would not be to hit the pause button.
11             Another option would be to proceed with discovery in
12   the normal course.  I guess the third option is somewhere
13   in-between.  I wanted to raise this.  Mr. Newberg has a
14   footnote in his memorandum of law, suggesting that there may be
15   a threshold issue with respect to the copyright in this case
16   that because it may predate 1989, that it is not a valid
17   copyright in the absence of a registration.  I don't know if
18   you're right about that, and maybe you can elaborate on it.
19             Would that be dispositive of the claims in this case
20   and, if so, is that something we should have early summary
21   judgment motion practice on?  What is your thought?
22             MR. NEWBERG:  Thank you.  Yes, that would be
23   dispositive.  They lose all rights in copyright for publishing,
24   print out, listening, anything regarding your photograph
25   without notice if it was done before 1989.

1           Additionally, actually just yesterday we also
2    discovered that after this case was filed, Mr. Usherson filed a
3    copyright registration, which it seems to be on these
4    photographs, so now it is unclear whether the registration in
5    the complaint actually does cover the photograph or if it is
6    the new copyright registration.
7           If it is the new copyright registration, it is
8    unequivocal this case must be dismissed with prejudice based on
9    the Supreme Court's recent holding in terms of having to have a
10   registration before you file and the Second Circuit and this
11   Court's holdings that that is a non-curable error.
12          So now we discovered that yesterday.  One of the
13   things I was going to ask your Honor, I think we we need to
14   amend our answer.  I do think that having discovery purely on
15   those aspects early would probably be a very good idea.
16          THE COURT:  Mr. Liebowitz.
17          MR. LIEBOWITZ:  Your Honor, so what defendant doesn't
18   realize is this is an unpublished work.  The VA number is VAU.
19   When it is VAU, it is unpublished.  So defendants say it was
20   published before 1989 is not accurate.  So it was VAU, it is
21   unpublished, and that does not affect any public domain or
22   anything like that.
23          It was unpublished, so there is no issue with
24   registration.  I don't know what defense counsel means about
25   other registrations or other photographs.  I will have to see

```
JBEJUSHC                Conference
```

1    what my office did, but this is the correct registration.  It
2    is registered as unpublished, and there are statutory damages
3    and attorney's fees in this case.
4            We believe that if defendant wants to take up these
5    issues during discovery, we want to have discovery as well.  We
6    want to determine why wasn't there a license, why wasn't the
7    photograph taken down.  There are a lot of factors that go into
8    statutory damages, and we believe that the appropriate thing to
9    do at this stage is to just set discovery, set the dates, and
10   let the parties engage and hopefully during that process the
11   parties could eventually get to a settlement number we are
12   willing to live with and we can finally put this matter to
13   rest.
14           MR. NEWBERG:  May I respond briefly, your Honor?
15           THE COURT:  Sure.
16           MR. NEWBERG:  Responding backwards on the point of the
17   facts on the discovery Mr. Liebowitz is talking about, that is
18   normal discovery.  What we are talking about --
19           THE COURT:  Slow down.
20           MR. NEWBERG:  -- is preemptive discovery on the notice
21   on registration.  I can tell Mr. Liebowitz right here on
22   August -- this is a photo, sort of well known folk community
23   photo of Bob Dylan, Leon Redbone and David Bromberg at the
24   Mariposa Folk Festival on July 16, 1972.
25           Taking this backwards, while there is a registration

JBEJUSHC                    Conference

1    that was mentioned in the complaint that simply just says
2    unpublished photographs, Nos. 122-208, that is what was for the
3    complaint.  On August 22nd, a very specific registration was
4    issued that says Arthur Usherson, Bob Dylan at Mariposa Folk
5    Festival, July 16, 1972, 30 photographs.  Clearly it is very
6    likely one of these 30 photographs is the photograph in
7    question, which is a photograph of Bob Dylan at the Mariposa
8    Folk Festival, July 16, 1972.
9              As far as the publication, I am well aware the
10   registration says that they're unpublished photographs.  I
11   think that is almost certainly inaccurate.  This is a
12   photograph that has been widely circulated.  I found examples
13   of it ranging back 10 to 20 years, and so if it were
14   unpublished, it would, it would be widely circulated, which may
15   be another reason to take discovery.  Thank you.
16             THE COURT:  If there is a generic registration on day
17   one, and then a more specific registration on day two, I don't
18   know why that would, be but in theory cover the same work?.
19             MR. NEWBERG:  It is possible then it could cover the
20   same work.  We are willing to find out whether these
21   unpublished photographs are composite copies to determine
22   whether or not this is part of it and why there was this new
23   registration.
24             In addition, if you published hundreds or a group of
25   unpublished photographs, a collection, if any of those

JBEJUSHC                Conference

```
 1   photographs, and -- this may be the reason for the new
 2   registration -- if any of those photographs actually were
 3   published, that takes away the entire copyright registration.
 4   So I have 50 unpublished photographs and 10 published, and to
 5   put them in as unpublished photographs and try to get them in
 6   that way and determine some of them were published, then that
 7   copyright is no longer valid.
 8           THE COURT:  What do you need to get to the bottom of
 9   that and figure out what is going on here?
10           MR. NEWBERG:  In terms of discovery, we need discovery
11   on deposit copies of the photographs were put in for this 2011
12   registration.  We need discovery on Mr. Usherson of when these
13   photographs were published, if they were published, and if they
14   have, how they have been used, and discovery of why this new
15   registration was put in on August 22nd, because if the new
16   registration was essentially the first valid registration for
17   this photograph, then this case is -- and that is a separate
18   issue obviously from the notice, which is another reason for
19   dismissing.
20           If it were found, that is the other part of discovery,
21   if this is a published photograph and it was published without
22   notice prior to 1989, then there is no copyright possibility
23   whatsoever.
24           THE COURT:  What discovery would you need on that
25   aside from the deposition of Mr. Usherson?
```