UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                     :

ARTHUR USHERSON,                                   :
                                                     :

                          Plaintiff,          :                        19-CV-6368 (JMF)
                                                     :

          -v-                                  :                            ORDER
                                                     :

BANDSHELL ARTIST MANAGEMENT,        :
                                                     :

                        Defendant.      :
                                                   :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      In the colloquy that followed the evidentiary hearing in this case on January 8, 2020,

defense counsel advised the Court that he had reason to believe that Paragraph 9 of the

Complaint, ECF No. 1 — which alleges that the photograph at issue in this case (the

"Photograph") "was registered with United States Copyright Office and was given Copyright

Registration Number VAu 1-080-046" ("Registration 046") — was inaccurate. *See* Tr. of

January 8, 2020 Hearing ("Tr."), at 127.  In response, counsel to Richard Liebowitz and the

Liebowitz Law Firm, James Freeman, represented that Paragraph 9 of the Complaint "was based

on Mr. Usherson's representation that the photograph in this case was under that copyright

registration number"; that counsel had no "reason to doubt the veracity of [Mr. Usherson's]

representations"; and that, before filing suit, counsel verified that Mr. Usherson was the claimant

for Registration 046, but did not take additional steps to confirm that the Photograph was

actually registered.  *Id.* at 140-41.  The Court then ordered Plaintiff's counsel to submit a letter-

brief "indicating, one, whether the photograph at issue in this case was, in fact, registered with

the Copyright Office; and, two, if it was not, why sanctions would not be appropriate based on the allegation in paragraph 9 of the complaint." *Id.* at 142; *see* ECF No. 52.

Pursuant to the Court's Order, Mr. Liebowitz filed a letter-brief on January 17, 2020. ECF No. 57. In his letter, Mr. Liebowitz concedes that Paragraph 9 of the Complaint "is inaccurate" because the Photograph "was not registered as part of the 046 Registration." *Id.* at 1. Mr. Liebowitz reports further that "the Photograph was registered in Plaintiff's name under registration number VAu 1-373-272" ("Registration 272"), with an "effective date of August 22, 2019" — more than one month after this lawsuit was filed. *Id.* at 1; *see also* ECF No. 1 (Complaint filed on July 10, 2019). Mr. Liebowitz attributes the problem (although it is not clear if the problem to which he refers is the inaccuracy of Paragraph 9 or the failure to register the Photograph in the first instance) to "administrative mistake[] or "clerical error[]" — but he does not elaborate on the nature or source of the purported mistake or error. ECF No. 57, at 1-2. Ultimately, Mr. Liebowitz contends that the Court cannot impose sanctions "for designating an incorrect copyright registration number in the initial complaint" without "a specific showing of bad faith conduct on [the] part of Mr. Liebowitz, the attorney who signed the complaint, respecting the registration itself." *Id.* at 2.[1]

Mr. Liebowitz's unsworn letter raises more questions than it answers. Accordingly, no later than **January 31, 2020**, Mr. Liebowitz shall file a declaration, sworn under penalty of perjury, specifying: (1) the nature and cause of the "administrative mistake" or "clerical error" to

---

[1]     Mr. Liebowitz also accuses defense counsel of "violat[ing]" the Court's Order by raising the registration issue at the January 8, 2020 hearing, "which was narrowly limited to the question of whether Mr. Liebowitz obtained certain permissions from the Mediator." ECF No. 57, at 2 n.1. Not so. Defense counsel did not seek to introduce evidence with respect to the issue during the evidentiary hearing itself, which was — per the Court's earlier Order — "narrowly limited." ECF No. 42. Instead, as an officer of the Court, he brought it to the Court's attention in the colloquy that followed the evidentiary hearing. Tr. at 127. That was entirely appropriate.

2

which he refers in his January 17, 2020 letter, including who was responsible for the mistake or error; (2) the factual basis for his inclusion of the allegation set forth in Paragraph 9 of the Complaint and the source of that factual basis, including a detailed description of any investigation into the matter that he conducted prior to the filing of the Complaint; (3) what role, if any, he played in the filing of the application for Registration 272, when and by whom that application was filed, and why the decision to obtain that registration was made (including but not limited to whether it was made due to a realization that the Photograph had not been registered); (4) when Mr. Liebowitz became aware that the Photograph was not registered under Registration 046, how he learned of that fact, and whether Mr. Liebowitz knew on November 14, 2019 (the date of the initial pretrial conference in this matter) that the Photograph had been registered after this lawsuit was commenced; and (5) why Mr. Liebowitz failed to advise the Court and defense counsel that Paragraph 9 of the Complaint was inaccurate until his January 17, 2020 letter.

No later than the **same date**, Mr. Freeman shall file a declaration, sworn under penalty of perjury, specifying (1) the factual basis for the representations he made at the January 8, 2020 hearing about the registration of the Photograph, including that the allegation in Paragraph 9 of the Complaint was based on information provided to counsel by Mr. Usherson and that counsel had confirmed, prior to filing the Complaint, that Mr. Usherson was the claimant for Registration 046; and (2) any personal knowledge he has of any "administrative mistake" or "clerical error" related to the allegation in Paragraph 9 of the Complaint, and the basis for such knowledge. In addition, no later than the **same date**, Mr. Usherson shall also file a declaration, both ***notarized*** and sworn under penalty of perjury, specifying (1) whether, as of the date this lawsuit was filed, he was aware that the Photograph had not been registered; (2) what, if any, information he

provided to Mr. Liebowitz, Mr. Freeman, or any other attorney from the Liebowitz Law Firm about the registration of the Photograph and the date(s) on which he provided such information; and (3) what role, if any, he played in connection with Registration 272, including but not limited to the decision to seek registration and the actual filing of the registration.

Finally, by the **same date**, Mr. Liebowitz is granted leave (but not required) to file a supplemental letter, not to exceed three pages, addressing the question of whether sanctions should be imposed in light of any new information in the aforementioned declarations. Defense counsel is granted leave (but not required) to file a letter, not to exceed three pages, responding to the declarations and any supplemental letter no later than **February 5, 2020**.

      SO ORDERED.

Dated: January 24, 2020
      New York, New York

_____
JESSE M. FURMAN
United States District Judge