UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTHUR USHERSON,<br><br>                    Plaintiff,<br><br>   - against -<br><br>BANDSHELL ARTIST MANAGEMENT<br><br>                    Defendant. | Docket No. 1:19-cv-06368-JMF |

# DECLARATION OF RICHARD LIEBOWITZ

I, RICHARD LIEBOWITZ, declare under the penalty of perjury that the following is true and correct to the best of my personal knowledge.

1. I am lead counsel for Plaintiff Arthur Usherson ("Plaintiff") in this action.

2. I am the founding member of Liebowitz Law Firm, PLLC ("LLF").

3. I submit this Declaration in response to the Court's Order, dated January 24, 2020 [Dkt. #59], the pertinent portion which reads:

> Mr. Liebowitz shall file a declaration, sworn under penalty of perjury, specifying: (1) the nature and cause of the "administrative mistake" or "clerical error" to which he refers in his January 17, 2020 letter, including who was responsible for the mistake or error; (2) the factual basis for his inclusion of the allegation set forth in Paragraph 9 of the Complaint and the source of that factual basis, including a detailed description of any investigation into the matter that he conducted prior to the filing of the Complaint; (3) what role, if any, he played in the filing of the application for Registration 272, when and by whom that application was filed, and why the decision to obtain that registration was made (including but not limited to whether it was made due to a realization that the Photograph had not been registered); (4) when Mr. Liebowitz became aware that the Photograph was not registered under Registration 046, how he learned of that fact, and whether Mr. Liebowitz knew on November 14, 2019 (the date of the initial pretrial

conference in this matter) that the Photograph had been registered after this lawsuit was commenced; and (5) why Mr. Liebowitz failed to advise the Court and defense counsel that Paragraph 9 of the Complaint was inaccurate until his January 17, 2020 letter.

**Nature of Administrative Mistake**

4.  In February 2019, Plaintiff informed a member of my administrative staff, Zachary Cuff, who was responsible for tracking information about Mr. Usherson's photographs, that the photograph at issue in this action (the "Photograph") was on deposit with the 046 Registration [Declaration of Arthur Usherson, ¶ 8, Ex. E]

5.  In reliance on Mr. Usherson's representation, Mr. Cuff recorded the Photograph in LLF's internal case-tracking system as being associated with the 046 Registration.

6.  I conclude that the mix-up was caused by confusing similarities between the visual elements of photographs taken on the same day, by the same photographer, with the same camera equipment, using similar tone and lighting, and depicting identical subject matter (i.e., Dylan and Redbone). Attached as Exhibit A is a demonstrative exhibit showing that Mr. Usherson's photographs which are on deposit with the 046 Registration, when viewed in cropped format, are remarkably similar to the Photograph on deposit with the 272 Registration.

7.  It appears that the initial mistake was made by Mr. Usherson, who represented to Mr. Cuff on February 7, 2019 that the Photograph was on deposit with the 046 Registration. [Declaration of Arthur Usherson, ¶ 8, Ex. E]

8.  After Mr. Usherson sent Mr. Cuff and me evidence of the Defendant's infringement, on June 5, 2019 [Declaration of Arthur Usherson, ¶ 10, Ex. G], Mr. Cuff recorded the infringement into LLF's internal case-tracking database. It appears that Mr. Cuff relied on Mr. Usherson's representation concerning the Photograph because Mr. Cuff recorded the

Photograph into LLF's internal database as being associated with the 046 Registration. Thus, I believe that Mr. Cuff made the same mistake as Mr. Usherson, visually associating the Photograph with similar images that were on deposit with the 046 Registration.

9. Mr. Cuff had the ability as of June 2019 to double-check whether the Photograph was part of images that were included on a CD-Rom that Mr. Usherson had previously sent to Mr. Cuff in February 2019. [Declaration of Arthur Usherson, ¶ 9, Ex. F]. I don't know whether Mr. Cuff made an attempt to verify or not, but the mistake was not corrected at the time Mr. Cuff entered the case into LLF's system on June 5, 2019.

**Factual Basis for Paragraph 9 of the Complaint**

10. By the time I went to draft and file the complaint on July 10, 2019, the Photograph remained associated with the 046 Registration in LLF's internal case-tracking system, as recorded by Mr. Cuff on June 5, 2019.

11. Other than viewing LLF's internal case-tracking system, which indicated that the Photograph was on deposit with the 046 Registration, I did not conduct any further investigation before filing the Complaint. Mr. Cuff was a long-term employee of LLF whose work I trusted and I reasonably relied on the information that was available in LLF's case-tracking system.

12. Further, it appears that Mr. Cuff relied on the February 2019 representation provided by Mr. Usherson. Thus, the factual basis for paragraph 9 was provided by Mr. Usherson, in the first instance, and then by Mr. Cuff, upon whom I relied as a trusted employee of LLF.

**272 Registration**

13. I did not play any role in the filing of the application for 272 Registration. The application was filed by LLF's internal staff at the request of Mr. Cuff, who had received a CD-Rom of additional images from Mr. Usherson.

14. At some point after the Complaint was filed in July 2019, Mr. Usherson requested that those additional images be filed with the Copyright Office and we honored that request as it is LLF's ordinary practice to register photographs on behalf of its clients. The decision to deposit the Photograph in August 2019 as part of the 272 Registration was not made due to any realization that the Photograph had not been previously registered.

**Discovery of Administrative Mistake**

15. I did not realize that an administrative error had been made concerning the 046 Registration until subsequent to the January 8, 2020 hearing when, in response to the Court's order, I was required to file a letter to address the registration issue raised by Mr. Newberg at the 1/8/20 Hearing.

16. I learned of the administrative error by reviewing LLF's case-tracking system, reviewing the deposit copy provided by opposing counsel, and reviewing LLF's transmissions with Mr. Usherson concerning the Photograph at issue.

17. As of November 14, 2019, the date of the initial pretrial conference in this matter, I was not aware of the administrative error concerning the 046 registration and believed in good faith that the Photograph had been registered as part of the 046 Registration. I did not know that the Photograph was registered in August 2019 as part of the 272 Registration.

**Paragraph 9 of the Complaint**

18. I did not notify the Court or defense counsel about the technical pleading deficiency in Paragraph 9 of the Complaint until my January 17, 2020 letter because I did not know a pleading deficiency existed until after the January 8, 2020 hearing.

19. Furthermore, this case was dismissed with prejudice on December 20, 2019 [Dkt. # 48] so there would have been no reason to seek leave of Court to amend a pleading in a case that was already dismissed.

Dated:	February 6, 2020
	Valley Stream, New York

							/s/richardliebowitz/
							Richard Liebowitz
							Liebowitz Law Firm, PLLC
							11 Sunrise Plaza, Suite 305
							Valleystream, NY 11580
							516-233-1660
							RL@LiebowitzLawFirm.com

							*Attorneys for Plaintiff*