UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARTHUR USHERSON,

                              Plaintiff,

   - against -

BANDSHELL ARTIST MANAGEMENT

                              Defendant.

Docket No. 1:19-cv-06368-JMF

---

## **DECLARATION OF JAMES FREEMAN**

I, JAMES FREEMAN, declare under the penalty of perjury that the following is true and correct to the best of my personal knowledge.

1. I am an associate and employee of Liebowitz Law Firm, PLLC (the "LLF") and admitted to practice law in this District.

2. I am not counsel of record for Plaintiff Arthur Usherson ("Plaintiff") in this action but have served as counsel for LLF and Richard Liebowitz in connection with Defendant Bandshell Artist Management ("Defendant")'s motion for sanctions. [Dkt. #14]

3. I submit this Declaration in response to the Court's Order, dated January 24, 2020 [Dkt. #59], the pertinent portion which reads:

> Mr. Freeman shall file a declaration, sworn under penalty of perjury, specifying (1) the factual basis for the representations he made at the January 8, 2020 hearing about the registration of the Photograph, including that the allegation in Paragraph 9 of the Complaint was based on information provided to counsel by Mr. Usherson and that counsel had confirmed, prior to filing the Complaint, that Mr. Usherson was the claimant

for Registration 046; and (2) any personal knowledge he has of any 'administrative mistake' or 'clerical error' related to the allegation in Paragraph 9 of the Complaint, and the basis for such knowledge.

## My Personal Knowledge of the Existence of the Action

4.      As I have previously represented to the Court, I had no personal knowledge of the existence of this action until the evening of October 30, 2019.  [*See* 1/8/20 Hearing Tr. 138:16-23]

5.      The first time I learned of the present action was when Mr. Liebowitz sent me an e-mail, dated October 30, 2019 at 8:12 p.m., attaching a copy of the complaint and instructing me to report to "Mediation tomorrow at 12pm at 40 Foley."  He then informed me that if the case did not settle that night, I would need to attend the mediation.

6.      On October 31, 2019 at 4:11 a.m., I received an email from Mr. Liebowitz sent to Brad Newberg and the Mediator, which attached a draft of a proposed settlement agreement "which can be discussed at the mediation."[1]

7.      Then, by email, dated October 31, 2019 at 4:12 a.m., Mr. Liebowitz instructed that I would need to attend the mediation at noon because the case did not settle.

8.      I had no personal knowledge of the complaint [Dkt. #1] at the time it was filed.  I had no role in preparing the complaint or conducting pre-filing due diligence.  I played no role in the copyright registration application processes that are relevant to this action.

---

[1] Opposing counsel, Brad Newberg, also indicated at the 1/8/20 hearing that the first time he saw my name copied on an e-mail in this matter was the early morning of October 31, 2019 [1/8/20 Hearing Tr. 67:22-25]. Until October 31, 2019, I had never been copied on any emails between Liebowitz and Newberg.

9. At no time prior to the January 8, 2020 hearing did I personally conduct an investigation into whether the photograph at issue (the "Photograph") was on deposit with the registration certificate identified in Paragraph 9 of the Complaint (the "046 Registration").

**Factual Basis for Comments Made at January 8, 2020 Hearing re: 046 Registration**

10. When I first appeared before the Court in November 14, 2019, I specifically stated that I would not be appearing in this action on behalf of Mr. Usherson. My role was and is limited to opposing Defendant's ancillary motion for sanctions against LLF and Richard Liebowitz.

11. By Order dated December 20, 2020, this action was dismissed with prejudice; however, the Court maintained jurisdiction to address issues raised by Defendant's motion for sanctions at Dkt. # 14 or other sanctions-related matters. [Dkt. #48]

12. By Order dated December 20, 2019, the Court scheduled a hearing on Defendant's motion for sanctions which would be "limited to the issues of whether Mr. Liebowitz obtained advance permission from the Mediator for an associate to appear at the mediation instead of Mr. Liebowitz and for Plaintiff to participate in the mediation by telephone." [Dkt. #47]

13. Consistent with the Court's 12/20/19 Orders referenced in the preceding two paragraphs, when I appeared before the Court on January 8, 2020, I was <u>not</u> prepared to discuss *any* matters pertaining to the copyright registration of the Photograph.

14. During his closing argument at the 1/8/20 hearing, Mr. Newberg represented to the Court that the Photograph was not on deposit with the 046 Registration. [1/8/20 Hearing Tr. 127:10-23 ]

15. During my closing argument, the Court asked whether I could comment on the registration issue that Mr. Newberg raised. [1/8/20 Hearing Tr. 138:24-28] In response to the Court's query, I stated "I haven't seen the registration issue." [*Id.* at 139:1-2]. In other words, I had no personal knowledge as of January 8, 2020 whether or not the Photograph was on deposit with the 046 Registration.[2]

16. But I offered my commentary nonetheless based on my *general* knowledge of LLF's custom and practices involving registrations that were processed by LLF's clients. [1/8/20 Hearing Tr. 139:13-16]

17. Based on my general knowledge of LLF's custom and practices, I stated that LLF did not order a deposit copy. [1/8/20 Hearing Tr. 139:13-16] The basis of this statement was my knowledge of LLF's custom and practices, based on about 2.5 years of being employed by LLF. This statement was accurate at the time it was made because LLF did not order a deposit copy for the 046 Registration.

18. As stated at the 1/8/20 hearing, due to the expense of ordering deposit copies, it is LLF's custom and practice to order deposit copies only where LLF anticipates a summary judgment motion. [*Id.* at 139:19-19] Again, this statement was based on my general knowledge of LLF's practice, and my personal experience in ordering deposit copies on other select cases in which I have been involved, but not on any specific knowledge relating to this particular case.

19. Based on my general knowledge of LLF's custom and practices, I also suggested at the hearing that Mr. Usherson must have represented to LLF that the Photograph was on deposit with the 046 Registration. [*Id.* at 140:20-24]. At the time this statement was made at the

---

[2] Mr. Newberg confirms this in his statement to the Court: "During the January 8 hearing, Mr. Freeman stated to the Court that he had no knowledge regarding the registration of the photograph in issue." [Dkt. #58, p. 2]

1/8/20 hearing, I had no personal knowledge of what Mr. Usherson had specifically represented to LLF in terms of the Photograph or 046 Registration.  But I offered my commentary concerning Mr. Usherson's representations to LLF based on my knowledge of LLF's "ordinary course of practice" for dealing with "rock-and-roll photos" [*Id.* at 140:25-141:1-22]  My statement was accurate at the time it was made because there is documentary evidence and sworn testimony confirming that Mr. Usherson did in fact represent to LLF that the Photograph was on deposit with the Copyright Office prior to the filing of the complaint in this action. [See Declaration of Arthur Usherson, ¶ 8, Ex. E]

20. My statement at the 1/8/20 hearing that Mr. Liebowitz (or anyone else) was "able to verify" that, prior to filing the Complaint, Mr. Usherson was the claimant for Registration 046, is accurate. [*Id.* at 140:13-19]  This statement was based on my general knowledge that the Copyright Claimant for any given registration is a matter of public record and can be verified at any time by checking the Copyright Office's website.  The public record shows that Mr. Usherson is the Copyright Claimant of the 046 registration as his name, "Arthur Art Usherson" and address are listed on the face of the 046 registration.  [See Declaration of Arthur Usherson, ¶ 3, Ex. A]

21. As of the 1/8/20 hearing, I had no personal knowledge of what Mr. Liebowitz did to verify whether Mr. Usherson was the Copyright Claimant, but such information was certainly available to Mr. Liebowitz at the time he filed the Complaint and thus he was "able to verify" that through the public record [*Id.* at 140:13-19]

**Post-Hearing Knowledge of Registration Issues**

22. Subsequent to the January 8, 2020 hearing, I learned that the Photograph was not on deposit with the 046 Registration, but was instead on deposit with a registration that was filed

by LLF on August 22, 2019 (the "272 Registration"). I had no personal knowledge of this administrative mistake until after the January 8, 2020 hearing.

23. The basis for my knowledge of the administrative mistake or clerical error regarding the registration issues is my review of the deposit copy for the 046 Registration that was transmitted to LLF by Mr. Newberg subsequent to the January 8, 2020 hearing (pursuant to the Court's order) and the documentary evidence attached to the declarations of Arthur Usherson and Richard Liebowitz, filed concurrently herewith. Such review took place after the January 8, 2020 hearing.

Respectfully Submitted:

Dated: February 7, 2020
Valley Stream, NY

**s/jameshfreeman/**
James H. Freeman