**McGuireWoods LLP**
1750 Tysons Boulevard
Suite 1800
Tysons, VA 22102-4215
Phone: 703.712.5000
Fax: 703.712.5050
www.mcguirewoods.com

**Brad R. Newberg**
Direct: 703.712.5061

**McGuireWoods**

bnewberg@mcguirewoods.com
Fax: 703.712.5187

February 10, 2020

**VIA ECF**
The Honorable Jesse M. Furman
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007
Furman_NYSDChambers@nysd.uscourts.gov

      Re:     *Usherson v. Bandshell Artist Management*, 1:19-cv-6368 (JMF)

Dear Judge Furman,

      I write in response to Plaintiff's February 7 letter and declarations (the "February 7 Submission") regarding the issue of false copyright registration information in the Complaint in the above-captioned case, as per the Court's January 24, 2020 Order [Dkt 59]. I write again as an officer of the Court, despite this case having settled.

      To quote the Court, similar to Plaintiff's January 17 submission [Dkt 57], the February 7 Submission "raises more questions than it answers." Mr. Liebowitz has admitted that Plaintiff filed a Complaint falsely alleging that the photograph at issue was registered, and was supposedly part of Registration # VAu 1-080-046. While Mr. Freeman's Declaration claims no knowledge of the issue at hand, the Declarations of Mr. Liebowitz and Mr. Usherson place the blame for the "confusion" and "administrative error" squarely at the feet of a man named Zachary Cuff. Although Mr. Cuff was not mentioned at the initial pre-trial conference when this issue was first raised, or the January 8, 2020 hearing, or in Mr. Liebowitz's January 17, 2020 letter-brief specific to this issue, or at any other time in this case, Mr. Cuff is mentioned approximately 30 times in the Liebowitz and Usherson Declarations filed with the February 7 Submission. Noticeably missing is a declaration from Mr. Cuff.

      That a Cuff Declaration is missing is especially noteworthy given that Mr. Liebowitz makes sweeping statements in his Declaration as to what Mr. Cuff probably relied upon and did, yet also states that he does not actually know what Mr. Cuff did and did not do.[1]

---

[1] Upon receiving the February 7 Submission, Defendant's counsel looked up Mr. Cuff on LinkedIn (but did not contact Mr. Cuff), and it appears he may have a new job. To the extent Mr. Liebowitz's answer to why there is no Cuff Declaration is that Mr. Cuff no longer works for him, (a) that should not have been a bar to a Declaration, and (b) it seems particularly convenient to blame a former low-level employee for a sanctionable violation of law.

February 10, 2020
Page 2

In any case, the Liebowitz and Usherson Declarations do not make logical sense.[2]

Mr. Liebowitz has stated that he relies on his clients' truthfulness regarding copyright registrations, and also that he did not personally investigate that the Complaint in this case was accurate, a position he restates at Paragraph 11 of his Declaration. Similar claims were made at the January 8 hearing: that the Liebowitz Law Firm does not check whether a photograph has actually been registered, but relies on its clients' representations that it is so.

Yet, the Declarations continually refer to "administrative" error being caused by the Liebowitz Law Firm's belief, through Mr. Cuff's review, that the 046 Registration cited in the Complaint contained the photograph at issue because the photograph was taken at the same music festival and contained some of the same musicians as other photographs that were part of the 046 Registration.

First off, the February 7 Submission tries to make the photographs look similar through severe cropping showing only the two overlapping people (Liebowitz Decl., Ex. A). Even a cursory review of the photograph at issue and the photographs in the 046 Registration would show that the photograph at issue was not a part of the registration.

More importantly, the explanation is at odds with what the Court has previously been told. Either the Liebowitz Law Firm reviews copyright registrations for accuracy before filing lawsuits or it does not. If it does not, as Mr. Liebowitz and Mr. Freeman represented in the past (in fact, it is a surprise to learn in these declarations that the Liebowitz Law Firm had the deposit copies of the 046 Registration this whole time), then the idea of an administrative error made while reviewing the images makes no sense. The administrative error excuse also does not explain why the Liebowitz Law Firm, upon supposedly receiving a second CD of images from its client referring to the same music festival out of the blue after this case was filed, containing the actual photograph at issue, did not check to see if the Complaint was accurate. This is especially true given that Mr. Liebowitz was asked about this *exact* issue at the initial Court conference on November 14, 2019*, and Mr. Liebowitz assured the Court that the 046 Registration contained the photograph at issue.* Either Mr. Liebowitz's representations to the Court on November 14 were flat out false or he made those assurances without knowing whether

---

[2] As an initial matter, the Usherson Declaration shows that Mr. Usherson merely transmitted the signature page to Mr. Liebowitz as opposed to the entire Declaration. In fact, unless there is a typo, the signature page does not follow precisely from the page before it [as there should at least be the word "the" between the Paragraph 20 lines on page 5 and the Paragraph 20 lines starting on Page 6]. Given the history here, those two issues call the entire Declaration into question.

We also note that footnote 1 of Mr. Usherson's Declaration mentions an October 30, 2019 email Mr. Liebowitz sent Mr. Usherson cc'g Mr. Freeman about the mediation. Given the pending sanctions motion, it is remarkable that neither this email nor any other with Mr. Usherson about the mediation has been submitted as an exhibit in any of Plaintiff's filings related to the motion.

February 10, 2020
Page 3

they were true and did not go back to investigate whether they were true. His Declaration, at Paragraphs 17-18, states it was the latter. That is still inexcusable.

We also note a significant gap in Mr. Usherson's Declaration. Mr. Usherson states, at Paragraphs 15, 17-18, that at "[s]ometime" he provided the Liebowitz Law Firm with the second CD of images that LLF registered as Registration 272. He says nothing about the circumstances of this new registration and not a single exhibit shows any email or communication about the new CD, photos, or registration. There is no discussion at all as to why he sent the new CD. Given the seriousness of this issue, the gap in Mr. Usherson's Declaration seems purposeful.

Finally, since our last submission, we have learned that this is not the only case to have these same issues. *See Rock v. Enfants Riches Deprimes, LLC*, 17-cv-2618-ALC, 2020 WL 468904 (S.D.N.Y. Jan. 29. 2020) (after motion for summary judgment was granted due to the photograph at question not actually being in the registration claimed, court awarded defendant $100,008.13 in attorneys' fees and costs and $10,000 in additional sanctions, and noted Mr. Liebowitz's responsibility under Rule 11 to ensure his factual contentions were supported). *See also Abbey Photography, Inc. v. Advance Publications, Inc.*, 19-cv-02214-RRM (E.D.N.Y. Aug, 28, 2019) [Dkt 14] (minute order requiring Mr. Liebowitz to "explain[] the plaintiff's assertion of facts about the authorship and registration of the photograph at issue in this litigation in the instant Complaint that appear to be irreconcilable with the corresponding allegations about the same photograph asserted by the plaintiff's counsel on behalf of a different plaintiff in the Southern District of New York [*Clipper v. Wetpaint.com, Inc.*, 17-cv-9217-NRB]" Mr. Liebowitz's response [*id.*, Dkt, 16] claimed a "typographical error," which did nothing to explain why two different plaintiffs, even if related, were suing on the same photograph against different defendants in different courts.

There may well be more. Unfortunately, the PACER filing system is not set up to easily reveal the machinations of an operation such as Mr. Liebowitz's without significant time spent investigating each of his hundreds of cases separately. The published opinions regarding the Liebowitz Law Firm appear to be the tip of the iceberg.[3]

We therefore respectfully recommend that this Court craft a sanctions decision that puts an end to or significantly alters the way that the Liebowitz Law Firm does business in this Court (and others).

Respectfully submitted,

*s/Brad R. Newberg/*
Brad. R. Newberg
*Attorney for Defendant Bandshell Artist Management*

---

[3] *Cf. Chevrestt v. Paddock Publications, Inc.*. 19-cv-5598, N.D. Ill. [Dkt. 11] (an opposition to Mr. Liebowitz's pro hac vice motion, listing various violations in the Northern District of Illinois).