UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARTHUR USHERSON,

                      Plaintiff,

- against -

BANDSHELL ARTIST MANAGEMENT

                      Defendant.

Docket No. 1:19-cv-06368-JMF

## DECLARATION OF RICHARD LIEBOWITZ

I, RICHARD LIEBOWITZ, declare under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct to the best of my personal knowledge:

1. I am lead counsel for Plaintiff Arthur Usherson ("Plaintiff") in this action and the founding member of Liebowitz Law Firm, PLLC ("LLF").

2. I submit this Declaration in response to the Court's Order, dated October 5, 2020. Dkt. 85.

**Procedural History**

3. On June 26, 2020, this Court issued an Opinion and Order (the "June 26 Order") that imposed six monetary and non-monetary sanctions on LLF and me. Dkt. 68. Sanction Four requires that I file a copy of the Court's June 26 Order on the docket of all currently pending cases brought by LLF or me.

4. On July 27, 2020, as required, I filed a declaration attesting to my compliance with the Court's June 26 Order as to Sanction Four. Dkt. 82, ¶ 3.

5.      On September 21 and 29, 2020, I filed further declarations informing the Court that I had filed the June 26 Order in two additional matters.  Dkts. 83, 84.

6.      On October 5, 2020, the Court issued an Order (the "October 5 Order") requiring that I "file a sworn declaration that: (1) explains how, notwithstanding the process described in [my] declaration of July 27, 2020, [I] overlooked the cases that [I] or [my] firm concededly brought described in [my] declarations of September 21, and 29, 2020, and describes what steps, if any, [I have] taken (and when), or what steps [I] will take, to identify any other such cases; (2) "describes with particularity how the 'LLF internal email list' [I] used to identify the clients to whom [I] provided the Opinion and Order was compiled, who is responsible for maintaining it, and how (and how often) it is updated; explains whether it is possible that there are any clients of [mine] or [my] firm that would not be on that list; and, if so, describes what steps, if any, [I have] taken (and when), or what steps [I] will take, to identify any such clients"; and (3) "responds to the letter addressed to the Court from Mr. Hudson dated July 28, 2020, by: [a.] identifying whether there are any cases in which [I] or [my] firm is acting as counsel, in any way (i.e., directly or indirectly), but ha[ve] not entered a formal notice of appearance and in which [I have] not, as of the date of this Order, either filed the Opinion and Order or shared the Opinion and Order with the client; [b.] if so, showing cause why that should not be treated as a violation of the Opinion and Order; and [c.] either way, showing cause why the Opinion and Order should not be modified to require its filing in *any* case where [I] or [my] firm is involved as counsel, whether or not [I] or [my] firm has entered a formal notice of appearance."  Dkt. 85.

**Case Tracking Errors**

7.      Prior to filing my July 27 declaration, in order to comply with Sanction Four, I generated a list of all cases filed by me and LLF using Pacer.  In Pacer's advanced search

function, I first ran the search phrase "Richard Liebowitz" to generate a master list. I then limited that list by district, by searching in each district in which I knew I or my firm had filed cases, and also at times limiting by "attorney."[1] As I worked through each such district to file the June 26 Order, I double-checked the filings against my firm's internal case management system.

      8.      Pursuant to this process, I timely filed the June 26 Order in over approximately 400 cases brought by LLF and pending in districts across the country.

      9.      Notwithstanding the process described above and despite my good-faith effort, I did not timely file the June 26 Order in some cases due to human error and shortcomings in the search process I used to identify the set of cases in which I was required to file the Order. In particular, although I double-checked my district-by-district filings against my firm's internal case management system, I did not do the reverse, that is, I did not use my firm's internal case management system to identify any districts or cases missing from my Pacer searches. I also did not run separate searches in districts other than those in which I knew my firm or I had filed cases.

      10.     As described in the following paragraphs, I have made efforts to correct my oversights and the shortcomings in my search process, and to ensure my good-faith compliance with Sanction Four. As described below, in addition to the cases specifically cited in my September 21 and September 29 declarations to this Court, I have identified other cases in which I did not timely file the June 26 Order.

---

[1] Acting at my direction, my associate James Freeman handled the filings in LLF's cases in the Southern District of New York. Mr. Freeman also filed the June 26 Order in a small number of LLF cases in which he has entered an appearance, but I have not.

11. Since July 27, 2020, I have filed the Court's June 26 Order in the following cases, which I neglected to do following my original searches either because I did not search the districts in which the cases are pending (as in the cases pending in Tennessee and Oregon), or simply missed the case in the lists generated by Pacer following my original searches (as most likely happened in the cases of *Cuffaro*, *Stokes*, and *Plastik*). At least one of these cases was brought to my attention by my counsel (*Cuffaro*) and two were brought to my attention by a United States Magistrate Judge (*Stokes* and *Plastik*):

- *Cuffaro v. Fashionisto*, No. 19-CV-7265 (S.D.N.Y.) (filed 7/28/2020);
- *Stokes v. True Colors Bar, Inc.*, No. 19-CV-2696 (E.D.N.Y.) (filed 9/29/2020);
- *Plastik v. Westbury Music Fair, Inc.*, No. 19-CV-2820 (E.D.N.Y.) (filed 10/6/2020);
- *Castle v. Kingsport Pub. Corp.*, No. 19-CV-92 (E.D. Tenn.) (filed 9/22/2020);
- *Sands v. Jones Media, Inc.*, No. 19-CV-304 (E.D. Tenn.) (filed 10/13/2020);
- *Guthridge v. Gannett Satellite Info. Network, LLC*, No. 20-CV-2137 (W.D. Tenn.) (filed 10/13/2020);
- *Guthridge v. Beale Street Blues Co., Inc.*, No. 20-CV-2189 (W.D. Tenn.) (filed 10/13/2020);
- *Usherson v. Third Man Records, LLC*, No. 20-CV-390 (M.D. Tenn.) (filed 10/13/2020);
- *Stokes v. TRAX Nashville*, No. 19-CV-809 (M.D. Tenn.) (filed 10/13/2020);
- *Peterson v. Decker*, No. 19-CV-812 (M.D. Tenn.) (filed 10/13/2020);
- *Stross v. Smith Rock Masonry Co. LLC*, No. 19-CV-1394 (D. Or.) (filed 10/13/2020); and
- *Fortune v. Combined Comms., Inc.*, No.19-CV-1236 (D. Or.) (filed 10/13/2020).

12. In addition to the errors described above, understanding that I was only to file the June 26 Order in "pending" cases, I did not timely file the June 26 Order in another set of cases

4

for which Pacer listed the case as "closed" as of July 27, 2020, and therefore, I understood, were not "pending." As I subsequently realized, however, in some of those cases, motions remained pending, and for avoidance of doubt I should have filed the June 26 Order in such cases. Since July 27, 2020, I have filed the June 26 Order in the following cases in this category:

- *Craig v. PopMatters Media, Inc.*, No. 18-CV-1713 (S.D. Ill.) (filed 7/28/2020);
- *Yang v. Mic Network Inc.*, No. 18-CV-7628 (S.D.N.Y.) (filed 8/3/2020);
- *Walsh v. Townsquare Media, Inc.*, No. 19-CV-4958 (S.D.N.Y.) (filed 8/3/2020);
- *Vila v. J Brand, Inc.*, No. 20-CV-2107 (S.D.N.Y.) (filed 10/15/2020); and
- *Marano v. The Metropolitan Museum of Art*, No. 19-CV-8606 (S.D.N.Y.) (filed 10/15/2020).

13. An additional category of some 70 cases that were "pending" as of the date of the June 26 Order but were not "pending" as of July 27, 2020 because such cases had been settled, dismissed, or terminated in a default judgment between June 26, 2020 and July 27, 2020 also has been addressed. Although these cases had no ongoing motion practice or other activity, and thus were not "pending" on July 27, 2020, I have nevertheless filed the June 26 Order in such cases, which are listed in Appendix A.

14. I did not timely file the June 26 Order in another set of cases because I believed that I was no longer counsel of record and therefore not required by the June 26 Order to file the Order. I subsequently recognized that filing was in fact required in these cases. Since July 27, 2020, I filed the June 26 Order in the following cases in this category:

- *Zucker v. Cruz Bay Pub., Inc.*, No. 19-CV-1166 (D. Colo.) (filed 7/29/2020);
- *Colwell v. IHeartMedia, Inc.*, No. 19-CV-1857 (D. Colo.) (filed 7/29/2020);
- *Adlife Marketing & Comms. Co., Inc. v. Kroger Co.*, No. 20-CV-137 (D. Colo.) (filed 7/29/2020);

- *Gutman v. Momma Dora Medicinals*, *Co.*, No. 20-CV-1048 (D. Colo.) (filed 7/29/2020);

- *Jamieson v. Hoven Vision LLC*, No. 20-CV-1122 (D. Colo.) (filed 7/29/2020);

- *Guarneros v. Denver Green Party*, No. 19-CV-139 (D. Colo.) (filed 7/29/2020);

- *Mondragon v. Nosrak LLC*, No. 19-CV-1437 (D. Colo.) (filed 7/29/2020);

- *Stross v. Premium Source Inc.*, No. 19-CV-2496 (D. Colo.) (filed 7/29/2020);

- *Giannopoulos v. Premium Source Inc.*, No. 19-CV-3615 (D. Colo.) (filed 7/29/2020)*;*

- *Thorn v. J&B Importers Inc.*, No. 20-CV-222 (D. Colo.) (filed 7/29/2020);

- *Chisolm v. Glob. Graphics & Designs Inc.*, No. 20-CV-344 (D. Colo.) (filed 7/29/2020);

- *Sparks v. C3 Real Estate Sols.*, *LLC*, No. 20-CV-693 (D. Colo.) (filed 7/29/2020);

- *Takeshige v. Rich Broad. LLC*, No. 20-CV-1262 (D. Colo.) (filed 7/29/2020);

- *Bechler v. SD Bullion, Inc.*, No. 20-CV-1335 (D. Colo.) (filed 7/29/2020);

- *Longwell v. Swift Comms., Inc.*, No. 20-CV-1432 (D. Colo.) (filed 7/29/2020);

- *Geerds v. San Francisco Bay View Inc.*, No. 19-CV-6465 (N.D. Cal.) (filed 7/29/2020);

- *Zharkov v. 3DBIN, Inc.*, No. 19-CV-5616 (N.D. Cal.) (filed 7/29/2020); and

- *Wisser v. Morris Comms. Co., LLC*, No. 18-CV-150 (S.D. Ga.) (filed 8/5/2020 by local counsel).

15. Finally, subsequent to July 27, 2020, I identified an additional set of cases in which I have filed or am promptly working to file the June 26 Order. Several of these cases involve situations in which I had not entered a formal appearance in the case, or lacked filing credentials. I have filed or am working to promptly file the June 26 Order in the following cases in this category:

- *Matula v. Triple H Mag., Inc.*, No. 20-CV-876 (N.D. Ohio) (filed 7/28/2020);

- *Hanson v. GA Dreamworks Realty LLC*, No. 20-CV-61 (S.D. Ga.) (sent to clerk to request filing on 10/13/2020);[2]

- *Redinger v. Magic City Organics, LLC*, No. 20-CV-564 (N.D. Ala.) (sent to clerk to request filing on 10/13/2020);

- *Cianelli v. Nourison Indus., Inc.*, No. 19-CV-19147 (D.N.J.) (filed 10/14/2020);

- *Verch v. Elevare Skin, LLC*, No. 20-CV-4819 (C.D. Cal.) (filed by local counsel on 10/13/2020);

- *Dvir v. Norsan Media*, No. 20-CV-393 (M.D. Fla.) (filed by local counsel on 10/15/2020);

- *Mancha v. Gray Media Group, Inc.*, No. 20-CV-363 (M.D. Fla.) (filed by local counsel on 10/15/2020);

- *Zlozower v. Magnet Mag., Inc.*, No. 19-CV-1434 (E.D. Pa.) (filed 10/13/2020);

- *Radabaugh v. Clay Turner Realty LLC*, No. 20-CV-58 (S.D. Ga.) (filed 8/3/2020 by local counsel);

- *Tejada v. CSI Measurement, LLC*, No. 20-CV-324 (W.D. Okla.) (filed 8/12/2020 after requesting and obtaining ECF credentials); and

- *Causi v. Sports Art Illustrated Inc.*, No. 19-CV-20819 (S.D. Fla.) (filed by local counsel on 10/15/2020).

**LLF's Client List**

16.     LLF's client list is compiled pursuant to the following process: (1) the client completes LLF's standard retainer agreement, which includes a space for the client to provide an email address; (2) LLF's Director of Client Relations receives and reviews the retainer agreement; and (3) she inputs the client's information, including email address, into Quickbase

---

[2] On October 13, 2020, the clerk for the Northern District of Alabama replied to my request, informing me that I could file in the case only if I obtained pro hac admission and ECF credentials in that district.  This case is closed, and accordingly I respectfully request this Court's permission to satisfy its June 26 Order by sending that Order to counsel of record, which I did by email on October 14, 2020.

and Clio, LLF's internal client tracking systems. LLF's client list is therefore updated each time a new retainer agreement is signed.

17. Although the Director of Client Relations is responsible for entering client information into LLF's internal client tracking systems, I am ultimately responsible for maintaining LLF's client list.

18. Based on my review of LLF's client list and my conversations with LLF's Director of Client Relations, I do not believe that there are any of my or my firm's clients that are not on LLF's client list.

**Mr. Hudson's July 28, 2020 Letter**

19. There are a small number of cases outside this District, including the case referred to in Mr. Hudson's July 28 letter, in which I did not file this Court's June 26 Order because (1) neither I nor LLF initiated the case, (2) neither I nor LLF entered a notice of appearance in the case, and (3) the case is being handled by a third-party lawyer. These cases are connected to LLF because LLF has a retainer agreement with the client, and LLF likely discovered the infringement.

20. In addition to the case in which Mr. Hudson appears, these cases are:

- *Miller v. Hollywood Unlocked, Inc.*, No. 20-CV-5936 (C.D. Cal.) (filed 10/13/2020);

- *O'Brien v. Beverly Hills Lifestyle Mag., Inc.*, No. 20-CV-3707 (C.D. Cal.) (filed 10/13/2020);

- *Ma v. Kendall Jenner, Inc.*, No. 20-CV-3011 (C.D. Cal.) (filed 10/13/2020);

- *Wexler v. B. Scott Media*, No. 19-CV-3465 (C.D. Cal.) (filed 10/13/2020); and

- *De Rouw v. Int'l Sustainable Dev. Inst., Inc.*, No. 19-CV-10198 (D. Mass.) (filed by local counsel on 10/15/2020).

21. At the time, I did not believe that my decision not to file the June 26 Order in the above-referenced cases was in violation of the Order, which requires that I "file a copy of this Opinion and Order on the docket of any currently pending case that was *brought* by [me] or [my] firm." Dkt. 68 (emphasis added). Although I do not believe my decision not to file the June 26 Order in such cases should be treated as a violation of the Order, this Court's subsequent October 5 Order makes clear to me that I should have filed the June 26 Order in any cases where I or my firm is involved, even if I or my firm was not counsel of record, and that I should continue to do so for the period the Order remains in effect.

22. I have taken steps to accomplish the filing of the June 26 Order in all such cases listed above in paragraph 20 by providing the Order to counsel of record with a request that it be promptly filed, and I intend to do so in comparable cases as long as the June 26 Order remains in effect. Accordingly, no modification of the June 26 Order is necessary. Previously, notwithstanding that I did not construe the June 26 Order as requiring filing in these cases, in response to Mr. Hudson's July 28 letter, the lawyer appearing for the plaintiff in that case did file the June 26 Order on August 5, 2020. *See Wisser v. Morris Visitor Pubs, Inc.*, No. 18-CV-150 (S.D. Ga.) (Dkt. 48).

23. I apologize to this Court for my errors in compliance. I have sought to comply with this Court's June 26 Order in good faith and will continue to do so as long as it remains in effect.

I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my personal knowledge:

Dated:   October 15, 2020
         Valley Stream, New York

                                                **/s/richardliebowitz/**
                                                Richard Liebowitz

                                                Liebowitz Law Firm, PLLC
                                                11 Sunrise Plaza, Suite 305
                                                Valley Stream, NY 11580
                                                516-233-1660
                                                RL@LiebowitzLawFirm.com

                                                *Attorneys for Plaintiff*

## Appendix A

- *Vila v. Mango USA, Inc.*, No. 20-CV-64 (E.D.N.Y.) (filed 10/15/2020);
- *Ayiomamitis v. New Greek TV Inc.*, No. 20-CV-885 (E.D.N.Y.) (filed 10/15/2020);
- *Verch v. Brainjolt LLC*, No. 20-CV-1591 (E.D.N.Y.) (filed 10/15/2020);
- *Harbus v. Clean & Sober Media LLC*, No. 20-CV-1914 (E.D.N.Y.) (filed 10/15/2020);
- *Trinkhaus v. The King & I Sales and Distribution Company, Inc.*, No. 20-CV-2056 (E.D.N.Y.) (filed 10/15/2020);
- *Wexler v. Outer Boro Media LLC*, No. 20-CV-2080 (E.D.N.Y.) (filed 10/15/2020);
- *Barron v. DraftExpress Inc.*, No. 20-CV-2352 (E.D.N.Y.) (filed 10/15/2020);
- *Plastik v. Meruelo Media, LLC*, No. 20-CV-2556 (E.D.N.Y.) (filed 10/15/2020);
- *Wexler v. Cobalt Boats, LLC*, No. 20-CV-2655 (E.D.N.Y.) (filed 10/15/2020);
- *Hirsch v. Colle, Hochberg & Grey LLC*, No. 18-CV-12311 (S.D.N.Y.) (filed 10/15/2020);
- *Polaris Images Corporation v. Hollywoodlife.com, LLC*, No. 19-CV-398 (S.D.N.Y.) (filed 10/15/2020);
- *Nall v. Discovery Comms., LLC*, No. 19-CV-571 (S.D.N.Y.) (filed 10/15/2020);
- *Idir v. La Calle TV, LLC*, No. 19-CV-6251 (S.D.N.Y.) (filed 10/15/2020);
- *Aurichio v. Queerty, Inc.*, No. 19-CV-6253 (S.D.N.Y.) (filed 10/15/2020);
- *Verch v. The Trustees of Columbia University in The City Of New York*, No. 19-CV-08728, (S.D.N.Y.) (filed 10/15/2020);
- *Yang v. Guest of a Guest, Inc.*, No. 19-CV-9531 (S.D.N.Y.) (filed 10/15/2020)     ;
- *Verch v. BDG Media, Inc.*, No. 19-CV-9618 (S.D.N.Y.) (filed 10/15/2020);
- *Verch v. IESE USA, Inc.*, No. 19-CV-10258 (S.D.N.Y.) (filed 10/15/2020);
- *Schiffman v. Townsquare Media, Inc.*, No. 19-CV-10467 (S.D.N.Y.) (filed 10/15/2020);
- *Capital Art, Inc. v. Bonhams & Butterfields Auctioneers Corp.*, No. 20-CV-180 (S.D.N.Y.) (filed 10/15/2020);
- *Dermansky v. Cable News Network, Inc.*, No. 20-CV-1615 (S.D.N.Y.) (filed 10/15/2020);
- *Barbera v. Christian Siriano Holdings LLC*, No. 20-CV-1619 (S.D.N.Y.) (filed 10/15/2020);
- *Yang v. Dino Bones Productions, Inc.*, No. 20-CV-2340 (S.D.N.Y.) (filed 10/15/2020);
- *Zharkov v. Forbes Media, LLC*, No. 20-CV-2399 (S.D.N.Y.) (filed 10/15/2020);
- *McGovern v. Zuiker Press, LLC*, No. 20-CV-2629 (S.D.N.Y.) (filed 10/15/2020);
- *Landau v. The Architect's Newspaper, LLC*, No. 20-CV-3299 (S.D.N.Y.) (filed 10/15/2020);
- *Trinkhaus v. Inter-Continental Hotels Corp.*, No. 20-CV-3694 (S.D.N.Y.) (filed 10/15/2020);
- *Trinkhaus v. AFAR Media LLC*, No. 20-CV-3695 (S.D.N.Y.) (filed 10/15/2020);
- *Jackson v. Toteme LLC*, No. 20-CV-3756 (S.D.N.Y.) (filed 10/15/2020);
- *Ciamei v. Artemest USA, Inc.*, No. 20-CV-3820 (S.D.N.Y.) (filed 10/15/2020);

- *Flanagan v. Grocery Delivery E-Servs. USA Inc*., No. 20-CV-3822 (S.D.N.Y.) (filed 10/15/2020);
- *Gattoni v. Microsoft Corp*. No. 20-CV-3909 (S.D.N.Y.) (filed 10/15/2020);
- *Ramales v. JHud Prods., Inc.*, No. 20-CV-3927 (S.D.N.Y.) (filed 10/15/2020);
- *Krieger v. Dolce & Gabbana USA Inc*., No. 20-CV-4054 (S.D.N.Y.) (filed 10/15/2020);
- *Alfred v. Slam Media Inc*., No. 20-CV-4106 (S.D.N.Y.) (filed 10/15/2020);
- *Pires v. Beverage Media Grp., Inc*., No. 20-CV-4107 (S.D.N.Y.) (filed 10/15/2020);
- *Alvarado v. H Code Media, Inc*., No. 20-CV-4150 (S.D.N.Y.) (filed 10/15/2020);
- *Stridiron v. Assoc. Newspapers (U.S.A.) Ltd.*, No. 20-CV-4282 (S.D.N.Y.) (filed 10/15/2020);
- *Sayoga v. Variety Media, LLC*, No. 20-CV-4551 (S.D.N.Y.) (filed 10/15/2020);
- *Mateo v. Justin Bieber Brands, LLC*, No. 20-CV-4662 (S.D.N.Y.) (filed 10/15/2020);
- *Paciullo v. Mother Brand LLC*, No. 20-CV-4785 (S.D.N.Y.) (filed 10/15/2020);
- *Benham v. Matthews & Assocs. LLC*, No. 20-CV-2309 (W.D. Tenn.) (filed 10/15/2020);
- *Brickman v. Bonneville Int'l Corp.*, No. 19-CV-1804 (W.D. Wash.) (filed by local counsel on 10/15/2020);
- *Verch v. Six Foods LLC*, No. 20-CV-3458 (N.D. Cal.) (filed by local counsel on 10/14/2020);
- *Verch v. Duetto Res., Inc*., No. 19-CV-5099 (N.D. Cal.) (sent to local counsel for filing on 10/15/2020);
- *Verch v. Toolfarm.com, Inc*., No. 20-CV-2491 (N.D. Cal.) (filed by local counsel on 10/14/2020);
- *Verch v. Chapel Hills Vision, P.C*., No. 19-CV-2286 (D. Colo.) (filed 10/15/2020);
- *Miller v. Bahakel Comms., Ltd*., No. 20-CV-791 (D. Colo.) (filed 10/15/2020);
- *Wagar v. Big R Holdings, Inc*., No. 20-CV-178 (D. Colo.) (filed 10/15/2020);
- *Au v. Generator Source LLC*, No. 20-CV-196 (D. Colo.) (filed 10/15/2020);
- *Integral Images Inc v. Megababe LLC*, No. 20-CV-773 (E.D. Wis.) (filed 10/15/2020);
- *Martez v. Gryppers, Inc*., No. 19-CV-140 (E.D.N.C.) (filed 10/15/2020);
- *Benham v. Tech. Partners, LLC*, No. 20-CV-257 (W.D.N.C.) (filed by chambers 10/15/2020);
- *Russo v. Invesprise LLC*, No. 19-CV-1332 (W.D. Pa.) (filed 10/15/2020);
- *Burns v. Living Easy Ariz. Real Estate LLC*, No. 20-CV-865 (D. Az.) (filed 10/15/2020);
- *Martinka v. Primo Experiences, Inc*., No. 20-CV-33 (W.D.N.Y.) (filed 10/15/2020);
- *Wagar v. Marriott Int'l, Inc*., No. 20-CV-59 (W.D.N.Y.) (filed 10/15/2020);
- *Taggart v. Graham Media Grp., Inc*., No. 20-CV-406 (S.D. Tex.) (filed 10/15/2020);
- *Bee Creek Photography v. ALRE LLC*, No. 20-CV-1908 (S.D. Tex.) (filed 10/15/2020);
- *Dodson v. Free Speech Sys., LLC*, No. 19-CV-511 (W.D. Tex.) (filed 10/15/2020);
- *Cat & Dogma, LLC v. Target Corp.*, No. 19-CV-1002 (W.D. Tex.) (filed 10/15/2020); and
- *Goldsmith v. Alfavor Petroleum Corp.*, No. 20-CV-598 (W.D. Tex.) (filed 10/15/2020).