```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                        :
ARTHUR USHERSON,                                        :
                                                        :
                                Plaintiff,              :     19-CV-6368 (JMF)
                                                        :
        -v-                                             :
                                                        :     MEMORANDUM OPINION
BANDSHELL ARTIST MANAGEMENT,                            :         AND ORDER
                                                        :
                                Defendant.              :
                                                        :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On June 26, 2020, the Court issued a fifty-four-page Opinion and Order — familiarity with which is assumed — imposing a range of monetary and non-monetary sanctions on Plaintiff's counsel Richard Liebowitz and his firm, the Liebowitz Law Firm, PLLC ("LLF"). *See Usherson v. Bandshell Artist Mgmt.*, No. 19-CV-6368 (JMF), 2020 WL 3483661 (S.D.N.Y. June 26, 2020) (ECF No. 68) ("*Usherson I*"). To the extent relevant here, the Opinion and Order required Mr. Liebowitz and his firm (1) no later than July 27, 2020, to serve a copy of the Opinion and Order "on every one of the firm's current clients" and for Mr. Liebowitz to file a declaration attesting to such service on ECF; (2) no later than July 27, 2020, to file a copy of the Opinion and Order "on the docket of any currently pending case that was brought by Mr. Liebowitz or his firm" and for Mr. Liebowitz to file a declaration attesting to the same on ECF; and (3) to file a copy of the Opinion and Order on the docket in "any action that is filed within one year of the date of th[e] Opinion and Order." *Id.* at *22 (emphasis omitted).

On July 27, 2020, following the denial by this Court of Mr. Liebowitz's request for stay

1

of the Opinion and Order pending appeal, *see Usherson v. Bandshell Artist Mgmt.*, No. 19-CV-6368 (JMF), 2020 WL 4228754 (S.D.N.Y. July 22, 2020) (ECF No. 81), as well as the Second Circuit's denial of his request for an immediate stay, *see Usherson v. Bandshell Artist Mgmt.*, No. 20-2304, ECF No. 24 (2d Cir. July 27, 2020),[1] Mr. Liebowitz filed a declaration attesting that he had (1) "served by email a copy of the Order on every one of LLF's clients identified" in "an LLF internal email list — which [he] ha[d] reviewed for accuracy and to the best of [his] knowledge believe[d] to be complete"; and (2) "file[d] a copy of the Court's Order on the docket of all currently pending cases brought by [him] or LLF."  ECF No. 82 ¶¶ 2-3.  Mr. Liebowitz further attested that he identified "all currently pending cases brought by [him] or LLF" by "search[ing] on Pacer, in every federal judicial district around the country, for [his] name as counsel of record"; by "rel[ying] on [his] firm's internal records" for the "small number of cases filed by [LLF] in which [he is] not counsel of record"; and then "double-check[ing] these filings against [LLF's] internal case management system." *Id.* ¶ 3.

Notwithstanding these representations, on September 21 and 29, 2020, Mr. Liebowitz filed declarations with the Court identifying cases brought by him or his firm in which he had "neglected to file the Order," and only belatedly complied with its requirements.  ECF No. 83 ¶ 3; *see* ECF No. 84.  The Court also received communications from third parties concerning Mr. Liebowitz's compliance, or lack thereof, with the Court's Opinion and Order.  *See Usherson v. Bandshell Artist Mgmt.*, No. 19-CV-6368 (JMF), 2020 WL 5894490, at *1-4 (S.D.N.Y. Oct. 5, 2020) (ECF No. 85) ("*Usherson II*").  In light of these developments, the Court ordered Mr.

---

[1]  The Second Circuit subsequently also denied Mr. Liebowitz's request for stay pending appeal. *See Usherson v. Bandshell Artist Mgmt.*, No. 20-2304, ECF No. 47 (2d Cir. Aug. 21, 2020).

...

Liebowitz to file a sworn declaration that:

(1) explains how, notwithstanding the process described in his declaration of July 27, 2020, he overlooked the cases that he or his firm concededly brought described in his declarations of September 21, and 29, 2020, and describes what steps, if any, he has taken (and when), or what steps he will take, to identify any other such cases;

(2) describes with particularity how the "LLF internal email list" Mr. Liebowitz used to identify the clients to whom he provided the Opinion and Order was compiled, who is responsible for maintaining it, and how (and how often) it is updated; explains whether it is possible that there are any clients of Mr. Liebowitz or his firm that would not be on that list; and, if so, describes what steps, if any, he has taken (and when), or what steps he will take, to identify any such clients;

(3) responds to a letter addressed to the Court from a third party dated July 28, 2020, by:

   a. identifying whether there are any cases in which he or his firm is acting as counsel, in any way (i.e., directly or indirectly), but has not entered a formal notice of appearance and in which he has not, as of the date of this Order, either filed the Opinion and Order or shared the Opinion and Order with the client;

   b. if so, showing cause why that should not be treated as a violation of the Opinion and Order; and

   c. either way, showing cause why the Opinion and Order should not be modified to require its filing in *any* case where Mr. Liebowitz or his firm is involved as counsel, whether or not he or his firm has entered a formal notice of appearance.

*Id.* at *2.

On October 15, 2020, Mr. Liebowitz filed his declaration in accordance with the Court's Order. *See* ECF No. 86 ("Liebowitz Decl."). Astonishingly, Mr. Liebowitz identifies *113 cases* in which he was required (or was at least arguably required) to file the Opinion and Order but had nevertheless failed to do so. This list includes:

- twelve cases that Mr. Liebowitz says he missed "because [he] did not search the districts in which the cases are pending . . . or simply missed the case in the lists generated by Pacer following [his] original searches," *id.* ¶ 11;

- five cases that PACER listed as "closed" but that still had motions pending and for which Liebowitz "subsequently realized" he "should have filed the June 26 Order," *id.* ¶ 12;

3

- sixty-two cases "that were 'pending' as of the date of the June 26 Order but were not 'pending' as of July 27, 2020 because such cases had been settled, dismissed, or terminated in a default judgment between June 26, 2020 and July 27, 2020," *id.* ¶ 13;

- eighteen cases in which Mr. Liebowitz "believed that [he] was no longer counsel of record and therefore not required by the June 26 Order to file the Order," but for which he "subsequently recognized that filing was in fact required," *id.* ¶ 14;

- eleven cases "in which [Mr. Liebowitz] had not entered a formal appearance in the case, or lacked filing credentials," *id.* ¶ 15;

- five cases that are "connected to LLF because LLF has a retainer agreement with the client, and LLF likely discovered the infringement," but for which "(1) neither [Liebowitz] nor LLF initiated the case, (2) neither [Liebowitz] nor LLF entered a notice of appearance in the case, and (3) the case is being handled by a third-party lawyer," *id.* ¶¶ 19-20.[2]

There is a strong argument that further sanctions against Mr. Liebowitz are appropriate in light of these myriad failures to comply with the Court's June 26th Opinion and Order imposing sanctions. Had Mr. Liebowitz failed to file the Opinion and Order in a handful of cases, the failure to comply might have been understandable and excusable. But the failure to file it in 113 cases is astonishing and suggests contumaciousness, an egregiously disorganized case management system, or both. It is all the more astonishing in light of Mr. Liebowitz's record, set forth in painstaking detail in the Court's Opinion and Order, and his repeated representations to Judges — in this District and beyond — that he had taken steps to improve his case management practices. *See, e.g.*, *Mondragon v. Nosrak LLC*, No. 19-CV-1437 (CMA) (NRN), 2020 WL

---

[2] This list does not include cases that were identified in previous communications with the Court in which Mr. Liebowitz should have, but nevertheless failed to, file the Opinion and Order by July 27, 2020, to wit: (1) *Smith v. MCR Publishing, Inc.*, No. 2:20-CV-271 (WKW) (M.D. Ala.), *see* ECF No. 83; (2) *Stokes v. True Colors Bar, Inc.*, No. 1:19-CV-2696 (ENV) (E.D.N.Y.), *see* ECF No. 84; (3) *Wisser v. Morris Communications Co.*, No. 1:18-CV-150 (JRH) (BKE) (S.D. Ga.), *see Usherson II*, 2020 WL 5894490, at *2-3; and (4) *Matula v. Triple H Magazine, Inc.*, No. 5:20-CV-876 (N.D. Ohio), *see Usherson II*, 2020 WL 5894490, at *3 .

2395641, at *10 (D. Colo. May 11, 2020); ECF No. 66, at 80-82; Letter from Richard A. Greenberg to Hon. Cathy Seibel, *Berger v. Imagina Consulting, Inc.*, No. 7:18-CV-8956 (CS), ECF No. 61 (S.D.N.Y. Nov. 14, 2020).

That said, the ultimate purpose of sanctions is deterrence, *see Usherson I*, 2020 WL 3483661, at *19, and, as Mr. Liebowitz's extraordinary record of both sanctions and non-compliance with court orders demonstrates, it is far from clear that there is any additional sanction that would serve to deter him. Moreover, on November 30, 2020, this Court's Grievance Committee — noting Mr. Liebowitz's "repeated disregard for orders from this Court and his unwillingness to change despite 19 formal sanctions and scores of other admonishments and warnings from judges across the country" — entered an Amended Order immediately suspending Mr. Liebowitz "from the practice of law before this Court pending final adjudication of the charges against [him]." *In re Liebowitz*, No. M-2-238, at 1-2 (S.D.N.Y. Nov. 30, 2020).[3] Thus, for the time being, there will be nothing to deter when it comes to Mr. Liebowitz.

Accordingly, and in light of the Grievance Committee's Order of November 25, 2020, the Court, exercising its discretion, determines that additional sanctions are not appropriate at this time. That said, and for the avoidance of any doubt, the Court concludes that its currently applicable non-monetary sanctions should be modified to make unambiguous that they apply to any case in which Mr. Liebowitz or LLF is involved as counsel — even if Mr. Liebowitz or LLF is not counsel of record. Thus, the Court orders as follows:

(1) **In any Action Involving Mr. Liebowitz or LLF that is filed between the date of this Memorandum Opinion and Order and June 26, 2021,** Mr. Liebowitz or his

---

[3] A copy of the Amended Order (which amended an Order originally entered on November 25, 2020) is attached to this Memorandum Opinion and Order as Exhibit A.

5

firm shall file a copy of this Opinion and Order on the docket of the case **within two days of filing the complaint or otherwise initiating the case**;

(2) **In any Action Involving Mr. Liebowitz or LLF that is filed between the date of this Memorandum Opinion and Order and June 26, 2021,** that involves allegations or claims of copyright infringement, the complaint shall include as an attached exhibit a copy of the deposit files maintained by the U.S. Copyright Office reflecting prior registration of the relevant copyrighted work or works at issue;

(3) In the foregoing paragraphs, "any Action Involving Mr. Liebowitz or LLF" means (a) any action in which Mr. Liebowitz or LLF enter a notice of appearance or (b) any action in Mr. Liebowitz or LLF are involved as counsel, even if neither has filed a notice of appearance or otherwise appeared in the action.

Finally, the Court will send a copy of this Memorandum Opinion and Order to the Chair of the Court's Grievance Committee to take whatever action the Committee deems appropriate.

SO ORDERED.

Dated: November 30, 2020
New York, New York

JESSE M. FURMAN
United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                        :

In the Matter of                              :        M-2-238
                                                        :
Richard Liebowitz,                     :        **AMENDED ORDER**
                                                        :
              Respondent.          :
------------------------------------------------------X

       This matter comes before the Committee on Grievances for the Southern District of New York (the "Committee") to consider the imposition of discipline against respondent Richard Liebowitz ("Respondent") based upon charges brought against him by the Committee on August 5, 2020 (the "Charges"), to which Respondent responded on September 25, 2020. Given the current status of the investigation as confidential, both the Charges and the investigation underlying their imposition are referenced without detail in this Order.

       The full Committee (consisting of Chief Judge McMahon, Judges Castel, Daniels, Nathan, Stanton, Vyskocil, Magistrate Judges Aaron, Cott, and McCarthy, and the undersigned as Chair) has now reviewed Respondent's submission, as well as the record developed during the Committee's investigation. After careful deliberation, the Committee is unanimously of the view that the Charges are strongly supported by the record. What is more, the Committee is unanimously of the view that interim disciplinary measures against Respondent must be put in place immediately.

       The preliminary remedy of an interim suspension is available to the Committee in situations where it is appropriate to protect the public from future disciplinary violations of a respondent during the pendency of proceedings before this Committee. The record in this case — which includes Respondent's repeated disregard for orders from this Court and his unwillingness to change despite 19 formal sanctions and scores of

other admonishments and warnings from judges across the country — leads the Committee to the view that recurrence is highly likely. In short, in light of the nature and seriousness of the Charges, the strength of the record supporting those Charges, and the risk and danger of recurrence, the Committee concludes that an interim suspension of Respondent from the practice of law before this Court pending final adjudication of the charges against him is warranted. In the exercise of its discretion, the Committee will defer the final adjudication of the charges against Respondent currently pending before this Committee, as well as any other charges this Committee sees fit to bring against Respondent in the future as part of these disciplinary proceedings, until after Respondent has had an opportunity to present his defense to the Charges at an evidentiary hearing before a Magistrate Judge of this Court.

      Accordingly, for the reasons set forth above, Respondent is hereby suspended from practicing law in the Southern District of New York, effective the date hereof, pending the outcome of these proceedings and until further order of this Court. It is further ordered that Respondent is commanded to desist and refrain from the practice of law in the Southern District of New York in any form, either as principal or agent, clerk or employee of another; that Respondent is forbidden to appear as an attorney or counselor-at-law before any judge or Court in the Southern District of New York; that Respondent is forbidden to give another an opinion as to the law or its application or advice in relation thereto as to any matter in the Southern District of New York, all effective the date hereof, until such time as disciplinary matters pending before

the Committee have been concluded and until further order of this Court.

Dated: November 30, 2020
       New York, New York

SO ORDERED.

_____
Katherine Polk Failla
*Chair, Committee on Grievances of the United States District Court for the Southern District of New York*