MANDATE

Case 1:19-cv-06368-JMF   Document 92   Filed 07/16/21   Page 1 of 6

20-2304
*Liebowitz, et al. v. Bandshell Artist Management*

N.Y.S.D. Case #
19-cv-6368(JMF)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of June, two thousand twenty-one.

Present:
    DEBRA ANN LIVINGSTON,
        *Chief Judge*,
    RICHARD C. WESLEY,
    SUSAN L. CARNEY,
        *Circuit Judges*.

_____

RICHARD P. LIEBOWITZ, LIEBOWITZ LAW FIRM, PLLC,

        *Appellants*,

ARTHUR USHERSON,

        *Plaintiff*,

    v.        20-2304

BANDSHELL ARTIST MANAGEMENT,

        *Defendant-Appellee*.[1]

_____

[1] The Clerk of the Court is directed to amend the caption as set forth above.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jul 16 2021

| | |
|---|---|
| For Appellants: | BRIAN A. JACOBS (Robert J. Anello, Kevin Grossinger, A. Dennis Dillon, *on the brief*), Morvillo Abramowitz Grand Iason & Anello P.C., New York, NY. |
| For Defendants-Appellees: | BRAD R. NEWBERG, McGuire Woods LLP, Tysons Corner, VA. |

Appeal from the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED in part**.

Richard P. Liebowitz and his law firm, the Liebowitz Law Firm, PLLC, appeal the district court's order imposing sanctions under Federal Rule of Civil Procedure 16, 28 U.S.C. § 1927, and the court's inherent authority. Liebowitz, representing plaintiff Arthur Usherson, sued Bandshell Artist Management ("Bandshell") alleging that Bandshell infringed on Usherson's copyright for a photograph. The district court ordered Liebowitz and his firm to pay to the court $83,517.49 in attorney's fees and costs and $20,000 for falsely alleging in the complaint that the photograph was registered with the U.S. Copyright Office, failing to reasonably investigate the issue, and continuing to maintain the lawsuit after being put on notice of this registration issue. In addition, the court imposed non-monetary sanctions requiring Liebowitz to serve a copy of the court's opinion on Usherson and all other clients of his firm, to file a copy of the opinion on the docket of any pending case and new case brought by Liebowitz or any attorney at his

2

firm within one year from the date of the opinion, and to include with any complaint in a copyright infringement case brought by Liebowitz or any attorney at his firm a copy of the deposit files maintained by the U.S. Copyright Office as proof of the registration of the relevant copyright work. We assume the parties' familiarity with the underlying facts, procedural history, and the issues for review.

We will decide Liebowitz's challenge to the district court's monetary sanctions in a separate forthcoming opinion. In this summary order, we focus on the court's non-monetary sanctions. "We review a district court's imposition of sanctions for abuse of discretion"; however, because the district court is the "'accuser, fact finder and sentencing judge' all in one" when imposing sanctions, "our review is 'more exacting than under the ordinary abuse-of-discretion standard.'" *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 113 (2d Cir. 2009) (citation omitted). A district court abuses its discretion if its sanctions are based on "an erroneous view of the law or on a clearly erroneous assessment of the evidence," and where its sanctions "cannot be located within the range of permissible decisions." *Id.* (citations omitted).

Appellants' arguments that the district court abused its discretion in imposing the non-monetary sanctions are unavailing. First, the court's findings that Liebowitz lied and acted in bad faith when he represented to the court that the mediator gave Usherson permission to attend the mediation by phone and when he alleged in the complaint that the photograph was registered were not clearly erroneous. The evidence in the record—

3

for example, the mediator's testimony and the email exchange between the mediator and Bandshell's counsel the night before the mediation—supports both conclusions. *United States v. Iodice*, 525 F.3d 179, 185 (2d Cir. 2008) ("When . . . credibility determinations are at issue, we give particularly strong deference to a district court finding."). Liebowitz's conduct was also not "colorable" as required to contest the court's bad-faith finding. *See Wolters Kluwer Fin. Servs., Inc.*, 564 F.3d at 114. There exists no "legal or factual basis" to excuse Liebowitz of his duty to reasonably investigate the claims in his complaint. *Id.*

Second, Appellants' arguments that the non-monetary sanctions are overbroad because of their nationwide scope fail to persuade. Appellants rely on our decision in *Enmon v. Prospect Cap. Corp.*, 675 F.3d 138 (2d Cir. 2012), where the law firm made several misrepresentations and the district court only required the firm to file a copy of its sanctions order with future *pro hac vice* applications in the Southern District of New York. *See id.* at 148. However, unlike the law firm's misconduct in *Enmon*, Liebowitz's misconduct in this case—including violating multiple court orders, repeatedly lying to the court, and filing a complaint with a false allegation—justify the nationwide scope of the court's sanctions. Moreover, Liebowitz's pattern of misconduct before many judges of the Southern District of New York and across the country, described at length in the district court's opinion, squarely defeats Appellants' suggestions to the contrary. *See, e.g.*, *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984) (affirming "restrictions placed upon [attorney's] bringing of new actions in *all* federal district courts" (emphasis added)).

4

*See generally Usherson v. Bandshell Artist Mgmt.*, No. 19-CV-6368 (JMF), 2020 WL 3483661 (S.D.N.Y. June 26, 2020).

Finally, the district court did not abuse its discretion by ordering Liebowitz and his firm to include a copy of the deposit files with each copyright infringement complaint they file for a year. Requiring Appellants to include a copy of the deposit files does not impermissibly shift the burden of proof. Although the party challenging the validity of a copyright registration bears the burden of proof, that burden attaches only for presumptively valid copyrights; plaintiffs bear the burden of establishing that presumption. *See Urbont v. Sony Music Ent.*, 831 F.3d 80, 88–89 (2d Cir. 2016); *see also Carol Barnhart Inc. v. Econ. Cover Corp.*, 773 F.2d 411, 414 (2d Cir. 1985). Courts cannot rely on the face of the complaint to establish this presumption in the cases Appellants bring, given that Liebowitz's associate "admitted that it is the regular practice of [their firm] to file copyright infringement cases without verifying that the works in question are properly registered."[2] Special App. 19–20; *see also* Joint App. 483.

We have considered Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM in part** the June 26, 2020 order of the district court as to the non-monetary sanctions. We explain more fully our reasoning for

---

[2] Appellants' argument that the sanction would impose a substantial burden because deposit files are expensive to obtain is unpersuasive. As the district court noted, Liebowitz often settles cases "'in the low thousands or tens of thousands of dollars' . . . a far cry from the $200 to $1,200 cost of obtaining a deposit copy." Special App. 72–73 n.7 (citation omitted).

5

1   affirming these sanctions as well as our decision regarding the monetary sanctions in a
2   forthcoming opinion to be issued separately.
3
4                               FOR THE COURT:
5                               Catherine O'Hagan Wolfe, Clerk
6
7

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

6